**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA | : |
| v. | : Crim. No. 3:92CR68 |
| JAMES H. ROANE, JR. | : |

## **MOTION TO HOLD MATTER IN ABEYANCE**

On July 22, 2020, Mr. Roane filed in this Court a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (Motion). Mr. Roane respectfully moves this Court to place his Motion in abeyance pending the disposition of his Application to File Second or Successive Motion Pursuant to 28 U.S.C. § 2255(h) (Application), which was filed in the Fourth Circuit on May 22, 2020, and remains pending before that Court.[1]

Mr. Roane's Application seeks leave to move in this Court for vacatur of his § 924(c) convictions based on the new rule of law announced by the Supreme Court's 2019 decision in *United States v. Davis*. In *Davis*, the Supreme Court held that the residual clause of § 924(c)(3) is unconstitutionally vague, 139 S. Ct. 2319, 2336 (2019), rendering Mr. Roane's § 924(c)(3) convictions void. The § 924(c)(3) convictions were considered as part of the sentencing package at the time Mr. Roane was sentenced on his convictions under Counts 5, 8, 11, and 32—offenses that are covered by the First Step Act and are the subject of his Motion. Thus, the disposition of

---

[1] On July 15, 2020, the Fourth Circuit ordered the case placed in abeyance pending the Court's decision in *United States v. Taylor*, No. 19-7616.

1

Mr. Roane's Application impacts this Court's consideration of resentencing on his First-Step-Act-covered offenses. *See, e.g.*, *Johnson v. Mississippi*, 486 U.S. 578, 586 (1988) (use of invalid conviction in capital sentencing determination was prejudicial and required reversal of death sentence due to possibility that the prior felony "would be decisive in the choice between a life sentence and a death sentence").

Section 404 of the First Step Act provides a defendant only one opportunity to have a motion for reduced sentence brought under that Section considered on the merits. Pub. L. No. 115-391, § 404(c) (2018) ("No court shall entertain a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits."). Thus, it is imperative that this Court have before it all information pertinent to the resentencing determination before making a determination on the merits. Mr. Roane therefore asks that this Court hold his Motion in abeyance pending the Fourth Circuit's disposition of his Application.

**WHEREFORE**, Mr. Roane, through undersigned counsel, respectfully moves this Court to hold his Motion in abeyance pending resolution of his Application.

<div style="margin-left:50%">

Respectfully Submitted,

/s/ Matthew Engle
Matthew Engle
Bernadette Donovan
Donovan & Engle
1134 East High St. Unit A
Charlottesville, VA 22902
(800) 428-5214
engle.matthew@gmail.com
bernadettemarydonovan@gmail.com

</div>

Counsel for James H. Roane, Jr.

Dated: July 22, 2020

**CERTIFICATE OF SERVICE**

I, Matthew Engle, hereby certify that on this 22nd day of July 2020, I submitted the

foregoing Motion for filing with service to:

Richard D. Cooke
United States Attorney for the Eastern District of Virginia
919 E. Main St.
Suite 1900
Richmond, VA  23219


/s/ Matthew Engle
Matthew Engle