AO 245 S  Rev  a 90  Sheet 1  Judgment in a Cr    Case

# United States District Court

____EASTERN____ District of ____VIRGINIA____

CLERK, U.S. DISTRICT ...
RICHMOND, VA

UNITED STATES OF AMERICA

V.

**RICHARD TIPTON**
**a/k/a Whittey**

(Name of Defendant)

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: **3:92CR68-01**

**Eric D. White, Esquire**
**Robert P. Geary, Esquire**

Defendant's Attorney

THE DEFENDANT:

☐ pleaded guilty to count(s) _____.
☒ was found guilty on count(s) __1,2,3,4,17,18,19,20,21,22,23,24,25,26,27,28,29,30,32,33__ after a
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 846 | Conspiracy | 03/16/92 | 1 |
| 21 U.S.C. 848 | Continuing Criminal Enterprise | 03/16/92 | 2 |
| 21 U.S.C. 848(e)(1)(A) and 18 U.S.C. 2 | Murder in furtherance of CCE; aid and abet | 02/19/92 | 3,17,18,19,24,25 |
| 18 U.S.C. 1959 & 2 | Violent crimes in aid of racketeering; aid & abet | 02/19/92 | 4, 21-23, 27-30 |
| 18 U.S.C. 924(c) & 2 | Use of firearm in crime of violence or drug trafficking crime; aid and abet | 02/19/92 | 20,26 |
| 21 U.S.C. 841(a)(1) and 18 U.S.C. 2 | Possession with intent to distribute crack cocaine; aid and abet | 02/02/92 | 32, 33 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is
imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) __5, 6, 7, 14, 15, and 16__,
and is discharged as to such count(s).
☒ Count(s) __11, 12, and 13__ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ **950.00** XXXXXXXXXXXXXXXXXXXXXX. for count(s)
**listed above, with the exception of Ct. I.** which shall be due _ immediately _ as follows.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within
30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special
assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __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__

Defendant's Date of Birth: __05/13/70__

Defendant's Mailing Address:

**513 W. 179th Street**

**New York, New York 10033**

Defendant's Residence Address:
**Incarcerated**

**June 1, 1993**

Date of Imposition of Sentence

_(signature)_

Signature of Judicial Officer

**James R. Spencer, United States District Judge**

Name & Title of Judicial Officer

**June 1, 1993**

Date

542

00287

AO 245 S (Rev 4/90) Sheet 2 - Imprisonment

Defendant:   **RICHARD TIPTON**
Case Number:  **3:92CR68-0l**

Judgment — Page __2__ of __4__

## IMPRISONMENT

XXXThe~~defendant~~is~~hereby~~committed~~to~~the~~custody~~of~~the~~United~~States~~Bureau~~of~~Prisons~~to~~be~~imprisoned~~for~~a~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

The Court imposes a sentence of DEATH as to each of Counts 3, 24, and 25.

The Court imposes a sentence of LIFE as to each of Counts 17, 18, and 19.

In addition, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of LIFE plus TWENTY-FIVE (25) YEARS, consisting of the following sentence:
Count 2 - LIFE
Counts 4, 21, 22, 23, 27, 28 - LIFE as to each count, to run concurrently with any other sentence imposed.
Counts 29 and 30 - THIRTY (30) YEARS on each count, to run concurrently with any other sentence imposed.
Count 33 - TWENTY (20) YEARS, to run concurrently with any other sentence imposed.
Count 32 - FORTY (40) YEARS, to run concurrently with any other sentence imposed.
Count 20 - FIVE (5) YEARS, to run consecutively to any other sentence imposed.
Count 26 - TWENTY (20) YEARS, to run consecutively to any other sentence imposed.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district.
  ☐ at _____ a.m.
        p.m. on _____.
  ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States marshal.
  ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____    00288

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
               Deputy Marshal

00288

AC 245 5  Rev  4 90  Sheet 3  Supervised Release

Defendant:    **RICHARD TIPTON**                           Judgment—Page **3** of **4**
Case Number:  **3:92CR68-01**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

**FIVE (5) YEARS on the Indictment.**

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

☐ The defendant shall not possess a firearm or destructive device.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

00289

AO 245 S  Rev. 4 90  Sheet 7  Statement of Reasons

Defendant:    **RICHARD TIPTON**                    Judgment—Page __4__ of __4__
Case Number: **3:92CR68-01**

## STATEMENT OF REASONS

**X** The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: _____**43**_____

Criminal History Category: ___**I**___

Imprisonment Range: _____ to **LIFE** months

Supervised Release Range: ____ to __**5**__ years

Fine Range: $ **25,000** _____ to $ **5,000,000** ____

     **X** Fine is waived ~~within the guideline range~~ because of the defendant's inability to pay.

Restitution: $ **not recommended per 18 U.S.C. 3663(d)** ____

     ☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

**X** The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):
**The Court imposed the sentence as recommended by the jury as to Counts 3,24,25 and Counts 17,18,19. As to the additional counts on which a sentence of life imprisonment was imposed, deterrence is guaranteed; punishment will be a by-product of the sentence imposed.**

OR

The sentence departs from the guideline range

     ☐ upon motion of the government, as a result of defendant's substantial assistance.

     ☐ for the following reason(s):

00290

•U.S.GPO 1990 ...