**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Case No. 92CR68 |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| RICHARD TIPTON, III. | ) | |

## MOTION TO RECONSIDER DENIAL OF ADMISSION PRO HAC VICE TO JEFFREY L. ERTEL

Defendant Richard Tipton, III, by and through undersigned counsel, respectfully moves this Court to reconsider its denial of admission pro hac vice to Jeffrey L. Ertel. Undersigned counsel submit that Mr. Ertel's prior reprimand by the Southern District of Georgia for an unintended violation of its local rule is not grounds for disqualifying a distinguished criminal trial and post-conviction attorney who has served as Mr. Tipton's counsel for many years, and who has specific expertise in the legal issues now before this Court. In support of this motion, counsel show as follows:

### A. Introduction

On July 31, 2020, Mr. Tipton filed a motion pursuant to Section 404 of the First Step Act of 2018 asking this Court to reduce his sentences for the interrelated offenses charged in Counts 3, 24, 25, 32, and 33 in the above-captioned case, as the statutory penalty for each has been modified by the Fair Sentencing Act. (D.24.) On August 4, undersigned counsel moved for the admission pro hac vice of Mr. Ertel

and his colleague, Gerald King. (D.25, 26.)   In his personal statement, Mr. Ertel noted that he "was given a written reprimand in *USA v. Meier Jason Brown*, 4:03-CR-1, for impermissibly contacting jurors in a capital post-conviction proceeding, in violation of the Local Rules." (D.26 at 2.)  This Court admitted Mr. King (D.30) but denied Mr. Ertel admission "due to prior reprimand." (D.29.)

Undersigned counsel respectfully ask this Court to reconsider that denial in light of the full circumstances surrounding his reprimand, which they have detailed below.  The Court that reprimanded Mr. Ertel concluded that he did not violate its local rule knowingly or willfully; rather, he made a mistake while trying to investigate a recognized area of constitutional error—one that he had an affirmative duty to pursue—and both took responsibility and expressed contrition.  That Court also repeatedly recognized Mr. Ertel as "one of Georgia's finest lawyers,"[1] describing his work in that same case as "both masterful and unflinching,"[2] and declined to allow him to withdraw because of his mistake, concluding that it was not "grounds for disqualification."[3]  Undersigned counsel believe that this Court, upon reconsideration, will agree.

---

[1]See Order of 09/29/2008 (Doc. 74) at 24, *Brown v. U.S.A.*, Case Nos. 4:07-CV-00085, 4:03-CR-001 (S.D. Ga.) (hereinafter "*Brown*") (attached as Exhibit 4); and Order of 11/04/2008 (Doc. 83) at 4, n.4, *Brown* (attached as Exhibit 6).

[2] Order of 02/09/2009 (Doc. 91) at 4, *Brown* (attached as Exhibit 7).

[3]Order of 09/15/2008 (Doc. 72) at 2, *Brown* (attached as Exhibit 3).

## B. Mr. Ertel's Legal Experience

For more than fourteen years, Mr. Ertel has served as the Senior Litigation Attorney for the Federal Defender Program in Atlanta, Georgia.  CV of Jeffrey l. Ertel (attached as Exhibit 1) at 1.  Over his twenty-seven-year career, Mr. Ertel has achieved preeminence as both a trial attorney and post-conviction specialist.  He has tried more than thirty-five cases in federal court, from D.U.I. to murder.  He served as lead counsel in five federal capital trial cases and persuaded the Department of Justice not to seek death in each.  He has also served as co-counsel in numerous capital trials in Georgia, all of which resulted in life sentences.  In post-conviction, he has represented numerous death-sentenced prisoners in state and federal habeas proceedings, twice obtaining remands from the Supreme Court of the United States. *Jefferson v. Upton*, 560 U.S. 284 (2010); *Wellons v. Hall*, 558 U.S. 220 (2010).  Mr. Ertel graduated with honors in Criminal Justice from the State University College of New York at Buffalo; prior to graduating magna cum laude from its law school, he served for ten years as a Deputy Sheriff for Erie County, attaining the rank of sergeant. He has extensive experience in consulting and training his fellow attorneys and, simply put, is one of the country's foremost experts in capital trials and habeas.

## C. Mr. Ertel's Representation in *U.S.A. v. Brown*

In or around May 2007, Mr. Ertel accepted an urgent request from the National Habeas Resource Council to serve as counsel for Meier Jason Brown, a

3

federal death-sentenced prisoner, in Section 2255 proceedings in the United States District Court for the Southern District of Georgia. Deposition of Jeffrey L. Ertel, (attached as Exhibit 2) at 12. As Mr. Brown's conviction had become final when the Supreme Court denied certiorari on January 22, 2007, the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("the AEDPA") obliged Mr. Ertel to file his petition by January 22, 2008.[4]

In preparing that petition, Mr. Ertel sought to interview the jurors who had convicted Mr. Brown and sentenced him to death. Such interviews are necessary to explore the possibility of jury misconduct—a specific non-record area of potential constitutional error that, per the ABA Guidelines, post-conviction counsel has a duty to investigate.[5] Mr. Ertel had interviewed jurors as a matter of course before filing Section 2254 petitions on behalf of prisoners under state sentence of death in Georgia, as no state rule prohibits such contacts. Ex. 2 at 27. From his federal trial experience, however, Mr. Ertel knew that the Northern District of Georgia had recently adopted a local criminal rule, Rule 47.3, that prohibited contacting jurors in

---

[4] *Brown v. United States*, 127 S.Ct. 1149 (2007).

[5] See ABA Guideline 10.15.1, "Duties of Post-Conviction Counsel," Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, and Commentary to Guideline 10.15.1, p. 1085-1086. The Supreme Court of the United States has repeatedly relied upon the ABA Guidelines as a guide in judging whether counsel has provided competent representation in capital cases. See *Wiggins v. Smith*, 539 U.S. 510, 522-525 (2003); *Williams v. Taylor*, 529 U.S. 362, 369 (2000); *Florida v. Nixon*, 543 U.S. 175, 191 & fn. 6 (2004); *Rompilla v. Beard*, 545 U.S. 374, 387 & fn. 7 (2005).

federal trials without first obtaining the permission of the Court. *Id.* at 15. Mr. Ertel reviewed the Southern District's local criminal rules in their entirety, looking specifically for an equivalent provision to the Northern District's Rule 47.3. *Id.* at 15, 18. Finding none, he also reviewed Rule 47 of the local civil rules, which also contained no such prohibition. *Id.* at 15. He also "skimmed" and reviewed the table of contents for the local civil rules but saw nothing alerting him to any such prohibition. *Id.* at 15, 18.

In his review, Mr. Ertel did not realize that Rule 83.8 of the Southern District's local civil rules--entitled "Local Rules for Civil Cases and the Administration of the Court"—prohibited communications with jurors "without Court approval." S.D.GA.Loc.R. 83.8.

In or around January of 2008, Mr. Ertel coordinated and conducted interviews of all of the jurors who had served on Mr. Brown's trial. Ex. 2 at 10. Mr. Ertel instructed those conducting the interviews "to make sure that the jurors knew that we were representing Meier Brown, that they were working for me, and that if they asked if they had to talk to us, we were to tell them no, they didn't have to talk to us. If they didn't want to talk to us, we told them to tell them 'Thank you for your time" and then go on your way." Ex. 2 at 6. The foreperson for Mr. Brown's jury voluntarily met with Mr. Ertel's team and subsequently provided an affidavit that

Mr. Ertel submitted with Mr. Brown's Section 2255 petition, which he filed on January 22, 2008. *Brown*, Doc. No. 8.

On February 4, 2008, the judge presiding over Mr. Brown's habeas proceedings entered an order noting the foreperson's affidavit and questioning whether Mr. Ertel had "knowingly and willfully violated" Rule 83.8. *Brown*, Doc. 20 at 1. The Court then referred the matter to the U.S. Attorney to assess whether Mr. Ertel should be prosecuted for contempt. *Id.* at 2. Mr. Ertel voluntarily submitted to a deposition conducted by the U.S. Attorney; he described his review of the local criminal and civil rules, as detailed *supra*, and explained that he "just didn't see the rule." Ex. 2 at 14-18. He apologized to the Court and expressed his desire "to make this right the best way [he] can." Ex. 2 at 48.

The Court subsequently ordered a show cause hearing, *Brown*, Doc. 62, and Mr. Ertel moved to withdraw or for the Court to hold the proceedings "in abeyance until the contempt issue is resolved." *Brown*, Doc. 68 at 3, n.1. The Court denied that motion, holding, *inter alia*, that there was no conflict posed by Mr. Ertel arguing "that (a) he was entitled *if not obligated* to sift for due process failings; and (b) it was *the norm* for him to contact jurors in the postconviction phase of this case...(it is something he has routinely done in state death penalty cases." Ex. 3 at 2 (emphases added). The Court similarly found that there would be no conflict were Mr. Ertel to "contend, for example, that [he] was merely negligent (as opposed to

6

contemptuously willful or reckless) in reading this Court's local rules," noting that "many a lawyer overlooks something while representing clients before this Court; that has never sufficed as grounds for disqualification." *Id.*

Through counsel, Mr. Ertel subsequently submitted a pre-hearing memorandum acknowledging, as he had in his deposition, that "he did not review the local rules – all of the local rules – with sufficient care." *Brown*, Doc. 73 at 5. His counsel submitted arguments and affidavit testimony on several points: the importance of investigating juror misconduct, as evidenced by the ABA guidelines and many cases in which such misconduct had resulted in reversal, *id.* at 3-7; the relative rarity of such a prohibition on juror conduct, demonstrating that it is not a *malum in se* offense, *id.* at 7-12; and that Mr. Ertel had not knowingly violated the rule, as evidenced by his submitting the affidavit that "documented his contact with a juror," *id.* at 12-17. Many of Mr. Ertel's colleagues in Georgia's criminal defense community—and even a former adversary—submitted affidavits attesting to his good character. *Brown*, Doc. No. 73-9 (Exhibit H, "Numerous Affidavits.")

After reviewing these materials, the Court subsequently canceled the show cause hearing and, with the consent of the parties, entered an order finding that Mr. Ertel was "negligent in consulting this Court's Local Rules" but "was forthright and contrite in admitting" responsibility. Order of 09/30/2008, *Brown* (attached as Exhibit 5) at 1. The Court "publicly reprimanded" Mr. Ertel, directed him to draft a

7

letter of apology to each juror contacted, and ordered him to pay $2,500 in cost and fees. *Id.* In other orders, the Court praised Mr. Ertel's representation of Mr. Brown, noting that he is "one of Georgia's finest lawyers" and "one of the top lawyers in the state," Ex. 4 at 24—a finding it reiterated in a subsequent order, *Brown*, Doc. 83 at 4, n.4 ("The Court does reaffirm, however, that current counsel (J. L. Ertel) is 'one of the top lawyers in the State'" (quoting *Brown*, Doc. No. 74 at 24). The Court ultimately concluded that Mr. Ertel's work was "masterful and unflinching," Ex. 7 at 4, and that he had "commendably litigated Brown's case," *id.* at n. 3.

### D. Mr. Ertel's Reprimand is Not Disqualifying

Undersigned counsel respectfully submit that this reprimand should not deprive Mr. Tipton of Mr. Ertel's counsel in this proceeding. In attempting to provide his client with the zealous representation that the Constitution demands, and to investigate an established and critical area of constitutional error, Mr. Ertel made a mistake. He acted neither maliciously nor covertly; he took responsibility for his mistake and has paid dearly for it. The Court that reprimanded Mr. Ertel both repeatedly acknowledged his excellence as an attorney and refused to allow his withdrawal on the ground that his "overlook[ing] something" should not serve as "grounds for disqualification" in that proceeding. *Brown*, Doc. 72 at 2. This reprimand has not prevented Mr. Ertel's subsequent admissions pro hac vice in the

8

Southern District of Georgia and the Eastern District of Kentucky. Nor should it here.

Denying Mr. Ertel pro hac vice admission will profoundly impair Mr. Tipton's prosecution of this action. Mr. Ertel has represented Mr. Tipton since 2008. He is an integral part of Mr. Tipton's defense team and has his full confidence. Further, Mr. Ertel's federal trial practice has given him a fluency with the sentencing guidelines and statutes underlying this action that undersigned counsel cannot replicate.

Each of the undersigned counsel further note that they have known Mr. Ertel for many years. He and Mr. King have worked together for well over a decade. They have the utmost confidence in his integrity and ability; he is a credit to the profession whose admission in these proceedings could only contribute to the cause of justice. They accordingly request that this Court reconsider its denial and admit Mr. Ertel pro hac vice in this proceeding.

Respectfully submitted on this, the 13th day of August, 2020.

RICHARD TIPTON, III

By  /s/   *Frederick R. Gerson*
Frederick R. Gerson (VSB No. 39968)
Durrette Arkema Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
804-775-6900
(fax) 804-775-6911
fgerson@dagglaw.com

By  /s/   *Gerald W. King, Jr.*
Gerald W. King, Jr. (Ga. Bar No. 140981)
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia  30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org

By  /s/   *Stephen Northup*
Stephen Northup (VSB No. 16547)
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia  23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

*Counsel for Richard Tipton, III*

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically e-mail notification of such filing to all counsel of record.

To the best of my knowledge, there are no other attorneys or parties who require service by U.S. Mail.

/s/  *Frederick R. Gerson*

Frederick R. Gerson, Esquire (VSB No. 39968)
DURRETTE, ARKEMA, GERSON & GILL PC
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Tel:   (804) 775-6900
Fax:   (804) 775-6911
fgerson@dagglaw.com