**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **COREY JOHNSON,** | : | |
| | : | |
| **Movant,** | : | **Case No. 3:92CR68** |
| | : | **CAPITAL CASE** |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent**. | : | |

**MOTION FOR A RECONSIDERATION OF SENTENCE HEARING**
**PURSUANT TO THE FIRST STEP ACT OF 2018**

The Defendant, Corey Johnson, by his attorneys, hereby moves for a reconsideration of sentence hearing pursuant to the First Step Act of 2018 in the above-captioned case. In support of his Motion and as set forth more fully in the accompanying Memorandum in Support of Motion for a Reconsideration of Sentence Hearing Pursuant to the First Step Act of 2018 (hereinafter, "Memorandum"), he submits the following information:

1.      On February 3, 1993, Mr. Johnson was convicted after a jury trial that was held before the Honorable James R. Spencer (Ret.) of the following offenses that are eligible as covered offenses under the First Step Act: engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) (Count 2); murder in furtherance of a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1)(A) (Counts 8, 11, 17-19, 24, and 25); and

distribution of crack cocaine base ("crack cocaine") and possession with intent to distribute in violation of § 841(a)(1) (Counts 31 and 32).[1]

2.      The First Step Act, enacted on December 21, 2018, authorizes a reduced sentence for certain convictions that would have had lower statutory penalties had the Fair Sentencing Act, a 2010 law, applied at the time of the original sentencing.  First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.  Mr. Johnson is eligible for a sentence reconsideration because ten of his 1993 convictions are drug-related crimes deemed "covered offenses" by the First Step Act.

3.      Seven of Mr. Johnson's convictions that meet the eligibility requirements of the First Step Act resulted in sentences of death (Counts 8, 11, 17-19, 24, and 25).  Accordingly, by law, reconsideration of those convictions must be conducted by a jury.  *See* 18 U.S.C. § 3593(b)(2)(D); 21 U.S.C. § 848(g), (i)(1)(B)(iv) (1988) (repealed 2006); *see also Hurst v. Florida,* 136 S. Ct. 616, 624 (2016); *United States. v. Stitt*, 552 F.3d 345, 354-55 (4th Cir. 2008). Accordingly, Mr. Johnson submits that the Court must order a capital resentencing hearing before a jury.  At that hearing, the jury would receive evidence in order to reconsider the appropriate sentence, specifically whether Mr. Johnson should receive a sentence of death or a reduced sentence of life imprisonment on the capital offenses.

---

[1]   Mr. Johnson was also convicted of killing and maiming in aid of racketeering under 18 U.S.C. § 1959 (Counts 10, 13, 14, 16, 21-23, and 27-30); and use of a firearm during and in relation to any crime of violence or drug trafficking crime under 21 U.S.C. § 924(c) (Counts 9, 12, 15, 20, and 26).  Mr. Johnson was also convicted of violating 21 U.S.C. § 846 for having possessed with intent to distribute, and for having distributed, 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a) (Count 1).  His sentence for this Count was later vacated by the Fourth Circuit on direct appeal.

4.      Mr. Johnson submits that, after conducting a capital resentencing hearing and after the jury renders its verdict on the capital offenses, the Court should consider whether to reduce his sentences on his non-capital convictions.

Accordingly, Mr. Johnson respectfully requests, as set forth more fully in the accompanying Memorandum, that:

a.  the Court find that Mr. Johnson was convicted of "covered offenses" that merit reconsideration of his sentences;

b.  the Court vacate the sentences of death imposed for Counts 8, 11, 17-19, 24, and 25, and grant Mr. Johnson a capital resentencing hearing before a jury on those counts;

c.  after the jury returns a resentencing verdict at a capital resentencing hearing, this Court should consider all the evidence presented therein and determine whether the imposition of reduced sentences on the Counts 2, 8, 11, 17-19, 24, 25, 31, and 32 pursuant to § 404 of the First Step Act is appropriate; and

d.  this Court grant any other further relief necessary to effectuate this Court's judgment.

Dated: August 19, 2020                    Respectfully submitted,


                                          /s/ David E. Carney
                                          David E. Carney, VA Bar #: 43914
                                          Donald P. Salzman*
                                          Lotus D. Ryan**
                                          Skadden, Arps, Slate, Meagher & Flom, LLP
                                          1440 New York Avenue, NW
                                          Washington, DC 20005
                                          Telephone: (202) 371-7246
                                          Fax: (202) 661-8295
                                          Email: david.carney@skadden.com

                                          Alexander C. Drylewski*
                                          Judith A. Flumenbaum*
                                          Skadden, Arps, Slate, Meagher & Flom, LLP
                                          One Manhattan West
                                          New York, NY 10001
                                          Telephone: (212) 735-3000

                                          *Pending Application to Qualify as a Foreign
                                          Attorney Under Local Criminal Rule 57.4.

                                          **Forthcoming Application for Full Admission

                                          *Counsel for Corey Johnson*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of August 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to all parties and counsel included on the Court's Electronic Mail notice list.

/s/ David E. Carney
David E. Carney, VA Bar #: 43914
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Ph: (202) 371-7246
Fax: (202) 661-8295
Email: david.carney@skadden.com