# EXHIBIT 2

**(d) Penalty for providing or distributing controlled substance to underage person**

Any person who violates subsection (a)(1) or (2) of this section [4]

(1) by knowingly providing or distributing a controlled substance or a controlled substance analogue to any person under eighteen years of age; or

(2) if the person employed, hired, or used is fourteen years of age or younger,

shall be subject to a term of imprisonment for not more than five years or a fine of not more than $50,000, or both, in addition to any other punishment authorized by this section.

**(e) Suspension of sentence; probation; parole**

In any case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended and probation shall not be granted. An individual convicted under this section of an offense for which a mandatory minimum term of imprisonment is applicable shall not be eligible for parole under section 4202 of title 18 [5] until the individual has served the mandatory term of imprisonment as enhanced by this section.

**(f) Distribution of controlled substance to pregnant individual**

Except as authorized by this subchapter, it shall be unlawful for any person to knowingly or intentionally provide or distribute any controlled substance to a pregnant individual in violation of any provision of this subchapter. Any person who violates this subsection shall be subject to the provisions of subsections (b), (c), and (e) of this section.

(Pub. L. 91–513, title II, § 405B, as added Pub. L. 99–570, title I, § 1102, Oct. 27, 1986, 100 Stat. 3207–10, and amended Pub. L. 100–690, title VI, §§ 6452(b)(1), 6459, 6470(d), Nov. 18, 1988, 102 Stat. 4371, 4373, 4378.)

REFERENCES IN TEXT

Section 4202 of title 18, referred to in subsec. (e), which, as originally enacted in Title 18, Crimes and Criminal Procedure, related to eligibility of prisoners for parole, was repealed and a new section 4202 enacted as part of the repeal and enactment of a new chapter 311 (§ 4201 et seq.) of Title 18, by Pub. L. 94–233, § 2, Mar. 15, 1976, 90 Stat. 219. For provisions relating to the eligibility of prisoners for parole, see section 4205 of Title 18. Pub. L. 98–473, title II, §§ 218(a)(5), 235(a)(1), (b)(1), Oct. 12, 1984, 98 Stat. 2027, 2031, 2032, as amended, provided that, effective on the first day of the first calendar month beginning 36 months after Oct. 12, 1984 (Nov. 1, 1987), chapter 311 of Title 18 is repealed, subject to remaining effective for five years after Nov. 1, 1987, in certain circumstances. See Effective Date note set out under section 3551 of Title 18.

AMENDMENTS

1988—Subsec. (a)(3). Pub. L. 100–690, § 6459, added par. (3).

Subsec. (c). Pub. L. 100–690, § 6452(b)(1), struck out "or convictions" after "a prior conviction" and inserted at end "Penalties for third and subsequent convictions shall be governed by section 841(b)(1)(A) of this title."

---

[4] So in original. Probably should be followed by a dash.

[5] See References in Text note below.

Subsec. (e). Pub. L. 100–690, § 6470(d), struck out "required by section 841(b) of this title" after "mandatory term of imprisonment".

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in section 841 of this title.

**§ 846. Attempt and conspiracy**

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

(Pub. L. 91–513, title II, § 406, Oct. 27, 1970, 84 Stat. 1265; Pub. L. 100–690, title VI, § 6470(a), Nov. 18, 1988, 102 Stat. 4377.)

AMENDMENTS

1988—Pub. L. 100–690 substituted "shall be subject te the same penalties as those prescribed for the offense" for "is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense".

**§ 847. Additional penalties**

Any penalty imposed for violation of this subchapter shall be in addition to, and not in lieu of, any civil or administrative penalty or sanction authorized by law.

(Pub. L. 91–513, title II, § 407, Oct. 27, 1970, 84 Stat. 1265.)

**§ 848. Continuing criminal enterprise**

**(a) Penalties; forfeitures**

Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, to a fine not to exceed the greater of that authorized in accordance with the provisions of title 18 or $2,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, and to the forfeiture prescribed in section 853 of this title; except that if any person engages in such activity after one or more prior convictions of him under this section have become final, he shall be sentenced to a term of imprisonment which may not be less than 30 years and which may be up to life imprisonment, to a fine not to exceed the greater of twice the amount authorized in accordance with the provisions of title 18 or $4,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, and to the forfeiture prescribed in section 853 of this title.

**(b) Life imprisonment for engaging in continuing criminal enterprise**

Any person who engages in a continuing criminal enterprise shall be imprisoned for life and fined in accordance with subsection (a) of this section, if—

(1) such person is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders; and

(2)(A) the violation referred to in subsection (d)(1) of this section involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title, or

(B) the enterprise, or any other enterprise in which the defendant was the principal or one of several principal administrators, organizers, or leaders, received $10 million dollars in gross receipts during any twelve-month period of its existence for the manufacture, importation, or distribution of a substance described in section 841(b)(1)(B) of this title.

### (c) "Continuing criminal enterprise" defined

For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

### (d) Suspension of sentence and probation prohibited

In the case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended, probation shall not be granted, and the Act of July 15, 1932 (D.C. Code, secs. 24–203—24–207), shall not apply.

### (e) Death penalty

(1) In addition to the other penalties set forth in this section—

(A) any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death; and

(B) any person, during the commission of, in furtherance of, or while attempting to avoid apprehension, prosecution or service of a prison sentence for, a felony violation of this subchapter or subchapter II of this chapter who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of any Federal, State, or local law enforcement officer engaged in, or on account of, the performance of such officer's official duties and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death.

(2) As used in paragraph (1)(b),[6] the term "law enforcement officer" means a public servant authorized by law or by a Government agency or Congress to conduct or engage in the prevention, investigation, prosecution or adjudication of an offense, and includes those engaged in corrections, probation, or parole functions.

### (g) [7] Hearing required with respect to death penalty

A person shall be subjected to the penalty of death for any offense under this section only if a hearing is held in accordance with this section.

### (h) Notice by Government in death penalty cases

(1) Whenever the Government intends to seek the death penalty for an offense under this section for which one of the sentences provided is death, the attorney for the Government, a reasonable time before trial or acceptance by the court of a plea of guilty, shall sign and file with the court, and serve upon the defendant, a notice—

(A) that the Government in the event of conviction will seek the sentence of death; and

(B) setting forth the aggravating factors enumerated in subsection (n) of this section and any other aggravating factors which the Government will seek to prove as the basis for the death penalty.

(2) The court may permit the attorney for the Government to amend this notice for good cause shown.

### (i) Hearing before court or jury

(1) When the attorney for the Government has filed a notice as required under subsection (h) of this section and the defendant is found guilty of or pleads guilty to an offense under subsection (e) of this section, the judge who presided at the trial or before whom the guilty plea was entered, or any other judge if the judge who presided at the trial or before whom the guilty plea was entered is unavailable, shall conduct a separate sentencing hearing to determine the punishment to be imposed. The hearing shall be conducted—

(A) before the jury which determined the defendant's guilt;

(B) before a jury impaneled for the purpose of the hearing if—

(i) the defendant was convicted upon a plea of guilty;

(ii) the defendant was convicted after a trial before the court sitting without a jury;

(iii) the jury which determined the defendant's guilt has been discharged for good cause; or

(iv) after initial imposition of a sentence under this section, redetermination of the sentence under this section is necessary; or

(C) before the court alone, upon the motion of the defendant and with the approval of the Government.

---

[6] So in original. Probably should be "(1)(B),".
[7] So in original. Section does not contain a subsec. (f), see 1988 Amendment note below.

(2) A jury impaneled under paragraph (1)(B) shall consist of 12 members, unless, at any time before the conclusion of the hearing, the parties stipulate with the approval of the court that it shall consist of any number less than 12.

**(j) Proof of aggravating and mitigating factors**

Notwithstanding rule 32(c) of the Federal Rules of Criminal Procedure, when a defendant is found guilty of or pleads guilty to an offense under subsection (e) of this section, no presentence report shall be prepared. In the sentencing hearing, information may be presented as to matters relating to any of the aggravating or mitigating factors set forth in subsections (m) and (n) of this section, or any other mitigating factor or any other aggravating factor for which notice has been provided under subsection (h)(1)(B) of this section. Where information is presented relating to any of the aggravating factors set forth in subsection (n) of this section, information may be presented relating to any other aggravating factor for which notice has been provided under subsection (h)(1)(B) of this section. Information presented may include the trial transcript and exhibits if the hearing is held before a jury or judge not present during the trial, or at the trial judge's discretion. Any other information relevant to such mitigating or aggravating factors may be presented by either the Government or the defendant, regardless of its admissibility under the rules governing admission of evidence at criminal trials, except that information may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The Government and the defendant shall be permitted to rebut any information received at the hearing and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any of the aggravating or mitigating factors and as to appropriateness in that case of imposing a sentence of death. The Government shall open the argument. The defendant shall be permitted to reply. The Government shall then be permitted to reply in rebuttal. The burden of establishing the existence of any aggravating factor is on the Government, and is not satisfied unless established beyond a reasonable doubt. The burden of establishing the existence of any mitigating factor is on the defendant, and is not satisfied unless established by a preponderance of the evidence.

**(k) Return of findings**

The jury, or if there is no jury, the court, shall consider all the information received during the hearing. It shall return special findings identifying any aggravating factors set forth in subsection (n) of this section, found to exist. If one of the aggravating factors set forth in subsection (n)(1) of this section and another of the aggravating factors set forth in paragraphs (2) through (12) of subsection (n) of this section is found to exist, a special finding identifying any other aggravating factor for which notice has been provided under subsection (h)(1)(B) of this section, may be returned. A finding with respect to a mitigating factor may be made by one or more of the members of the jury, and any member of the jury who finds the existence of a mitigating factor may consider such a factor established for purposes of this subsection, regardless of the number of jurors who concur that the factor has been established. A finding with respect to any aggravating factor must be unanimous. If an aggravating factor set forth in subsection (n)(1) of this section is not found to exist or an aggravating factor set forth in subsection (n)(1) of this section is found to exist but no other aggravating factor set forth in subsection (n) of this section is found to exist, the court shall impose a sentence, other than death, authorized by law. If an aggravating factor set forth in subsection (n)(1) of this section and one or more of the other aggravating factors set forth in subsection (n) of this section are found to exist, the jury, or if there is no jury, the court, shall then consider whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death. Based upon this consideration, the jury by unanimous vote, or if there is no jury, the court, shall recommend that a sentence of death shall be imposed rather than a sentence of life imprisonment without possibility of release or some other lesser sentence. The jury or the court, regardless of its findings with respect to aggravating and mitigating factors, is never required to impose a death sentence and the jury shall be so instructed.

**(l) Imposition of sentence**

Upon the recommendation that the sentence of death be imposed, the court shall sentence the defendant to death. Otherwise the court shall impose a sentence, other than death, authorized by law. A sentence of death shall not be carried out upon a person who is under 18 years of age at the time the crime was committed. A sentence of death shall not be carried out upon a person who is mentally retarded. A sentence of death shall not be carried out upon a person who, as a result of mental disability—

(1) cannot understand the nature of the pending proceedings, what such person was tried for, the reason for the punishment, or the nature of the punishment; or

(2) lacks the capacity to recognize or understand facts which would make the punishment unjust or unlawful, or lacks the ability to convey such information to counsel or to the court.

**(m) Mitigating factors**

In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider mitigating factors, including the following:

(1) The defendant's capacity to appreciate the wrongfulness of the defendant's conduct or to conform conduct to the requirements of law was significantly impaired, regardless of whether the capacity was so impaired as to constitute a defense to the charge.

(2) The defendant was under unusual and substantial duress, regardless of whether the

duress was of such a degree as to constitute a defense to the charge.

(3) The defendant is punishable as a principal (as defined in section 2 of title 18) in the offense, which was committed by another, but the defendant's participation was relatively minor, regardless of whether the participation was so minor as to constitute a defense to the charge.

(4) The defendant could not reasonably have foreseen that the defendant's conduct in the course of the commission of murder, or other offense resulting in death for which the defendant was convicted, would cause, or would create a grave risk of causing, death to any person.

(5) The defendant was youthful, although not under the age of 18.

(6) The defendant did not have a significant prior criminal record.

(7) The defendant committed the offense under severe mental or emotional disturbance.

(8) Another defendant or defendants, equally culpable in the crime, will not be punished by death.

(9) The victim consented to the criminal conduct that resulted in the victim's death.

(10) That other factors in the defendant's background or character mitigate against imposition of the death sentence.

**(n) Aggravating factors for homicide**

If the defendant is found guilty of or pleads guilty to an offense under subsection (e) of this section, the following aggravating factors are the only aggravating factors that shall be considered, unless notice of additional aggravating factors is provided under subsection (h)(1)(B) of this section:

(1) The defendant—

(A) intentionally killed the victim;

(B) intentionally inflicted serious bodily injury which resulted in the death of the victim;

(C) intentionally engaged in conduct intending that the victim be killed or that lethal force be employed against the victim, which resulted in the death of the victim;

(D) intentionally engaged in conduct which—

(i) the defendant knew would create a grave risk of death to a person, other than one of the participants in the offense; and

(ii) resulted in the death of the victim.

(2) The defendant has been convicted of another Federal offense, or a State offense resulting in the death of a person, for which a sentence of life imprisonment or a sentence of death was authorized by statute.

(3) The defendant has previously been convicted of two or more State or Federal offenses punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury upon another person.

(4) The defendant has previously been convicted of two or more State or Federal offenses punishable by a term of imprisonment of more than one year, committed on different occasions, involving the distribution of a controlled substance.

(5) In the commission of the offense or in escaping apprehension for a violation of subsection (e) of this section, the defendant knowingly created a grave risk of death to one or more persons in addition to the victims of the offense.

(6) The defendant procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value.

(7) The defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

(8) The defendant committed the offense after substantial planning and premeditation.

(9) The victim was particularly vulnerable due to old age, youth, or infirmity.

(10) The defendant had previously been convicted of violating this subchapter or subchapter II of this chapter for which a sentence of five or more years may be imposed or had previously been convicted of engaging in a continuing criminal enterprise.

(11) The violation of this subchapter in relation to which the conduct described in subsection (e) of this section occurred was a violation of section 845 of this title.

(12) The defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim.

**(o) Right of defendant to justice without discrimination**

(1) In any hearing held before a jury under this section, the court shall instruct the jury that in its consideration of whether the sentence of death is justified it shall not consider the race, color, religious beliefs, national origin, or sex of the defendant or the victim, and that the jury is not to recommend a sentence of death unless it has concluded that it would recommend a sentence of death for the crime in question no matter what the race, color, religious beliefs, national origin, or sex of the defendant, or the victim, may be. The jury shall return to the court a certificate signed by each juror that consideration of the race, color, religious beliefs, national origin, or sex of the defendant or the victim was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation regarding a sentence for the crime in question no matter what the race, color, religious beliefs, national origin, or sex of the defendant, or the victim, may be.

(2) Not later than one year from November 18, 1988, the Comptroller General shall conduct a study of the various procedures used by the several States for determining whether or not to impose the death penalty in particular cases, and shall report to the Congress on whether or not any or all of the various procedures create a significant risk that the race of a defendant, or the race of a victim against whom a crime was committed, influence the likelihood that defendants in those States will be sentenced to

death. In conducting the study required by this paragraph, the General Accounting Office shall—

(A) use ordinary methods of statistical analysis, including methods comparable to those ruled admissible by the courts in race discrimination cases under title VII of the Civil Rights Act of 1964 [42 U.S.C. 2000e et seq.];

(B) study only crimes occurring after January 1, 1976; and

(C) determine what, if any, other factors, including any relation between any aggravating or mitigating factors and the race of the victim or the defendant, may account for any evidence that the race of the defendant, or the race of the victim, influences the likelihood that defendants will be sentenced to death. In addition, the General Accounting Office shall examine separately and include in the report, death penalty cases involving crimes similar to those covered under this section.

**(p) Sentencing in capital cases in which death penalty is not sought or imposed**

If a person is convicted for an offense under subsection (e) of this section and the court does not impose the penalty of death, the court may impose a sentence of life imprisonment without the possibility of parole.

**(q) Appeal in capital cases; counsel for financially unable defendants**

(1) In any case in which the sentence of death is imposed under this section, the sentence of death shall be subject to review by the court of appeals upon appeal by the defendant. Notice of appeal must be filed within the time prescribed for appeal of judgment in section 2107 of title 28. An appeal under this section may be consolidated with an appeal of the judgment of conviction. Such review shall have priority over all other cases.

(2) On review of the sentence, the court of appeals shall consider the record, the evidence submitted during the trial, the information submitted during the sentencing hearing, the procedures employed in the sentencing hearing, and the special findings returned under this section.

(3) The court shall affirm the sentence if it determines that—

(A) the sentence of death was not imposed under the influence of passion, prejudice, or any other arbitrary factor; and

(B) the information supports the special finding of the existence of every aggravating factor upon which the sentence was based, together with, or the failure to find, any mitigating factors as set forth or allowed in this section.

In all other cases the court shall remand the case for reconsideration under this section. The court of appeals shall state in writing the reasons for its disposition of the review of the sentence.

(4)(A) Notwithstanding any other provision of law to the contrary, in every criminal action in which a defendant is charged with a crime which may be punishable by death, a defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services at any time either—

(i) before judgment; or

(ii) after the entry of a judgment imposing a sentence of death but before the execution of that judgment;

shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

(B) In any post conviction proceeding under section 2254 or 2255 of title 28 seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

(5) If the appointment is made before judgment, at least one attorney so appointed must have been admitted to practice in the court in which the prosecution is to be tried for not less than five years, and must have had not less than three years experience in the actual trial of felony prosecutions in that court.

(6) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

(7) With respect to paragraphs (5) and (6), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

(8) Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications,[8] for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

(9) Upon a finding in ex parte proceedings that investigative, expert or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or sentence, the court shall authorize the defendant's attorneys to obtain such services on behalf of the defendant and shall order the payment of fees and ex-

---

[8] So in original. The comma probably should not appear.

penses therefore, under paragraph (10). Upon a finding that timely procurement of such services could not practically await prior authorization, the court may authorize the provision of and payment for such services nunc pro tunc.

(10) Notwithstanding the rates and maximum limits generally applicable to criminal cases and any other provision of law to the contrary, the court shall fix the compensation to be paid to attorneys appointed under this subsection and the fees and expenses to be paid for investigative, expert, and other reasonably necessary services authorized under paragraph (9), at such rates or amounts as the court determines to be reasonably necessary to carry out the requirements of paragraphs (4) through (9).

(r) **Refusal to participate by State and Federal correctional employees**

No employee of any State department of corrections or the Federal Bureau of Prisons and no employee providing services to that department or bureau under contract shall be required, as a condition of that employment, or contractual obligation to be in attendance at or to participate in any execution carried out under this section if such participation is contrary to the moral or religious convictions of the employee. For purposes of this subsection, the term "participation in executions" includes personal preparation of the condemned individual and the apparatus used for execution and supervision of the activities of other personnel in carrying out such activities.

(Pub. L. 91–513, title II, § 408, Oct. 27, 1970, 84 Stat. 1265; Pub. L. 98–473, title II, §§ 224(b), formerly § 224(c), 305, Oct. 12, 1984, 98 Stat. 2030, 2050; Pub. L. 99–570, title I, §§ 1005(b)(2), 1252, 1253, Oct. 27, 1986, 100 Stat. 3207-6, 3207-14; Pub. L. 100–690, title VI, § 6481, title VII, § 7001, Nov. 18, 1988, 102 Stat. 4382, 4387.)

### REFERENCES IN TEXT

The Act of July 15, 1932 (D.C. Code, secs. 24–203–24–207), referred to in subsec. (d), is act July 15, 1932, ch. 492, 47 Stat. 696, as amended, which appears in sections 24–203 to 24–209 of Title 24, Prisoners and Their Treatment, and section 22–2601 of Title 22, Criminal Offenses, of the District of Columbia Code.

The Federal Rules of Criminal Procedure, referred to in subsec. (j), are set out in the Appendix to Title 18, Crimes and Criminal Procedure.

The Civil Rights Act of 1964, referred to in subsec. (o)(2)(A), is Pub. L. 88–352, July 2, 1964, 78 Stat. 252, as amended. Title VII of the Civil Rights Act of 1964 is classified generally to subchapter VI (§ 2000e et seq.) of chapter 21 of Title 42, The Public Health and Welfare. For complete classification of this Act to the Code, see Short Title note set out under section 2000a of Title 42 and Tables.

### AMENDMENTS

1988—Subsec. (a). Pub. L. 100–690, § 6481(a), increased minimum term of imprisonment for first violations to 20 from 10 years and for subsequent violations to 30 from 20 years.

Subsecs. (c), (d). Pub. L. 100–690, § 6481(b), redesignated subsecs. (d) and (e) as (c) and (d), respectively.

Subsec. (e). Pub. L. 100–690, § 7001(a)(2), added subsec. (e). Former subsec. (e) redesignated (d).

Pub. L. 100–690, § 7001(a)(1), which directed redesignation of former subsec. (e) as (f), could not be executed because of prior redesignation of former subsec. (e) as (d) by Pub. L. 100–690, § 6481(b), which resulted in there not being a subsec. (f).

Subsecs. (g) to (r). Pub. L. 100–690, § 7001(b), added subsecs. (g) to (r).

1986—Subsec. (a). Pub. L. 99–570, § 1252, substituted "to a fine not to exceed the greater of that authorized in accordance with the provisions of title 18 or $2,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual," for "to a fine of not more than $100,000," and "to a fine not to exceed the greater of twice the amount authorized in accordance with the provisions of title 18 or $4,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual," for "to a fine of not more than $200,000,".

Subsecs. (b) to (e). Pub. L. 99–570, § 1253, added subsec. (b) and redesignated former subsecs. (b) and (c) as (d) and (e), respectively, which resulted in there not being a subsec. (c).

1984—Subsec. (a). Pub. L. 98–473, § 305, struck out par. (1) designation, substituted references to section 853 of this title for references to paragraph (2) in two places, and struck out par. (2) which related to forfeitures to the United States by any person convicted under par. (1).

Subsec. (d). Pub. L. 98–473, § 305(b), struck out subsec. (d) relating to jurisdiction of courts of the United States.

Subsec. (e). Pub. L. 98–473, § 224(b), as renumbered by Pub. L. 99–570, § 1005(b)(2), which directed the amendment of subsec. (c) of this section by striking out "and section 4202 of title 18 of the United States Code", was executed by striking out that language in subsec. (e) to reflect the probable intent of Congress and the intervening amendment by Pub. L. 99–570, § 1253, which redesignated subsec. (c) as (e). See 1986 Amendment note above.

### EFFECTIVE DATE OF 1984 AMENDMENT

Amendment by section 224(b) of Pub. L. 98–473 effective Nov. 1, 1987, and applicable only to offenses committed after the taking effect of such amendment, see section 235(a)(1) of Pub. L. 98–473, set out as an Effective Date note under section 3551 of Title 18, Crimes and Criminal Procedure.

### GAO STUDY OF COST OF EXECUTIONS

Section 7002 of title VII of Pub. L. 100–690 provided that:

"(a) STUDY.—No later than three years after the date of the enactment of this Act [Nov. 18, 1988], the Comptroller General shall carry out a study to review the cost of implementing the procedures for imposing and carrying out a death sentence prescribed by this title [see Tables for classification].

"(b) SPECIFIC REQUIREMENT.—Such study shall consider, but not be limited to, information concerning impact on workload of the Federal prosecutors and judiciary and law enforcement necessary to obtain capital sentences and executions under this Act [see Short Title note set out under section 1501 of this title].

"(c) SUBMISSION OF REPORT.—Not later than four years after date of the enactment of this Act [Nov. 18, 1988], the Comptroller General shall submit to Congress a report describing the results of the study."

### SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in section 853 of this title; title 18 section 1956.

### § 849. Repealed. Pub. L. 98–473, title II, § 219(a), Oct. 12, 1984, 98 Stat. 2027

#### EFFECTIVE DATE OF REPEAL; OFFENSES COMMITTED PRIOR TO NOV. 1, 1987

Section 235(a)(1) of Pub. L. 98–473, set out as an Effective Date note under section 3551 of Title 18, Crimes and Criminal Procedure, provided that the repeal of this section is effective Nov. 1, 1987, and ap-