# EXHIBIT B

1 #

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------

UNITED STATES OF AMERICA,

                              Plaintiff;

        v.                                    CRIMINAL ACTION
                                              92CV68

RICHARD TIPTON, CORY JOHNSON, and
JAMES H. ROANE, JR.,

                              Defendants.

---------------------------------------

FILED
JUN 2 9 1993
D-PHB
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

                    June 1, 1993
                    Richmond, Virginia
                    9:30 a.m.

BEFORE:        HONORABLE JAMES R. SPENCER
               United States District Judge

APPEARANCES:   HOWARD C. VICK, JR., ESQ.
               WILLIAM H. PARCELL, III, ESQ.
               Office of the United States Attorney
               Main Street Centre
               Richmond, Virginia  23219
                    Counsel for Government;

               ROBERT P. GEARY, ESQ.
               ERIC D. WHITE, ESQ.
               CRAIG S. COOLEY, ESQ.
               JOHN McGARVEY, ESQ.
               DAVID P. BAUGH, ESQ.
               ARNOLD R. HENDERSON, V, ESQ.
                    Counsel for Defendants.

               JEFFREY B. KULL
               OFFICIAL COURT REPORTER

16#

Good morning.  Counsel, have you all had an adequate opportunity to review the pre-sentence report and discuss it with your client?

MR. COOLEY:  We have, Your Honor.

THE COURT:  Do you have any objections, comments, or amendments to the Presentence Report?

MR. COOLEY:  Yes, Your Honor.

THE COURT:  All right.

MR. COOLEY:  As the Court knows, we filed a position paper regarding the sentencing factors, and we raised principally the two issues of the exaggerated quantity of cocaine that was allegedly distributed.  I would adopt the comments made by counsel for Mr. Tipton, but I would also note to the Court that while counsel for the government indicates there was testimony from Mr. Townes, Mr. Saunders regarding the quantity that was being distributed by them and by others, the Court will also recall that their testimony related to at the conclusion of each month when there was a necessity for the five folks living at that one home to contribute the $100 for their share of the rent.  They didn't have it and they often fought over it.

The Court will also recall from the evidence that came before you that there was absolutely no

4877

17

testimony relating to the accrual of funds, of assets for any of the three individuals, specifically with Cory Johnson. No cars, no substantial jewelry, no items or assets of any value whatsoever. Indeed, when pressed, each of the witnesses, most, said they couldn't identify anything that he had as to Cory Johnson, and one ultimately said to the jury that what he had was nice, and when questioned further, she said it was a Guess shirt and a pair of Timberland boots. That's the totality of the assets described and attributed to Mr. Cory Johnson out of this purported 42, and in addition to 42-and-a-half kilograms of cocaine. And I would suggest to the Court that the lifestyle that was proven by the government's witnesses contradicts the government's theory as to the quantity of the drugs that were being distributed.

Your Honor, in addition to that issue, we have raised the jeopardy issues or the issues that the Court has already addressed and ruled upon. I would simply note to the Court that in challenging whether the sentences could be imposed upon the counts that were related to the murders in furtherance of racketeering, that while it certainly could be, I believe, under the government's theory that if

4878