# EXHIBIT 74

## RECORD NOS. 03-13(L), 03-26, 03-27.

## IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

### UNITED STATES OF AMERICA,

Respondent-Appellee,

versus

### CORY JOHNSON AND RICHARD TIPTON, III,

Petitioners-Appellants.

On Appeal From the United States District Court
For The Eastern District Of Virginia
Richmond Division

## BRIEF FOR APPELLANTS CORY JOHNSON AND RICHARD TIPTON

Stephen A. Northup
TROUTMAN SANDERS, LLP
1111 East Main Street
P.O. Box 1122
Richmond, VA 23218
(804) 697-1200

Frederick R. Gerson
ROBINSON & GERSON, PC
7102 Three Chopt Road
Richmond, VA 23226
(804) 282-2500

*Counsel for Appellant
Richard Tipton, III*

Barbara L. Hartung
ATTORNEY AT LAW
700 East Main Street
Suite 1600
Richmond, VA 23219
(804) 353-4999

Edward E. Scher
THORSEN & SCHER, LLP
3810 Augusta Avenue
Richmond, VA 23230
(804) 359-3000

*Counsel for Appellant
Cory Johnson*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................-vi-

SUBJECT MATTER AND APPELLATE JURISDICTION ................................ 1

STATEMENT OF THE ISSUES ......................................................... 1

STATEMENT OF THE CASE ........................................................... 3

STATEMENT OF FACTS................................................................ 6

    The Charges ..................................................................... 6

    Relevant Pretrial Motions and Jury Selection ............................... 8

    The Guilt Phase Trial.......................................................... 9

    The Penalty Phase Trial....................................................... 10

    The Direct Appeal Proceedings............................................... 12

SUMMARY OF THE ARGUMENT..................................................... 12

STANDARD OF REVIEW.............................................................. 14

ARGUMENT ...........................................................................

I.    The District Court Erred In Denying On Procedural Grounds
    Appellants' Claim That They Were Denied Their Fifth
    Amendment Right To Indictment By A Grand Jury Because
    The Indictment Failed To Charge Any Of The Aggravating
    Factors Required For Imposition Of The Death Penalty
    Under 21 U.S.C. § 848(n)................................................. 15

    A.   Any Procedural Default Is Excused By Novelty............................. 17

    B.   *Teague v. Lane* Does Not Bar Relief...................................... 21

        i)    The Rule Announced In *Ring* Is Substantive
            And Not Subject To *Teague* ....................................... 21

i

ii)      Even If The Rule Announced In *Ring* Was "Procedural," It Was A Watershed" Rule That Must Be Applied Retroactively. .................................................................................. 26

II.     The District Court Erred When It Summarily Dismissed Appellants' Claim That § 848(h) (Permitting Prosecutors To Create Non-Statutory Aggravators) Is An Unconstitutional Delegation of Legislative Authority ...................................................................... 33

III.     The District Court Erred When It Failed To Grant Appellants Leave To Take Discovery On The Ground That Appellants Had To Establish A *Prima Facie* Case For Relief In Order To Obtain Discovery ................... 47

IV.     The District Court Erred When It Granted Summary Judgment Without Providing Appellants A Meaningful Opportunity For Discovery ............. 51

V.     The District Court Erred In Denying On Procedural Grounds Appellants' Claim That The Prosecutors Improperly Discriminated Against Women In Selecting The Jury In Violation Of The Equal Protection Clause ........ 55

     A.      Appellants' Failure To Raise The *J.E.B.* Claim At Trial Was Excused By Ineffective Assistance Of Counsel ............................... 60

     B.      Appellants' Failure To Raise The *J.E.B.* Claim Was Excused By Novelty ............................................................................... 63

VI.     The District Court Erred In Dismissing Appellants' Claim That They Were Denied Their Statutory And Constitutional Right To Justice Without Discrimination In Violation Of The Fifth And Eighth Amendments ..................................................................................... 64

VII.    The District Court Erred In Dismissing Appellants' Claims Of Juror Misconduct -- After Prohibiting Any Investigation Of The Jury -- In Violation Of Appellants' Rights To An Impartial Jury And To Due Process Of Law ................................................................................ 69

VIII. The District Court Erred When It Dismissed Appellants' Claims Related To Their Substantive CCE Convictions And Also Found That Counsel Were Not Ineffective On The CCE Convictions ........................................ 75

    A. The Trial Court Failed To Give A *Richardson* Unanimity Instruction Regarding The "Series" Of Predicate Acts That Constitute A CCE Under § 848 ........................................................ 77

        i) The Trial Court Omitted A Critical *Richardson* Unanimity Instruction ............................................................ 77

        ii) Trial Counsel Were Ineffective For Failing To Seek A *Richardson* Unanimity Instruction ...................................... 83

    B. The Trial Court Failed To Give A *Jerome* Unanimity Instruction Regarding The Identity Of The CCE Supervisees. .......... 85

        i) The Trial Court Omitted A Critical *Jerome* Unanimity Instruction ................................................................................ 89

        ii) Trial Counsel Were Ineffective For Failing To Seek A *Jerome* Unanimity Instruction ................................................ 91

    C. The Trial Court Failed To Instruct The Jury That Some Persons Alleged To Be CCE Supervisees Were, As A Matter Of Law, Incapable Of Being CCE Supervisees ............................................. 92

        i) The Trial Court Omitted A Critical *Barona* Instruction ......... 92

        ii) Trial Counsel Were Ineffective For Failing To Seek A *Barona* Instruction ................................................................

    D. The Trial Court Failed To Instruct The Jury That The Government Must Prove "Management" To Satisfy The Organizer/Supervisor Element Of A CCE ........................................ 96

        i) The Trial Court Omitted A Critical Instruction Requiring "Management" ........................................................ 96

        ii) Trial Counsel Were Ineffective For Failing To Seek An Instruction That Required "Management" ........................ 98

E.    The Government Failed To Prove That Each Appellant Supervised Five Individuals Within The Meaning Of The CCE Statute *And* Defense Counsel Failed To Determine And Demonstrate That There Were Fewer Than Five Supervisees .......... 99

    i)    The Evidence Demonstrates That Each Appellant Supervised Fewer Than Five People ...................................... 99

    ii)    Trial Counsel Were Ineffective For Failing To Demonstrate That The Appellants Each Did Not Supervise Five People ......................................................... 100

IX.    The District Court Erred In Dismissing Appellants' Ineffective Assistance Of Counsel Claims ................................................................ 101

    A.    Appellants Were Denied Effective Assistance By Counsel's Failure To Request An Investigator And To Conduct An Adequate Factual Investigation ....................................................... 103

    B.    The District Court Erred In Holding That Appellants Were Not Prejudiced By Counsel's Failure To Request *Voir Dire* Pursuant to *Morgan v. Illinois* ......................................................... 107

    C.    The District Court Erred In Holding That Counsel Were Not Ineffective When They Failed To Object To The Prosecution's Strikes Against Women Jurors ......................................................... 112

    D.    The District Court Erred In Holding That Counsel Were Not Ineffective When They Failed To Present Evidence About Prison Conditions If The Appellants Received Life Sentences And That Appellants Were Not Prejudiced ....................................................... 114

    E.    Tipton's Counsel Failed to Adequately Defend Tipton on the Charge That He Murdered Douglas Talley ..................................... 118

    F.    Tipton's Counsel Failed to Prepare an Adequate Defense to the Stoney Run Murders ................................................................ 122

    G.    Tipton's Counsel Failed To Investigate And Prepare An Adequate Mitigation Case ........................................................... 126

iv

X.    The District Court Erred When It Summarily Dismissed Appellants'
      Claims That They Were Denied Their Constitutional Right To A Fair
      Trial By The Prosecution's Use Of Testimony It Knew Or Should
      Have Known Was False................................................................... 128

      A.    Greg Scott's Trial Testimony Was False And The
            Government Knew Or Should Have Known It Was False.............. 129

      B.    Maurice Saunders' Trial Testimony Was False And The
            Government Knew Or Should Have Known It Was False.............. 131

      C.    Hussone Jones' Trial Testimony Was False And The
            Government Knew Or Should Have Known It Was False.............. 132

XI.   The District Court Erred By Summarily Dismissing Tipton's
      Claim That The Government Violated His Right To Due
      Process By Failing To Disclose Certain Items Of Material
      Exculpatory Evidence ................................................................... 133

      A.    The Prosecution Failed to Disclose Exculpatory Statements
            of "Wildman" Stevens .................................................................. 134

      B.    The Prosecution Failed to Disclose Exculpatory Statements
            of John Knight and Stoodie Green ................................................ 136

XII.  The District Court Erred In Holding That Johnson Was Not
      Exempt From Execution Based On His Long Standing, Well
      Documented Mental Impairments *And* That Counsel Were
      Not Ineffective When They Conceded The Issue At Trial..................... 139

      A.    Johnson's Execution Is Barred By Statute ..................................... 144

      B.    Defense Counsel Failed To Investigate And Challenge
            The Accuracy Of Johnson's 1992 I.Q. Test ................................... 147

CONCLUSION .................................................................................. 151

REQUEST FOR ORAL ARGUMENT.............................................................. 152

CERTIFICATE OF SERVICE.......................................................................... 154

## Cases

*Adamson v. Ricketts*, 865 F.2d 1011 (9th Cir. 1988) (en banc) .......................23, 24

*Almendarez-Torres v. United States*, 523 U.S. 224 (1990)............................ 19, 21

*Amadeo v. Zant*, 486 U.S. 214 (1988)...................................................................67

*Apprendi v. New Jersey*, 503 U.S. 466 (2000) ...............................................passim

*Arizona v. Fulminante*, 499 U.S. 279 (1991) ...................................................64, 80

*Atkins v. Virginia*, 536 U.S. 304 (2002)..................................................139, 141, 148

*Batson v. Kentucky*, 476 U.S. 79 (1986) ..........................................................passim

*Bell v. United States*, 349 U.S. 81 (1954) .............................................................43

*Berger v. United States*, 295 U.S. 78 (1935)........................................................134

*Berryhill v. Zant*, 858 F.2d 633 (11th Cir. 1988) .................................................62

*Blanco v. Singletary,* 943 F.2d 1477 (11th Cir. 1991) ..........................................149

*Bousley v. United States,* 523 U.S. 614 (1998) ...............................................passim

*Boyd v. French*, 147 F.3d 319 (4th Cir. 1998) ......................................................128

*Bracy v. Gramley*, 520 U.S. 899 (1997)...............................................48, 49, 50, 68

*Brady v. Maryland*, 373 U.S. 83 (1963)..........................................107, 126, 133, 134

*Brecht v. Abrahamson*, 509 U.S. 619 (1993) ........................................................64

*Calderon v. Nicolaus*, 98 F.3d 1102 (9th Cir. 1996)................................................50

*Campbell v. Louisiana*, 523 U.S. 392 (1998)...........................................................28

*Castaneda v. Partida*, 430 U.S. 482 (1977)...........................................................55

*Claudio v. Scully,* 982 F.2d 798 (2d Cir. 1992) ..................................................62, 98

*Coleman v. Thompson*, 501 U.S. 722 (1991)......................................................63, 85

*Dalton v. United States*, 862 F.2d 1307 (8th Cir. 1988) ......................................18, 63

*Davis v. United States*, 417 U.S. 333 (1974) ............................................................. 77

*Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992) ...................................................... 53

*Devose v. Norris*, 53 F.2d 201 (8th Cir. 1995) ........................................................ 59

*Dufour v. Florida*, 495 So. 2d 154 (Fla. 1986) ....................................................... 17

*Duren v. Missouri*, 439 U.S. 357 (1979) ................................................................ 55

*Elder v. Holloway*, 510 U.S. 510 ........................................................................... 14

*Emerson v. Gramley,* 91 F.ed 898 (7th Cir. 1996) .................................................. 18

*Engle v. Isaac*, 456 U.S. 107 (1982) ...................................................................... 18

*English v. United States*, 998 F.2d 609 (8th Cir. 1993) .......................................... 77

*Evans v. Technologies Applications & Services Co.,*
  80 F.3d 954 (4th  Cir. 1996) ............................................................................... 52

*Ex parte Bain*, 121 U.S. 1 ..................................................................................... 28

*Ex parte United States*, 242 U.S. 27 (1916) ........................................................... 43

*Farmer v. Brennan*, 81 F.3d 1444 (7th Cir. 1996) .................................................. 53

*First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375
  (D.C. Cir 1988) ................................................................................................... 53

*Freeman v. Lane*, 962 F.2d 1252 (7th Cir. 1992) ............................................ 61, 62, 98

*Gibson v. Zant*, 705 F.2d 1543 (11th Cir. 1983) .................................................... 62

*Government of Virgin Islands v. Forte,* 865 F.2d 59 (3d Cir. 1989) ..................... 113

*Griffin v. Warden*, 970 F.2d 1355 (4th Cir. 1992) .......................................... 121, 125

*Griffith v. Kentucky*, 479 U.S. 314 (1987). ............................................................ 56

*Hargrave v. Dugger*, 832 F.2d 1528 (11th Cir. 1987) ............................................ 18

*Harris v. Nelson*, 394 U.S. 286 (1969) ............................................................. 48, 49

*Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214
(4th Cir. 2002) .................................................................. 51, 52, 53, 54

*Haywood v. United States*, 216 F. Supp.2d 725 (N.D. Ill. 2002) ........................... 95

*Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94
(2nd Cir. 2000) ...................................................................................... 53

*Hendricks v. Calderon*, 70 F.3d 1032 (9th Cir. 1995) .......................................... 149

*Hollis v. Davis*, 941 F.2d 1471 (11th Cir. 1991), *cert. denied,*
503 U.S. 938 (1992) .............................................................................. 113

*Honeycutt v. Mahoney*, 698 F.2d 213 (4th Cir. 1983) ...................................... 114

*Howard v. Moore*, 131 F.3d 399 (4th Cir. 1997) (*en banc*) .................................... 59

*Huffington v. Nuth*, 140 F.3d 572 (4th Cir. 1998) ...................................... 125

*J. W. Hampton, Jr. & Co. v. United States*, 276 U.S. 394 (1928) ......................... 36

*J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127 (1994) ..................................... passim

*Jackson v. Herring*, 42 F.3d 1350 (11th Cir. 1995) ...................................... 149

*Jackson v. Virginia*, 443 U.S. 307 (1979) ........................................................ 100

*Jones v. Thigpen*, 788 F.2d 1101 (5th Cir. 1986) ...................................... 149

*Jones v. United States*, 526 U.S. 227 (1999) ........................................... 16, 25

*Kenley v. Armontrout*, 937 F.2d 1298 (8th Cir. 1991) ...................................... 106

*Kimmelman v. Morrison*, 477 U.S. 365 (1986) ................................... 106, 121

*Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) ...................................... 114

*Kyles v. Whitley*, 514 U.S. 419 (1995) ................................... 107, 133, 134

*Lockett v. Ohio*, 438 U.S. 586 (1978) ................................................................ 18

*Lockhard v. McCree*, 476 U.S. 162 (1986) ........................................................ 109

*Loving v. United States*, 517 U.S. 748 (1996) ..................................... passim

viii

*Mach v. Stewart,* 129 F.3d 495 (9th Cir. 1997)........................................................74

*McBee v. Grant,* 763 F.2d 811 (6th Cir. 1985) .......................................................63

*McCleskey v. Kemp,* 481 U.S. 279 (1987) ...............................................................68

*McCleskey v. Zant,* 499 U.S. 467 (1991) .............................................................67, 68

*McMillan v. Pennsylvania,* 477 U.S. 79 (1986)].................................................19, 21

*McNally v. United States,* 483 U.S. 350 (1987) .......................................................18

*Mistretta v. United States,* 488 U.S. 361 (1989) ..................................................36, 46

*Morgan v. Illinois,* 504 U.S. 719 (1992) ............................................... 107, 109, 111

*Murray v. Carrier,* 477 U.S. 478 (1986)..................................................................67

*North Carolina v. Dixon,* 361 S.E.2d 562 (N.C. 1987)............................................17

*Orzaio v. Dugger,* 876 F.2d 1508 (11th Cir. 1989)..............................................62, 98

*Panama Refining Co. v. Ryan,* 293 U.S. 388 (1935) ...............................................36

*Pecoraro v. Page,* No. 97C5361, 1998 U.S. Dist. LEXIS 15746
   (N.D. Ill. Sept. 30, 1998) .....................................................................................50

*People v. Reyes,* 542 N.Y.S.2d 178 (N.Y. App. Div. 1989) ...................................62

*Pruett v. Thompson,* 996 F.2d 1560 (4th Cir. 1993) .............................................150

*Pruitt v. McAdory,* 337 F.3d 921 (7th Cir. 2003)...................................................58

*Rattigan v. United States,* 151 F.3d 551 (6th Cir.), *cert. denied,*
   525 U.S. 1031 (1998)......................................................................................18, 63

*Reed v. Ross,* 468 U.S. 1 (1984)..............................................................................66

*Reed v. Ross,* 704 F.2d 705 (4th Cir. 1983), *aff'd,*
   468 U.S. 1 (1984)...................................................................................................18

*Richardson v. United States,* 526 U.S. 813 (1999) ...........................................passim

*Ring v. Arizona,* 536 U.S. 584 (2002) ...............................................................passim

*Rose v. Clark,* 478 U.S. 570 (1986)................................................................ 80

*Ross v. Reed,* 704 F.2d 705 (4th Cir. 1983)...................................................... 20

*Sales v. United States,* 139 F.3d 322 (2d Cir.), *cert. denied,*
    118 S. Ct. 2377 (1998)................................................................................ 77

*Sattazhan v. Pennsylvania,* 537 U.S. 101 (2003)......................................... 16, 25

*Sawyer v. Smith,* 497 U.S. 227 (1990) ............................................................ 26

*Wiggins v. Smith,* 123 S. Ct. 2527, 2543 (2003) ............................................ 47

*Smith v. Yeager,* 393 U.S. 122 (1968)............................................................. 63

*Stirone v. United States,* 361 U.S. 212 (1960) ........................................... 28, 32

*Stockton v. Commonwealth,* 852 F.2d 740 (4th Cir. 1988)............................. 74

*Stockton v. Virginia,* 852 F.2d 740 (4th Cir. 1988)....................................... 128

*Strickland v. Washington,* 466 U.S. 668 (1984)........................................ passim

*Strickler v. Greene,* 527 U.S. 263 (1999)................................................... 67, 71

*Stringer v. Black,* 503 U.S. 222 (1992) ...................................................... 46, 47

*Sullivan v. Louisiana,* 508 U.S. 275 (1993) ........................................... 31, 80, 81

*Summerlin v. Stewart,* 341 F.3d 1082 (9th Cir. 2003), *cert. granted,*
    *Schriro v. Summerlin,* 124 S. Ct. 833 (12/01/03) .................................... passim

*Talamantez v. Superior Ct. of San Diego County,* 122 Cal. App. 3d 629
    (Cal. Ct. App. 1981)................................................................................. 17

*Taylor v. Louisiana,* 419 U.S. 522 (1975)....................................................... 55

*Teague v. Lane,* 489 U.S. 288 (1989)......................................................... passim

*Townsend v. Sain,* 372 U.S. 293 (1963) .......................................................... 65

*U.S. v. Chambless,* 680 F. Supp. 793 (E.D.La. 1988)..................................... 46

*Underwood v. United States,* 15 F.3d 16 (2d Cir. 1993)................................. 77

*United States v. Agurs*, 427 U.S. 97 (1976) ..................................................... 133, 134

*United States v. Alanis,* 335 F.3d 965 (9th Cir. 2003) ............................................. 58

*United States v. Allen,* No. 98-2549, 2004 WL 188080
(8th Cir. (Mo.) Feb. 2, 2004)................................................................... 17, 31

*United States v. Apodaca*, 843 F.2d 421 (10th Cir. 1988) ...................................... 97

*United States v. Bagley*, 473 U.S. 667 (1985)................................................. 128, 133

*United States v. Barona*, 56 F.3d 1087 (9th Cir. 1995) ................................... passim

*United States v. Bradley,* 880 F. Supp. 271 (M.D. Pa. 1994) ................................. 38

*United States v. Broussard*, 987 F.2d 215 (5th Cir. 1993)...................................... 60

*United States v. Butler*, 885 F.2d 195 (4th Cir. 1989) ....................................... 86, 97

*United States v. Cotton*, 261 F.3d 397 (4th Cir. 2001), *rev'd on
other grounds,* 535 U.S. 625 (2002) ....................................................... 18

*United States v. Cronic,* 466 U.S. 648 (1984)...................................................... 103

*United States v. Davis*, 184 F.3d 366 (4th Cir. 1999) ............................................ 16

*United States v. DeGross*, 913 F.2d 1417 (9th Cir. 1990) ...................................... 60

*United States v. DeGross,* 960 F.2d 1433 (9th Cir. 1992) (*en banc*)........................ 60

*United States v. Delgado*, 4 F.3d 780 (9th Cir. 1993)................................... 87, 97, 98

*United States v. Edmonds*, 80 F.3d 810 (3d Cir. 1996)........................................... 83

*United States v. Floresca*, 38 F.3d 706 (4th Cir. 1994) .................................... 28, 31

*United States v. Frady,* 456 U.S. 152 (1982)....................................................... 15

*United States v. Grimaud,* 220 U.S. 506 (1911) .................................................. 43

*United States v. Hall*, 93 F.3d 126 (4th Cir. 1996) ...................................... 87, 91, 98

*United States v. Hamilton*, 850 F.2d 1038 (4th Cir. 1988) ..................................... 61

*United States v. Hernandez*, 137 F. Supp. 2d 919 (N.D. Ohio 2001).................... 26

*United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003)...........................................17, 32

*United States v. Jackson*, 327 F.3d 273 (4th Cir. 2003), *cert. denied,*
   124 S. Ct. 566 (2003).................................................................................16

*United States v. Jerome*, 942 F.2d 1328 (9th Cir. 1991)..................................passim

*United States v. Joe*, 928 F.2d 99 (4th Cir. 1991).......................................................58

*United States v. Jones,* 132 F.3d 232 (5th Cir. 1998) ................................................37

*United States v. Lane*, 866 F.2d 103 (4th Cir. 1989)..................................................64

*United States v. Lindsey*, 123 F.3d 978 (7th Cir. 1997)............................................95

*United States v. Lindsey*, 123 F.3d 978 (7th Cir. 1997)............................................97

*United States v. McCullah,* 76 F.3d 1087 (10th Cir. 1996)......................................37

*United States v. McNamara*, 74 F.3d 514 (4th Cir. 1996) .....................................114

*United States v. Moten,* 582 F.2d 654 (2d Cir. 1978) ...............................................71

*United States v. Nance*, 236 F.3d 820 (7th Cir. 2000) ..............................................20

*United States v. Natelli*, 553 F.2d 5 (2d Cir.), *cert. denied,*
   434 U.S. 819 (1977)...................................................................................66

*United States v. Nichols*, 937 F.2d 1257 (7th Cir. 1991) .........................................60

*United States v. Palumbo,* 608 F.2d 529 (3d Cir. 1979), *cert. denied,*
   446 U.S. 945 (1980)...................................................................................66

*United States v. Paul,* 217 F.3d 989 (8th Cir. 2000) .................................................37

*United States v. Paz*, 927 F.2d 176 (4th Cir. 1991)..................................................117

*United States v. Peay,* 972 F.3d 71 (4th Cir. 1992)...................................................117

*United States v. Peoples,* 74 F.Supp.2d 930 (W.D. Mo. 1999) .............................115

*United States v. Peters*, 778 F. Supp. 431 (N.D. Ill. 1991).......................................17

*United States v. Pitera*, 795 F. Supp. 546 (E.D.N.Y.),
   *aff'd.*, 986 F.2d 499 (2nd Cir. 1992)...............................................37, 38

*United States v. Possick,* 849 F.2d 332 (8th Cir. 1988) ............................................. 97

*United States v. Pretlow,* 779 F. Supp. 758 (D.N.J. 1991) ......................... 36, 37, 38

*United States v. Quinones,* 313 F.3d 49 (2d Cir. 2002) .......................................... 17

*United States v. Radonjich,* 1 F.3d 117 (2d Cir. 1993) ............................................. 71

*United States v. Rovetuso,* 768 F.2d 809 (7th Cir. 1985) ............................. 129, 138

*United States v. Sanders,* 247 F.3d 139 (4th Cir.), *cert. denied,*
    122 S. Ct. 573 (2001) ............................................................................... passim

*United States v. Shark,* 158 F. Supp. 2d 43 (D.D.C. 2001) ..................................... 26

*United States v. Stitt,* 250 F.3d 878 (4th Cir. 2001) ...................................... 80, 90, 91

*United States v. Tindale,* 860 F.2d 125 (4th Cir. 1988) ............................................ 59

*United States v. Tipton, et al.,* 90 F.3d 861 (4th Cir. 1996) ............................... passim

*United States v. Ward,* 37 F.3d 243 (6th Cir. 1994) ................................................ 87

*United States v. Weston,* 519 F. Supp. 565 (W.D.N.Y. 1981) ...................... 129, 138

*United States v. Williams-Davis,* 90 F.3d 490 (D.C. Cir. 1996) ............................. 97

*Wainwright v. Witt,* 469 U.S. 412 (1985) ............................................................... 108

*Walton v. Arizona,* 497 U.S. 639 (1990) .................................................................. 24

*Washington v. Murray,* 952 F.2d 1472 (4th Cir. 1992) ........................................... 150

*Whalen v. United States,* 445 U.S. 684 (1980) ................................................... 43, 45

*Wiggins v. Smith,* 123 S. Ct. 2527 (2003) ......................................................... passim

*Williams v. Taylor,* 529 U.S. 420 (2000) ........................................................... passim

*Wilson v. Greene,* 155 F.3d 396 (4th Cir. 1998) ..................................................... 150

*Witherspoon v. Illinois,* 391 U.S. 510, 522 (1968) ............................................. passim

## Statutes

10 U.S.C. § 818 ...................................................................................................... 40

10 U.S.C. § 836(a) ................................................................................................. 40

10 U.S.C. § 856 ...................................................................................................... 40

10 U.S.C. § 918(1), (4) ..................................................................................... 38, 40

18 U.S.C. § 1959 .................................................................................................. 4, 35

18 U.S.C. § 3231 ..................................................................................................... 1

18 U.S.C. § 3595(c) ............................................................................................. 139

18 U.S.C. § 3596(c) ............................................................................................. 145

18 U.S.C. § 924(c) .................................................................................................. 4

21 U.S.C. § 484(c) ................................................................................................ 75

21 U.S.C. § 841 ......................................................................................... 19, 20, 30

21 U.S.C. § 841(a)(1) ............................................................................................. 4

21 U.S.C. § 846 ........................................................................................... 4, 5, 30

21 U.S.C. § 848 ............................................................................................ passim

21 U.S.C. § 848(a) .................................................................................................. 4

21 U.S.C. § 848(e) ............................................................................................. 4, 15

21 U.S.C. § 848(g) ................................................................................................ 15

21 U.S.C. § 848(h) ............................................................................................. 1, 33

21 U.S.C. § 848(h)(1)(B) ............................................................................. 33, 35, 37

21 U.S. C. § 848(h)(1)(D) ..................................................................................... 37

21 U.S.C. § 848(k) ................................................................................................ 15

21 U.S.C. § 848(1) .......................................................................................... 139, 145

21 U.S.C. § 848(n)...................................................................................... 1, 15

21 U.S.C. § 848(n)(1).......................................................................... 7, 34, 35

21 U.S.C. § 848(n)(2)..................................................................................... 35

21 U.S.C. §848(n)(5)......................................................................................... 7

21 U.S.C. § 848(n)(8)......................................................................................... 7

21 U.S.C. § 848(n)(12)................................................................................... 35

21 U.S.C. § 848(o)....................................................................................... 8, 68

21 U.S.C. § 848(o)(2)..................................................................................... 64

21 U.S.C. § 848(q)......................................................................................... 104

21 U.S.C. § 924(c)............................................................................................. 4

28 U.S.C. § 1291 .............................................................................................. 1

28 U.S.C. § 2253(a)........................................................................................... 1

28 U.S.C. §§ 2253(c)(1)(B).............................................................................. 6

28 U.S.C. § 2254 ............................................................................... 47, 48, 100

28 U.S.C. § 2255 ....................................................................................... passim

## Other Authorities

*Classification In Mental Retardation 1* (H. Grossman ed., 1983) ........................ 143

Ellis & Luckasson, Mentally Retarded Criminal Defendants, 53 Geo. Wash. L.
Rev. 414, 422 n.44 (1985) ................................................................................ 143

Flynn, J.R., *Massive IQ Gain in 14 Nations:  What IQ Tests Really Measure,*
Psychological Bulletin 101, 171-191 (1988) .................................................... 144

Flynn, J.R., *The Mean IQ of Americans: Massive Gains From 1932-1978,*
Psychological Bulletin 95, 29-31 (1984) .......................................................... 144

GAO Report To The Senate And House Committees On The Judiciary, Death Penalty Sentencing: Research Indicates Pattern Of Racial Disparities at 5 (Feb. 1990) ..................................................................................................64, 65

Rory K. Little, *The Federal Death Penalty: History And Some Thoughts About The Department of Justice's Role*, 26 Fordham Urb. L.M. 347, 479-480 (March 1999) ..................................................................................................67

The Psychological Corporation, *An Introduction to the Weschsler Adult Intelligence Scale, 3ed (WAIS-III)*, David Tulsksy, Ph.D., et al. (1996)........... 144

United States Constitution, Article I, § 8, cl. 14 ("Clause 14") ............................ 39

United States Constitution, Article I, § I........................................................ 35, 42

United States Sentencing Guidelines ................................................................. 19

## Rules

Fed. R. Civ. P. 52(a) ......................................................................................... 14

Fed. R. Civ. P. 52(b)........................................................................................ 52

Fed. R. Civ. P. 56(f) ........................................................................51, 52, 53, 55

Fed. R. Civ. P. 59(2)......................................................................................... 52

Fed. R. Civ. P. 606(b)....................................................................................... 69

Local Rule 83.5 of the United States District Court for the Eastern District of Virginia ................................................................. 70

Rules for Courts-Martial (RCM), Rule 1004(a)(2) ............................................. 39

Rules for Courts-Martial (RCM), Rule 1004(b)................................................... 39

Rules for Courts-Martial (RCM), Rule 1004(c)................................................... 39

Rule 6(a) Governing Section 2255 Proceedings ................................................. 48

Supreme Court Rule 10(a)................................................................................. 61

Ex. 7 at 2, The Psychological Corporation, *An Introduction to the Weschsler Adult Intelligence Scale, 3ed (WAIS-III)*, David Tulsksy, Ph.D., et al. (1996)[40] at JA 963.

The WAIS-R test that Johnson took in October 1992 was published in 1981 and was based on data collected one year before. *Id.* Thus, the normative data was twelve years old when Johnson took that test. Given I.Q. gains over time, Johnson's full scale I.Q. score of 77 was inflated by at least 3-5 points and possibly more. Allowing for the inflation effect, Johnson's score was actually in the 72-74 range or lower and placed him within the recognized and accepted I.Q. range for mental retardation. Moreover, this corrected 1992 score would be consistent with his 1985 I.Q. score of 69-74 when he was a teenager. Thus, Johnson could have presented a *prima facie* case of mental retardation at the time of his trial had counsel investigated the divergent scores and Flynn's studies on I.Q. testing.

**A.    Johnson's Execution Is Barred By Statute.**

Without an evidentiary hearing, the district court dismissed Johnson's claim that his execution was prohibited even though Johnson presented evidence that refuted the validity of his 1992 I.Q. score. The government offered no evidence that challenged Dr. Flynn's research on I.Q. inflation. And the

---

[40]    Citing Flynn, J.R., *The Mean IQ of Americans: Massive Gains From 1932-1978,* Psychological Bulletin 95, 29-31 (1984); Flynn, J.R., *Massive IQ Gain in 14 Nations: What IQ Tests Really Measure,* Psychological Bulletin 101, 171-191 (1988). JA 975.

government presented no evidence that Dr. Cornell had considered or knew of Dr. Flynn's studies when evaluating Johnson.

The district court also denied Johnson's motion for discovery of the government's policies on, interpretation of, and application of 18 U.S.C. § 3596(c) and 28 U.S.C. § 848(1) in other capital cases. In fact, the Justice Department *refused* to state what criteria it employs when applying §§ 3596(c) and 848(1), or how those statutes have been applied and interpreted by the Justice Department in other criminal cases.[41] Thus, the Justice Department may well have *excluded* other defendants from capital prosecution who exhibited Johnson's very same characteristics. Johnson had presented a *prima facie* claim for relief and discovery. The district court clearly erred in denying Johnson's motions for discovery and an evidentiary hearing to properly develop these issues.

Nevertheless, without any evidence in the form of trial testimony or affidavits, the district court concluded that Dr. Cornell must have considered "possible variations in the testing instrument." JA 2304-05. This conclusion was

---

[41]     In contrast to the Justice Department, the Social Security Administration publishes its criteria for assessing mental retardation. Johnson demonstrated that under the Social Security Regulations he would have qualified as mentally retarded and been eligible for benefits. Ex. 18 and Notice of Supplemental Authority filed 8/17/2000, at JA 1810-1828. The Code of Federal Regulations (CFR) directs that the *lowest* of the three I.Q. scores on the WAIS-R must be used when assessing mental retardation. JA 1822 (at 449, col.2). In October 1992, Johnson's lowest score on the three-part WAIS-R was a 75 verbal, thus placing him within the mental retardation range for Social Security purposes and benefits.

145

not based on any specific testimony or discussion about possible I.Q. inflation. Rather, the court relied only on Dr. Cornell's general testimony at trial that he had "checked his finding and consulted colleagues before concluding that Johnson was not mentally retarded." *Id.* However, Cornell's testimony never addressed the issue Johnson presented to the district court. Furthermore, the government had offered no evidence to refute Johnson's claim that his 1992 I.Q. score was simply erroneous given Dr. Flynn's studies.

Although Johnson presented a *prima facie* case that the 1992 I.Q. testing was flawed and unreliable, the district court faulted Johnson for failing to demonstrate many years after the fact what an accurate I.Q. test administered in 1992 would have shown. JA 2305. This is precisely the type of issue that requires an evidentiary hearing. Many factors influence the accuracy of I.Q. testing -- including the frequency and repetition of I.Q. tests, the testing environment, and the experience of the test administrator, as well as the effects of extended incarceration on the subject. The district court was not qualified to decide the issue without the benefit of expert testimony. Nevertheless, the district court erroneously assumed *without any evidence or authority* that a test many years after the trial could demonstrate what a valid I.Q. score would have been at the time of Johnson's trial. Given the specialized nature of I.Q. testing and the complexities of

146

mental retardation in general, the district court erred in dismissing this claim without hearing testimony from specialists in these areas.

### B.   Defense Counsel Failed To Investigate And Challenge The Accuracy Of Johnson's 1992 I.Q. Test.

The wide variations in Johnson's I.Q. scores standing alone should have suggested to his defense counsel that further inquiry was required. Counsel knew of the disparate scores. No special training was required to realize their potential significance for Johnson's defense. In fact, defense counsel included the testing information in the penalty phase evidence but completely failed to recognize and to argue its significance. JA 6296. During the post-conviction proceedings, defense counsel stated that he had no knowledge of Dr. Flynn's studies. JA 1007-08.

Instead, in his penalty phase opening statement, defense counsel conceded that Johnson was not mentally retarded:

> The law states that mentally retarded persons cannot be executed. And the reasons that they are excluded is because the law recognizes that mentally retarded persons are not totally and completely blameworthy. They are not fully responsible for their actions.
>
> Now, I'm not intending to suggest at this juncture or any other juncture that Cory Johnson is mentally retarded.

JA 6271.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2004, two copies of

the foregoing Brief for Appellants Cory Johnson and Richard Tipton were mailed,

postage prepaid, to:

Robert J. Erickson
Deputy Chief, Criminal Division
Appellate Section
U.S. Department of Justice
Room 6102, Patrick Henry Building
601 D Street, N.W.
Washington, D.C.  20530

*Counsel for the United States*

Paul Enzinna, Esq.
Michael Barta, Esq.
Baker & Botts, L.L.P.
1299 Pennsylvania Avenue
Washington, D.C.  20004-2400
(202) 639-7700
*Counsel for James Roane, Jr.*

G. Wingate Grant
Assistant United States Attorney
Office of the United States Attorney
600 East Main Street
Suite 800
Richmond, Virginia 23219

*Counsel for the United States*

#1232449v2

154