IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

        v.                                        Criminal No.   3:92CR68 (DJN)

COREY JOHNSON,
        Petitioner.

## ORDER
### (Setting Briefing Schedule)

This matter comes before the Court on Petitioner Corey Johnson's ("Petitioner") Motion Pursuant to 28 U.S.C. § 2255 Raising Claims of Ineligibility to be Executed Under 18 U.S.C. § 3596(c) (the "Second § 2255 Petition" (ECF No. 86)), filed on December 14, 2020. Previously, on June 1, 1998, Petitioner filed a petition under 28 U.S.C. § 2255 (the "First § 2255 Petition" (Dkt. No. 714)), raising the issue that Petitioner's mental disability precluded the Government from executing him, among other challenges to his conviction and sentence. After permitting multiple amendments to the First § 2255 Petition, the Court ultimately dismissed the First § 2255 Petition on May 1, 2003. (Dkt. No. 897.) In dismissing the First § 2255 Petition, the Court expressly rejected the argument that 18 U.S.C. § 3596(c) precluded the execution of Petitioner on the grounds of his mental disability, and that Petitioner's counsel was ineffective for not properly raising his mental disability at the sentencing phase. (Dkt. No. 896 at 80-84.) On appeal, the Fourth Circuit affirmed the Court's dismissal of the First § 2255 Petition, stating that "Johnson is not barred from execution due to mental retardation." *United States v. Roane*, 378 F.3d 382, 409 (4th Cir. 2004).

On December 14, 2020, Petitioner filed the Second § 2255 Petition, arguing again that 18 U.S.C. § 3596(c) bars his execution due to mental retardation. However, the Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . ." 28 U.S.C. § 2255(h). Section 2244, in turn, requires that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If a petitioner files a successive petition without authorization from the court of appeals, then the district court dismisses it for want of jurisdiction.

Before addressing the merits of the Second § 2255 Petition, the Court must satisfy itself that it has jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception."). Petitioner has not moved the Fourth Circuit for an order authorizing the Court to consider the Second § 2255 Petition. He argues that the Second § 2255 Petition is not successive, because he could not previously challenge his execution under 18 § U.S.C. 3596(c), thus obviating the need to seek authorization from the Fourth Circuit. (Second § 2255 Petition at 43-50.)

2

Therefore, the Court will order briefing limited to the question of whether Petitioner's Second § 2255 Petition constitutes a successive petition, whether Petitioner must first seek authorization from the Fourth Circuit and whether the Court has jurisdiction to consider the Second § 2255 Petition.  Accordingly, it is hereby ORDERED that the Government file a brief addressing these issues, which shall not exceed fourteen (14) pages, not later than December 21, 2020.  Petitioner shall file any reply, limited to seven (7) pages, not later than December 24, 2020.  Following this briefing, should the Court find that it may consider the merits of the Second § 2255 Petition, the Court will set a briefing schedule to address the merits of the Second § 2255 Petition.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.


It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge


Richmond, Virginia
Dated:  December 15, 2020

3