# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OCT 18 2005

|  |  |  |
|---|---|---|
| CORY JOHNSON, | ) | |
|     Petitioner, | ) | |
|   v. | ) | Crim. Action No. 3:92CR68 |
| | ) | Civil Action No. 3:97CV895 |
| United States of America, | ) | |
|     Respondent. | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| RICHARD TIPTON | ) | |
|     Petitioner, | ) | |
|   v. | ) | Crim. Action No. 3:92CR68 |
| | ) | Civil Action No. 3:98CV361 |
| United States of America, | ) | |
|     Respondent. | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| JAMES H. ROANE, JR. | ) | |
|     Petitioner, | ) | |
|   v. | ) | Crim. Action No. 3:92CR68 |
| | ) | Civil Action No. 3:98CV360 |
| United States of America, | ) | |
|     Respondent. | ) | |
| | ) | |

## MOTION OF THE UNITED STATES TO VACATE THE STAYS OF EXECUTION PREVIOUSLY ENTERED BY THIS COURT AND TO VACATE THE ORDERS SETTING THE TIME, PLACE AND METHOD FOR PETITIONERS' EXECUTIONS

The United States of America hereby moves that this Court vacate its order entered

on February 21, 1997, staying the execution of petitioners' federal death sentences

938

(Docket Entry # 657) and further vacate its earlier orders entered on November 22, 1996

(Docket Entries # 653, 654, & 655), setting the time, place, and method for petitioners'

executions. The relief sought by the United States is warranted for the following reasons:

1. In 1993, petitioners were capitally convicted of committing multiple murders in furtherance of their continuing criminal enterprise, in violation of 21 U.S.C. 848(e), and, in accordance with the jury's recommendation, were each sentenced to death on one or more of the capital counts of conviction. The Fourth Circuit thereafter affirmed petitioners' capital convictions and death sentences on direct review. United States v. Tipton, 90 F.3d 861 (4th Cir. 1996), cert. denied, 520 U.S. 1253 (1997).

2. On November 22, 1996, this Court entered a series of orders (Docket Entries # 653, 654, & 655) setting separate execution dates for each petitioner. Attachment. Each order additionally provided that the United States Marshall "shall supervise the implementation of the sentence[s] of death in the manner prescribed by the law of the Commonwealth of Virginia." Thus, pursuant to the terms of this Court's orders, petitioners' executions were to take place at "the State correctional facility housing the death chamber," and each petitioner was to be allowed to choose electrocution or lethal injection as the method of execution.

3. On February 20, 1997, petitioners filed a Consent Motion to Stay Executions (Docket Entry # 656) so that they could pursue available avenues of review, including certiorari on direct review and motions for collateral review under 28 U.S.C. 2255.

2

4. On February 21, 1997, this Court granted petitioners' motion and stayed their scheduled executions "pending further order of this Court" (Docket Entry # 657). Attachment.

5. There is no reason for this Court to keep the stay order in place. On August 9, 2004, the Fourth Circuit affirmed the denial of federal collateral relief with respect to petitioners Tipton and Johnson and reinstated petitioner Roane's capital conviction and death sentence that had been vacated by this Court. United States v. Roane, 378 F.3d 382 (4th Cir. 2004). On October 3, 2005, the Supreme Court denied certiorari as to each petitioner. See 2005 WL 2413806 (Roane); 2005 WL 470923 (Johnson); 2005 WL 470929 (Tipton). Thus, judicial review of petitioners' initial motions for federal collateral relief is at an end, and successive motions for federal collateral relief are barred, except in the rarest of circumstances. See 28 U.S.C. 2244(b)(1) - (4), 2255 ¶ 8. Because there is no reason why petitioners' executions should not proceed, this Court should vacate its order staying the execution of their death sentences.

6. This Court should also vacate its initial orders setting the time, place, and method of execution. At the time that this Court ordered that petitioners' executions be conducted at "the State correctional facility housing the death chamber" and "in the manner prescribed by the law of the Commonwealth of Virginia," the federal government did not have its own facility for carrying out federal death sentences. That is no longer the case. The federal government now maintains a functioning death chamber at the

3

Terre Haute Federal Correctional Institution, where petitioners currently reside on death row. Since the federal government resumed conducting executions in 2001, all three federal executions that have occurred have been carried out at the Terre Haute facility. There is, in short, no continuing reason for this Court to designate "the State facility housing the death chamber" as the place where petitioners' executions should be carried out.

Nor is there a reason that this Court should set the date for petitioners' executions or require that their executions be implemented "in the manner prescribed by the law of the Commonwealth of Virginia." Under regulations promulgated by the Attorney General, the validity of which were upheld by the Fourth Circuit on direct review (Tipton, 90 F.3d at 901-903), the "date and time" for execution are to be "designated by the Director of the Federal Bureau of Prisons," and the execution itself is to be "[a]t a federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons." 28 C.F.R. §§ 26.3(a)(1) & (a)(2) (2005). So too, the regulations provide that, "[e]xcept to the extent a court orders otherwise, a sentence of death shall be executed * * * [b]y intravenous injection of a lethal substance or substances in a quantity sufficient to cause death." 28 C.F.R. 26.3(a)(4) (2005). There is no reason for this Court to "order[] otherwise." Although 18 U.S.C. 3596 provides that most federal death sentences should be implemented "in the manner prescribed by the law of the State in which the sentence is imposed," that provision applies only to "[a] person who has been sentenced to death

4

pursuant to this chapter" (i.e., the death penalty procedures set out in the Federal Death Penalty Act of 1994 and contained in Chapter 228 of the United States Code) (emphasis added). Because petitioners were sentenced to death pursuant to the procedures contained in 21 U.S.C. 848(e), et seq., and not those contained in Chapter 228, Section 3596's implementation directive does not by its plain terms apply to them. Rather, the implementation of their executions is governed exclusively by the Attorney General's regulations that prescribe lethal injection as the means for implementing federal death sentences.

7. In accordance with the controlling regulations, the Director of the Bureau of Prisons intends to designate dates for petitioners' executions in the immediate future. Their executions will occur at the Terre Haute facility by means of lethal injection. Vacating the stay order will allow petitioners' executions to proceed, and vacating the original date, place and method orders will eliminate any confusion between the terms of those orders and the Attorney General's regulations that will inform the Director's future designation.

WHEREAS, for the foregoing reasons, the Court should dissolve the previously entered stays of execution and vacate its order setting the time, place, and method of execution.

Respectfully submitted.

PAUL J. McNULTY
United States Attorney

G. WINGATE GRANT
Assistant United States Attorney

ROBERT J. ERICKSON
Attorney
U.S. Department of Justice
Robert F. Kennedy Bldg., Rm. 1515
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 514-2841
Fax: (202) 305-2121

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the Motion of the United States to Vacate the Stays of Execution Previously Entered by this Court and to Vacate the Orders Setting the Time, Place and Method For Petitioners' Execution were served this day by overnight delivery on petitioners' counsel at the following addresses:

Paul Enzinna
Heather M. McCann
Baker & Botts, L.L.P.
1299 Pennsylvania Avenue
Washington, D.C.  20004

Counsel for Roane

Edward E. Scher
Thorsen & Scher, LLP
3810 Augusta Avenue
Richmond, Virginia 23230-3910

Barbara L. Hartung
Suite 1600
700 East Main Street
Richmond, Virgnia 23219

Counsel for Johnson

Dated: October 17, 2005

Stephen Northup
Troutman Sanders LLP
1001 Haxal Point
Richmond, VA.  23219

Frederick R. Gerson.
Robinson, Carl & Gerson
7102 Three Chopt Road
Richmond, VA.  23226

Counsel for Tipton

Robert J. Erickson
Deputy Chief,
Criminal Division
Appellate Section
Robert F. Kennedy Bldg, Room 1515
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
(202) 514-2841

7

# Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.

RICHARD TIPTON, a/k/a Whittey

Defendant.

Criminal Action Number 3:92CR68-01

F I L E D

NOV 22 1996

## ORDER

Pursuant to instructions from the United States Court of Appeals for the Fourth Circuit to enter an order of execution in accordance with regulations promulgated by the Attorney General, it is hereby ORDERED that:

1. The Attorney General shall release Richard Tipton, a/k/a Whittey, to the custody of a United States Marshal who shall supervise implementation of the sentence of death, in the manner prescribed by the law of the Commonwealth of Virginia. Va. Code Ann. §§ 53.1-232 - 236 (Michie 1994 & Supp. 1996);

2. The United States Marshal charged with supervising the implementation of the sentence of death may use appropriate State or local facilities and services of an appropriate State or local official for the purpose, and shall pay the costs thereof in an amount approved by the Attorney General;

3. The sentence shall be executed by electrocution or by continuous intravenous injection of a substance or combination of substances sufficient to cause death;

## FILE COPY

4.    The method of execution shall be chosen by the prisoner. In the event the prisoner refuses to make a choice at least fifteen days prior to the scheduled execution, the method of execution shall be by lethal injection;

5.    The sentence shall be executed on March 6, 1997.

6.    Not less than four (4) days before the time fixed in this Order for the execution of the sentence, the United States Marshal, in conjunction with the Director of the Virginia Department of Corrections, shall cause Richard Tipton, a/k/a Whittey, to be conveyed to the State correctional facility housing the death chamber; and

7.    The United States Marshal designated to supervise the implementation of the sentence of death shall certify the fact of the execution to this Court by filing an appropriate document with the Clerk of this Court.

The Clerk is directed to send a copy of this Order to all counsel of record, the Attorney General, and the Director of the Virginia Department of Corrections.

And it is SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

_____
DATE

:NOV 2  15.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.

CORY JOHNSON, a/k/a "CO"
*27832-054*                    Defendant.

Criminal Action Number 3:92CR68-02

## ORDER

Pursuant to instructions from the United States Court of Appeals for the Fourth Circuit to enter an order of execution in accordance with regulations promulgated by the Attorney General, it is hereby ORDERED that:

1.      The Attorney General shall release Cory Johnson, a/k/a "CO", to the custody of a United States Marshal who shall supervise implementation of the sentence of death, in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann. §§ 53.1-232 - 236 (Michie 1994 & Supp. 1996);

2.      The United States Marshal charged with supervising the implementation of the sentence of death may use appropriate State or local facilities and services of an appropriate State or local official for the purpose, and shall pay the costs thereof in an amount approved by the Attorney General;

3.      The sentence shall be executed by electrocution or by continuous intravenous injection of a substance or combination of substances sufficient to cause death;

**FILE COPY**

4.      The method of execution shall be chosen by the prisoner. In the event the prisoner refuses to make a choice at least fifteen days prior to the scheduled execution, the method of execution shall be by lethal injection;

5.      The sentence shall be executed on March 20, 1997.

6.      Not less than four (4) days before the time fixed in this Order for the execution of the sentence, the United States Marshal, in conjunction with the Director of the Virginia Department of Corrections, shall cause Cory Johnson, a/k/a "CO", to be conveyed to the State correctional facility housing the death chamber; and

7.      The United States Marshal designated to supervise the implementation of the sentence of death shall certify the fact of the execution to this Court by filing an appropriate document with the Clerk of this Court.

The Clerk is directed to send a copy of this Order to all counsel of record, the Attorney General, and the Director of the Virginia Department of Corrections.

And it is SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

NOV 2 2
_____
DATE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NOV 2 2 1996

UNITED STATES OF AMERICA

v.

Criminal Action Number 3:92CR68-03

JAMES H. ROANE, JR., a/k/a "J.R."
#33933-083                        Defendant.

## ORDER

Pursuant to instructions from the United States Court of Appeals for the Fourth Circuit to enter an order of execution in accordance with regulations promulgated by the Attorney General, it is hereby ORDERED that:

1.      The Attorney General shall release James H. Roane, Jr., a/k/a "J.R.", to the custody of a United States Marshal who shall supervise implementation of the sentence of death, in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann. §§ 53.1-232 - 236 (Michie 1994 & Supp. 1996);

2.      The United States Marshal charged with supervising the implementation of the sentence of death may use appropriate State or local facilities and services of an appropriate State or local official for the purpose, and shall pay the costs thereof in an amount approved by the Attorney General;

3.      The sentence shall be executed by electrocution or by continuous intravenous injection of a substance or combination of substances sufficient to cause death;

**FILE COPY**

4.    The method of execution shall be chosen by the prisoner. In the event the prisoner refuses to make a choice at least fifteen days prior to the scheduled execution, the method of execution shall be by lethal injection;

5.    The sentence shall be executed on April 3, 1997.

6.    Not less than four (4) days before the time fixed in this Order for the execution of the sentence, the United States Marshal, in conjunction with the Director of the Virginia Department of Corrections, shall cause James H. Roane, Jr., a/k/a "J.R.", to be conveyed to the State correctional facility housing the death chamber; and

7.    The United States Marshal designated to supervise the implementation of the sentence of death shall certify the fact of the execution to this Court by filing an appropriate document with the Clerk of this Court.

The Clerk is directed to send a copy of this Order to all counsel of record, the Attorney General, and the Director of the Virginia Department of Corrections.

And it is SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE


_____NOV 2 2_____
DATE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:92CR68 |
| | ) | Spencer, J. |
| RICHARD TIPTON, COREY | ) | |
| JOHNSON and JAMES H. | ) | |
| ROANE, JR., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER**

Upon consideration of Defendants' Consent Motion to Stay Executions, it is hereby

ORDERED that:

1. The Motion be, and hereby is, GRANTED; and

2. The executions previously scheduled by this Court for March 6, 1997, for Mr.

Tipton, March 20, 1997, for Mr. Johnson, and April 3, 1997 for Mr. Roane, are

hereby STAYED pending further order of this Court.

And it is SO ORDERED.

UNITED STATES DISTRICT JUDGE

A TRUE COPY-TESTE
CLERK, U.S. DISTRICT COURT
BY: _Mudall. McDonald_
DEPUTY CLERK

February 21, 1997
_____
Date

**FILE COPY**

