IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                                    Criminal No. 3:92cr68 (DJN)

COREY JOHNSON,
    Defendant.

## MEMORANDUM ORDER
### (Denying Motion to Vacate)

This matter comes before the Court on Defendant Corey Johnson's ("Defendant") Motion to Vacate 2005 Amendment to the Judgment and Order (the "Motion" (ECF No. 107)), moving the Court to vacate its order issued on November 17, 2005 (the "Execution Order" (Dkt No. 949)), directing the manner in which Defendant's execution would occur. For the reasons set forth below, the Court hereby DENIES Defendant's Motion.

## I.    BACKGROUND[1]

On June 1, 1993, following a jury trial and penalty hearing, the Court entered the Judgment in a Criminal Case, sentencing Defendant to death for seven murder convictions, along with sentences for various other convictions. (the "Judgment" (Dkt. No. 593).) However, the Court refused to enter a separate order implementing the execution and stayed the execution until such time as Congress had authorized the means of execution. *United States v. Roane*, 378 F.3d 382, 392 (4th Cir. 2004). On appeal, the Fourth Circuit vacated the stay of the death sentences and remanded for the executions to proceed in accordance with regulations promulgated by the

---

[1] The Court has recently had occasion to recite the facts surrounding these gruesome murders (ECF Nos. 75, 102) and, therefore, will forego a full recitation of the factual and procedural background. Instead, it will focus only on the procedural background that bears on the resolution of Defendant's instant Motion.

Attorney General. *United States v. Tipton*, 90 F.3d 861, 901-03 (4th Cir. 1996).

On November 22, 1996, the Court entered an order implementing the sentence based on the Fourth Circuit's instructions. (Dkt. No. 653.) Pursuant to the then-current regulations promulgated by the Attorney General, the Court ordered the United States Marshal to implement Defendant's death sentence on March 20, 1997, in Virginia and in the manner prescribed by Virginia law. At the time that the Court entered this initial execution order, the federal government did not maintain a death chamber. On February 21, 1997, granting a consent motion, the Court stayed the scheduled executions "pending further order of this Court." (Dkt. No. 657.)

On October 18, 2005, after Defendant exhausted his collateral attacks on the sentence, the Government moved the Court to vacate its order staying the execution and its initial orders setting the time, place and method of execution, because the federal government had built a functioning death chamber. (Dkt. No. 938 at 4-5.) In opposing the Government's motion, Defendant did not challenge the Court's jurisdiction or suggest in any way that the Court lacked the authority to enter new execution orders. (Dkt. No. 941 at 2-3.) On November 17, 2005, the Court entered an order vacating the stay of execution. (Dkt. No. 944.) The Court further entered the Execution Order, directing that the execution would occur by lethal injection at a time and place designated by the Director of the Federal Bureau of Prisons. (Dkt. No. 946.) Neither order purported to amend the Judgment. Defendant did not appeal either order.

On November 20, 2020, the Government informed Defendant that it had scheduled his execution to occur on January 14, 2021. (ECF No. 78.) Defendant currently has three appeals pending in the Fourth Circuit, including the Court's Orders denying his motion under the First Step Act (ECF No. 75) and dismissing his successive § 2255 petition (ECF No. 102), as well as

an application to the Fourth Circuit for authorization to file a successive § 2255 petition.

Finally, on January 10, 2021, Defendant filed the instant Motion to vacate the Court's Execution Order. Defendant argues that the Court lacked jurisdiction to alter Defendant's sentence in 2005, because a sentence can be modified only in limited circumstances. But, Defendant does not identify the procedural mechanism through which he moves the Court for the requested relief. The Government opposes the Motion on the grounds that the Execution Order did not modify the Judgment and, in any event, Defendant's challenge fails for untimeliness. (Government's Response Opposing Motion to Vacate ("Govt's Opp'n") (ECF No. 110) at 6-7.)

## II.   ANALYSIS

As a threshold matter, the Court agrees with the Government that the Execution Order did not modify the Judgment. Instead, it modified the orders directing how the Judgment would be implemented. This fact forecloses Defendant's arguments, as he grounds his Motion in the finality of criminal *judgments*. However, even assuming that the Execution Order merged with the Judgment, Defendant's Motion still fails for the reasons that follow.

In arguing that the Execution Order merged with the Judgment, Defendant therefore asks this Court to vacate what he deems the Court's sentencing order. Courts operate under a "baseline rule of sentence finality," which states that "[g]enerally, sentences may not be modified once imposed." *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). Only a few limited exceptions exist, none of which applies here. Federal Rule of Criminal Procedure 35 provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).[2] Here, Defendant certainly missed the fourteen-day window to move under Rule 35. Moreover, Defendant points

---

[2]     Rule 35(b) allows for a sentence reduction for substantial assistance to the Government, but that provision also does not apply here.

to no arithmetical, technical or other error in the Execution Order that requires correction. Instead, he challenges generally the entry of the Execution Order. He does not challenge any particular error contained therein. As such, Rule 35 does not apply.

Likewise, Congress provided exceptions to the rule of sentence finality in 18 U.S.C. § 3582, which provides that the "court may not modify a term of imprisonment once it has been imposed except" for "extraordinary and compelling reasons," for certain elderly prisoners, as "otherwise expressly permitted by statute" or pursuant to sentencing range reductions. 18 U.S.C. § 3582(c). Defendant offers no extraordinary and compelling reasons that would justify vacating the Execution Order. Nor does he point to a statute expressly permitting the vacatur. Likewise, he cannot qualify for the elderly exception or the sentencing range reduction exception.

The case that Defendant most heavily relies upon, *United States v. Higgs*, actually cuts against his argument. 2020 WL 7707165 (D. Md. Dec. 29, 2020). There, the Government asked the Court to amend its original judgment from 2001 to alter the procedures for implementation of the death sentence. *Id.* at *3. The court denied the motion, stating that it "lacks authority to amend the judgment as to the place of execution." *Id.* at *4. As the court in *Higgs* noted, "[t]he Fourth Circuit has taken a very narrow view of the authority of district courts to amend *any* aspect of a criminal sentence in the absence of an explicitly recognized exception authorizing such amendment." *Id.* For support, the court cited *United States v. Jones*, where the Fourth Circuit held that the district court lacked authority to amend a judgment entered four years earlier, even though the amendment would have brought the sentence in compliance with subsequent case law. *Id.* (citing 238 F.3d 271, 272-73 (4th Cir. 2001)). As the Fourth Circuit has instructed, the Court must take a narrow view of its authority to amend any aspect of Defendant's criminal sentence. Accordingly, like the district court in Maryland, the Court here

4

lacks the authority to vacate its 2005 Execution Order.

Because Defendant cannot invoke Rule 35 or § 3582, a habeas petition remains the only vehicle by which he could challenge the Execution Order. *See United States v. Hartwell*, 448 F.3d 707, 714-15 (4th Cir. 2006) ("Any challenges to a criminal judgment after the appellate process is complete therefore may generally be brought only pursuant to a specific authorization for collateral review, such as 28 U.S.C. § 2255."). The federal habeas statute provides that a prisoner may move to vacate his sentence if "the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). Here, although Defendant does not style the Motion as a § 2255 petition, he has moved the Court to vacate the sentence for lack of jurisdiction. However, even construing Defendant's Motion as a § 2255 petition, the Motion fails as both untimely and meritless.

Section 2255 states that a one-year "period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The statute lists four separate triggering times, with the limitation period running from the latest date. Because Defendant cannot point to any circumstances that would lead to a later date, the limitation period to move to vacate the Execution Order began to run on November 17, 2005, the date that the Court entered it. Accordingly, Defendant's Motion — filed over fifteen years after that date — falls well beyond the statute of limitations and, therefore, is time-barred.[3]

Although the Court need not reach the merits of the Motion, it would fail even if he had timely filed it. In claiming that the Court lacked jurisdiction to enter the Execution Order, thereby rendering it a legal nullity, Defendant conflates the rules limiting the Court's authority to

---

[3]    The Court finds that the Government properly raised the statute of limitations defense, especially given that Defendant failed to style his Motion as a § 2255 petition. (*See* Govt's Opp'n at 7 ("Johnson may not . . . disregard the one-year time limit for § 2255 motions." (*citing* 28 U.S.C. § 2255(f))).)

reduce a sentence with the limits of subject-matter jurisdiction. Of course, "any action by a court without subject-matter jurisdiction is 'ultra vires' and therefore void." *Hartwell*, 448 F.3d at 715. However, the Supreme Court has noted that not all rules described as "jurisdictional" implicate subject-matter jurisdiction. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Subject-matter jurisdiction relates to "prescriptions delineating the classes of cases . . . and the persons . . . falling within the court's adjudicatory authority." *Id.* at 455. Other rules relating to how and when the parties and the Court may act do not qualify as jurisdictional and, instead, constitute "claim-processing rules." *Id.*

The Court undoubtedly had subject-matter jurisdiction over this criminal prosecution. The rules that Defendant claims precluded the Court from entering the Execution Order constituted claims-processing rules that did not strip the Court of its subject-matter jurisdiction. *See, e.g., United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015) (collecting cases holding that "district courts have subject-matter jurisdiction over — that is, the power to adjudicate — a § 3582(c) motion even when authority to grant a motion is absent because the statutory criteria are not met"). Moreover, the inflexibility of the rule of sentence finality does not render it jurisdictional. *Kontrick*, 540 U.S. at 456 (noting the "critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule"). Because the Court had subject-matter jurisdiction, Defendant's argument that the Execution Order lacks legal validity must fail.

With no jurisdictional argument to raise, Defendant waived any right to argue that the Court lacked the authority to enter the Execution Order. Claim-processing rules "even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." *Id.* Defendant did not raise the Court's lack of authority in

6

opposing the Government's motion to alter the execution orders in 2005. Defendant did not appeal the Execution Order in 2005. Indeed, Defendant did not raise the issue of the Court's authority to enter the Execution Order until over fifteen years after its entry. Accordingly, Defendant has forfeited his challenge to the Court's authority to enter the Execution Order.

## III.   CONCLUSION

Because the time to challenge the Execution Order has long passed, the Court hereby DENIES Defendant's Motion (ECF No. 107).

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Date: January 12, 2021

7