IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal no. 3:92-cr-68-04 |
| | ) | |
| VERNON LANCE THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**United States' Response Opposing Section 404 Motion**

Vernon Lance Thomas seeks a sentence reduction under § 404 of the First Step Act.  As explained below, this Court should deny the motion.  Thomas does not have a conviction for a covered offense, and even if he were deemed to have a conviction for a covered offense, this Court should in its discretion deny relief.

## I.      Background

Thomas was convicted at trial under 21 U.S.C. § 848(e)(1)(A) for the murders of three people—Louis J. Johnson, Jr., Curtis Thorne, and Linwood Chiles—in counts 11, 25, and 26.  Thomas was also convicted under 18 U.S.C. § 1959(a)(1) of the murders of Louis J. Johnson, Jr., Torrick Brown, Curtis Thorne, and Linwood Chiles—in counts 13, 14, 28, and 29.  In addition, Thomas was found guilty under 18 U.S.C. § 1959(a)(2) of the grave maimings of Gwendolyn Greene and Priscilla Greene who were with Curtis Thorne and Linwood Chiles when they were murdered.  Gwendolyn Greene was shot in the neck, and her sister, Priscilla, was shot in the head.  Gwendolyn was paralyzed by the shooting, and Priscilla "suffered a partial loss of brain tissue" from the shooting.  *United States v. Reavis*, 48 F.3d 763, 766 (4th Cir. 1995).  As

Thomas's PSR noted, "Gwendolyn Green needs 24 hour care. The family is not able to afford this medical treatment and they have utilized a rotating schedule trying to care for Gwendolyn." PSR ¶ 103. Thomas was also convicted under 18 U.S.C. § 1959 for shooting Martha McCoy in front of her young children, while Thomas and his fellow gang members murdered Torrick Brown.

In affirming Thomas's numerous convictions, the Fourth Circuit explained that "Thomas was one of the four principal players" in a drug ring, the New York Boyz, and although Thomas was tried separately from the other three principal players, Cory Johnson, James H. Roane, Jr., and Richard Tipton, and did not receive a death sentence like those three, "Thomas was classified as one of the ring's 'partners' who oversaw the actions of the ring's many workers." *Reavis*, 48 F.3d at 766.

As the Court is aware, Cory Johnson's death sentence was lawfully carried out this year, and as the Fourth Circuit noted in Thomas's direct appeal, Thomas was directly involved in some of Johnson's murders. Thomas and Linwood Chiles, one of the drug ring's workers, had been arrested in a drug raid, and when Thomas heard that Chiles would be testifying against him, Thomas asked Johnson, who had not been arrested, to take care of Linwood Chiles after his release from jail. *Reavis*, 48 F.3d at 766. On February 19, 1992, with Tipton standing by, Johnson ordered Chiles to put his head on a steering wheel and shot him to death. Curtis Thorne, who was with Chiles in the car and owed a drug debt, was also shot to death, and Priscilla and Gwendolyn Greene were simply in the wrong place at the wrong time.

Thomas participated himself in killing Louis J. Johnson, Jr. on January 29, 1992, because Louis Johnson had threatened members of the drug conspiracy. Thomas, James Roane, and Cory Johnson stepped out of a car after finding Louis Johnson (who was unrelated to Cory), and

2

Roane walked up with an Uzi, pulled the trigger, but had the gun fail to fire.  One witness testified that Thomas then pulled out a gun and shot Louis Johnson in the head, and a "second witness testified that Thomas and two of his co-defendants shot Johnson." *Reavis*, 48 F.3d at 771.  But both witnesses identified Thomas as among the shooters.

Thomas similarly was directly involved in and culpable for the murder of Torrick Brown and maiming of Martha McCoy.  As the Fourth Circuit summarized, "The record reveals that Thomas was one of three members of the drug ring who went to Torrick Brown's house on February 1, 1992; that Thomas was armed when he approached the house; that the gun used to kill Brown and to maim McCoy was seized from the house in which Thomas was arrested the following day; and that Thomas told a co-conspirator on the phone that he wanted McCoy killed because she could identify him as one of Brown's killers." *Reavis*, 48 F.3d at 772.

## II.    Analysis

In contending that he has a covered offense under § 404 of the First Step Act, Thomas relies on his conviction in count 1 for conspiring to distribute 50 grams or more of crack cocaine. Although such an offense would count as a covered offense, Thomas does not have a conviction under § 846 any longer.  In his direct appeal, Thomas succeeded in having the § 846 conviction vacated because the conspiracy conviction could not stand in light of Thomas's conviction under 21 U.S.C. § 848(a) and (c).  *See Reavis*, 48 F.3d at 772–73.  A defendant cannot obtain a sentence reduction for a count that has been vacated and no longer carries any sentence.

Thomas does not argue that his convictions under 21 U.S.C. § 848(a) and (c) or his murder convictions under 21 U.S.C. § 848(e)(1)(A) are covered offenses.  And for the reasons discussed below, those convictions cannot be deemed covered offenses.  Thomas likewise does not contend, and there are no colorable arguments to support, that his convictions under 18

3

U.S.C. § 924(c) and under 18 U.S.C. § 1959 are covered offenses.  Finally, Thomas's conviction in count 33 of possession with intent to distribute crack cocaine under 21 U.S.C. § 841(b)(1)(C) is not a covered offense given that the Supreme Court recently held that such an offense is not a covered offense in *Terry v. United States*, 141 S. Ct. 1858 (2021).

Although Thomas has not contended otherwise, the United States addresses below why his convictions under § 848(a) and (c) and under § 848(e)(1)(A) are not covered offenses.

As an initial matter, courts have consistently held that a murder conviction under § 848(e)(1)(A) is not a covered offense within the meaning of § 404(a).  *See United States v. Fletcher*, 997 F.3d 95 (2d Cir. 2021); *United States v. Snow*, 967 F.3d 563 (6th Cir. 2020) (per curiam).  Indeed, this Court concluded that § 848(e)(1)(A) is not a covered offense.  *See United States v. Roane*, 2020 WL 6370984 (E.D. Va. Oct. 29, 2020).  And when Thomas's codefendant, Cory Johnson, sought a stay of his execution, arguing in part that his convictions under § 848(e)(1)(A) should be deemed covered offenses, the Fourth Circuit denied a stay of execution after an en banc vote, *United States v. Johnson*, 838 F. App'x 765 (4th Cir. 2021), and the U.S. Supreme Court likewise denied a stay, *Johnson v. United States*, 141 S. Ct. 1233 (2021).

The outcomes of *Fletcher*, *Snow*, *Roane*, and *Johnson* are further reinforced by the Supreme Court's recent interpretation in *Terry* of which offenses are covered offenses under § 404(a).  The United States addresses *Terry*'s implications next.

Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."  § 404(a), 132 Stat. 5222 (citation omitted).  Before *Terry*, the Fourth Circuit had held that "[t]he most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain

4

sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'"  *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019). *Wirsing* concluded that "[b]ecause 'Federal criminal statute' appears closer to 'statutory penalties for which' than does 'violation,' it is more natural to attach 'penalties' to 'statute' than to 'violation.'"  *Id*.

In *United States v. Woodson*, 962 F.3d 812 (4th Cir. 2020), the Fourth Circuit applied *Wirsing* and concluded that a crack offense under 21 U.S.C. § 841(b)(1)(C) is a "covered offense."  To conclude that a crack offense under § 841(b)(1)(C) counts as a covered offense, this Court took into account the entire penalty scheme appearing in 21 U.S.C. § 841(b)(1), rather than evaluating the Fair Sentencing Act's effect on the statutory penalties for a § 841(b)(1)(C) violation.

In light of *Woodson* and *Wirsing* a defendant might argue that a conviction in violation of 21 U.S.C. § 848(a) constitutes a "covered offense" if either (1) the underlying "series of violations"—an element of the CCE offense—include crack trafficking offenses in violation of 21 U.S.C. § 841, or (2) the penalties for the offense of conviction incorporate by reference the threshold drug weights in 21 U.S.C. § 841(b).

But the Supreme Court rejected the doctrinal framework on which such an argument depends.  Disagreeing with the reasoning of *Wirsing*, the Supreme Court held that in § 404(a), "'statutory penalties' references the entire, integrated phrase 'a violation of a Federal criminal statute.'"  *Terry*, 141 S. Ct. at 1862 (citing *United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020)).  The Supreme Court continued that the full phrase "means 'offense,'" and "[w]e thus ask whether the Fair Sentencing Act modified the statutory penalties for petitioner's offense."  *Id*.

5

Applying that standard, the Supreme Court held that a crack offense under 21 U.S.C. § 841(b)(1)(C) is not a covered offense, abrogating *Woodson*. As the Supreme Court explained, the Fair Sentencing Act did not modify the statutory penalties for a crack offense under § 841(b)(1)(C). The Court continued that both before and after the Fair Sentencing Act, the statutory penalties for a crack offense under § 841(b)(1)(C) remained the same—0 to 20 years imprisonment, a fine of up to $1 million, or both, and a period of supervised release. *Terry*, 141 S. Ct. at 1862–63.

In contrast, the Fair Sentencing Act did modify the "statutory penalties" for a crack offense under §§ 841(a), (b)(1)(A)(iii) and §§ 841(a), (b)(1)(B)(iii), provisions that trigger higher mandatory minimums and higher statutory maximums depending on the quantity of crack cocaine involved. "The Fair Sentencing Act plainly 'modified' the 'statutory penalties' for those [offenses]. It did so by increasing the triggering quantities from 50 grams to 280 grams in subparagraph (A) and from 5 grams to 28 in subparagraph (B)." These changes are in turn reflected in the elements for those offenses. *Terry*, 141 S. Ct. at 1863. "But no statutory penalty changed for subparagraph (C) offenders." *Id*.

In deciding that a crack offense under § 841(b)(1)(C) is not a covered offense, the Supreme Court rejected that a defendant could claim that a crack offense under § 841(b)(1)(C) is a covered offense by arguing that the Fair Sentencing Act modified the "penalty statute" or "penalty scheme." The Supreme Court explained that the definition of a covered offense in § 404(a) "directs our focus to the statutory penalties for petitioner's *offense*, not the statute or statutory scheme." *Terry*, 141 S. Ct. at 1863. Moreover, the Court added, "[e]ven if the 'penalty statute' or 'penalty scheme' were the proper focus, neither was modified for subparagraph (C) offenders," for even offenders with greater than 5 or 50 grams of crack could have charged and

6

prosecuted under subparagraph (C). *Id*. It "defies common parlance," the Court concluded, "to say that altering a *different* provision modified subparagraph (C). If Congress abolished the crime of possession with intent to distribute, prosecutors would have to bring charges under the lesser included offense of simple possession. But nobody would say that abolishing the first offense changed the second." *Id*. at 1864.

The Supreme Court's reasoning in *Terry* shows that defendant's offense under 21 U.S.C. § 848(a) and (c) is not a covered offense. In determining whether an offense is a covered offense under § 404(a) of the First Step Act, *Terry* held that a court must determine "whether the Fair Sentencing Act modified the statutory penalties for petitioner's offense." *Terry*, 141 S. Ct. at 1862. But because the statutory penalty range for a violation of 21 U.S.C. § 848(a) and (c) remains the same before and after the Fair Sentencing Act—20 years to life imprisonment, a fine, and a term of supervised release—defendant's offense is not a covered offense under § 404. Nothing that the Fair Sentencing Act modified the statutory penalty range for an offense under § 848(a) and (c), the prerequisite that *Terry* requires for an offense to fall under § 404(a). *Terry* is also clear that a crime is not a "covered offense" merely because some aspect of the overarching statutory scheme, governing other offenses, was modified by the Fair Sentencing Act. Instead, the analysis turns on whether the statutory penalty range was changed for the defendant's actual offense of conviction—and here, that approach forecloses relief.

The statutory text of § 848(a) and (c) confirms this point because nothing in that text was modified by the Fair Sentencing Act, and in particular, reflecting the absence of any change to the text of § 848(a) and (c), the Fair Sentencing Act did not alter the statutory penalty range in § 848(a). Indeed, nothing in § 848(a) and (c) even differentiates between an offense that involved crack cocaine and other controlled substances—just like § 841(b)(1)(C). And when

crack cocaine is involved in an offense under § 848(a) and (c), the statutory penalty range does not change—again just like § 841(b)(1)(C).

The definition of a continuing criminal enterprise is set forth in 21 U.S.C. § 848(c):

For purposes of subsection (a), a person is engaged in a continuing criminal enterprise if--

(1) he violates any provision of this subchapter or subchapter II the punishment for which is a felony, and
(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II--
     (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
     (B) from which such person obtains substantial income or resources.

The Fourth Circuit has explained that the elements of an offense under 21 U.S.C. § 848(a) and (c), and those elements do not alter the statutory penalty range depending on whether crack was involved, much less alter the statutory penalty range depending on the quantity of crack involved. *See, e.g., United States v. Stewart*, 256 F.3d 231, 254 (4th Cir. 2001); *United States v. Hall*, 93 F.3d 126, 129 (4th Cir. 1996), abrogated on other grounds by *Richardson v. United States*, 526 U.S. 813 (1999); *United States v. Heater*, 63 F.3d 311, 316–17 (4th Cir. 1995); *United States v. Ricks*, 882 F.3d 885, 890–91 (4th Cir. 1989).

The elements of an offense under § 848(a) and (c) are as follows:

(1) the defendant committed a felony violation of the federal drug laws; (2) such violation was part of a continuing series of violations of the drug laws; (3) the series of violations were undertaken by the defendant in concert with five or more persons; (4) the defendant served as an organizer or supervisor, or in another management capacity with respect to these other persons; and (5) the defendant derived substantial income or resources from the continuing series of violations.

*Stewart*, 256 F.3d at 254.

8

In short, a defendant is not exposed to a penalty range that is greater than 20 years to life depending on whether the offense involved crack or involved more than 5 or 50 grams of crack. Under *Terry*, that is the end of the inquiry.

Any contrary argument cannot be reconciled with *Terry*. First, it does not matter that the requirements in § 848(c) could be satisfied by proving crack offenses that are deemed covered offenses under § 404. The statutory penalty range for § 848(a) and (c) does not change depending on whether a crack offense falls under § 841(b)(1)(C) or § 841(b)(1)(A) or (B). As *Terry* notes, a subsection (A) or (B) crack offense could be charged under subsection (C), and if it were, for purposes of § 848(c), nothing would be different. Literally every covered offense that might be used to prove a violation under § 848(c) could equally be proven by substituting the lesser included offense of a violation of § 841(b)(1)(C), which *Terry* holds is not a covered offense, and nothing would change for the § 848(a) and (c) offense. These points simply reinforce the straightforward conclusion that the Fair Sentencing Act does not alter the statutory penalty range for a § 848(a) and (c) offense.

Although the government must prove a series of violations of the federal drug laws, and the Fair Sentencing Act did modify some of the statutory penalty ranges for certain crack offenses, the Fair Sentencing Act simply did not modify the statutory penalty range for § 848(a) and (c) offense. As the Supreme Court explained, § 404(a) "directs our focus to the statutory penalties for petitioner's *offense*, not the statute or statutory scheme." *Terry*, 141 S. Ct. at 1863.

The focus on distinct offenses under § 848 is reflected in the precedent from courts of appeals even before *Terry*. Courts of appeals have correctly held, for example, that a drug-related murder under 21 U.S.C. § 848(e)(1)(A) is not a covered offense. *See, e.g., United States v. Fletcher*, 997 F.3d 95 (2d Cir. 2021); *United States v. Snow*, 967 F.3d 563 (6th Cir. 2020) (per

9

curiam); *United States v. Roane*, 2020 WL 6370984 (E.D. Va. Oct. 29, 2020) (unpublished); *cf.*

*Johnson v. United States*, 141 S. Ct. 1233 (2021) (denying stay of execution for defendant who

argued that § 848(e)(1)(A) offense is covered offense under § 848(e)(1)(A)); *United States v.*

*Johnson*, 838 F. App'x 765 (4th Cir. 2021) (denying petition for rehearing en banc for stay of

execution raising whether defendant's § 848(e)(1)(A) offense is a covered offense).  Under

*Terry*, the conclusions in those cases about murder offenses under § 848(e)(1)(A) should not

change even if a violation of § 848(a) and (c)—or a violation of § 848(b)—were deemed a

covered offense.  The Supreme Court's ruling in *Terry* compels that each offense under a statute

be analyzed separately, and as *Terry* illustrates, different elements yield different offenses.

Section 848(e)(1)(A) creates a separate substantive offense, *United States v. NJB*, 104

F.3d 630, 633 (4th Cir. 1997), and indeed, itself encompasses a number of discrete offenses,

*United States v. Hager*, 721 F.3d 167, 179–80 (4th Cir. 2013) (describing three distinct prongs of

§ 848(e)(1)(A), only one of which involves § 841(b)(1)(a)).  At best a defendant could argue that

when a § 848(e)(1)(A) offense requires proof that a defendant was "engaging in an offense

punishable under section 841(b)(1)(A) of this title," then and only then is an § 848(e)(1)(A)

offense a covered offense.  But as the Second and Sixth Circuits have explained, even in that

situation, the use of § 841(b)(1)(A) in § 848(e)(1)(A) does not increase the statutory penalty

range of § 848(e)(1)(A), and hence, the Fair Sentencing Act does not modify the statutory

penalty range for an § 848(e)(1)(A) murder, which remains 20 years to life or death.  *Fletcher*,

997 F.3d at 97 (citing *United States v. Guerrero*, 813 F.3d 462, 466 (2d Cir. 2016)); *Snow*, 967

F.3d at 564.  At most, the Fair Sentencing Act could be said to eliminate criminal liability for

certain offenses under § 848(e)(1)(A), but that cannot fairly be said to be encompassed by § 404,

which permits sentence reductions, not the elimination of a conviction.  *Fletcher*, 997 F.3d at 98;

*Snow*, 967 F.3d at 565.  Under § 404(b), a court may impose a reduced sentence for a covered offense, but reducing a sentence is distinct from eliminating criminal liability.  Of course, here, Thomas was separately convicted of an offense under § 848(a) and (c), and that formed the basis for his criminal liability under § 848(e)(1)(A).

Similarly, § 404 could not be deemed implicitly to have eliminate criminal liability in light of the Savings Statute, 1 U.S.C. § 109.  Section 109 requires that a "repealing Act shall … expressly provide" for "releas[ing] or extinguish[ing] any penalty, forfeiture, or liability incurred" under an earlier statute.  But the First Step Act did not expressly eliminate criminal liability, as § 109 requires.  *See, e.g., United States v. Stitt*, 552 F.3d 345, 353–55 (4th Cir. 2008).  Section 404 provides no clear intent to eliminate criminal convictions.  *United States v. Ward*, 770 F.3d 1090, 1096 (4th Cir. 2014) (citing *Dorsey v. United States*, 567 U.S. 260, 273–74 (2012)).

The interpretation of how § 404(a) applies to § 848(a) and (c) also coheres with § 404(b).  Section 404(b) states, "A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220, 124 Stat. 2372) were in effect at the time the covered offense was committed."  The text of § 404(b) provides that a district court may impose "a reduced sentence *as if* sections 2 and 3 of the Fair Sentencing Act" were in effect.  The "as if" clause restricts how the sentence reduction may be done—that is, as if the Fair Sentencing Act had applied.  It follows that if the Fair Sentencing Act would have no effect on a sentence for an offense because the Fair Sentencing Act did not modify the statutory penalties for that offense, then the court should not impose a reduced sentence for that noncovered offense.

Likewise, § 404 must be read together with 18 U.S.C. § 3582(c)(1)(B). *See, e.g., United States v. Lancaster*, 997 F.3d 171, 174 (4th Cir. 2021); *United States v. Venable*, 943 F.3d 187, 194 n.11 (4th Cir. 2019). Section 3582(c)(1)(B) provides that "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). Given that the Fair Sentencing Act would not have changed the statutory penalty range at all for a violation of § 848(a) and (c), it makes no sense for a court to impose a reduced sentence "as if" the Fair Sentencing Act had applied. The Fair Sentencing Act would have made no difference in the case. *See Jones*, 962 F.3d 1290, 1303 (11th Cir. 2020) ("If the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks authority to reduce the movant's sentence. Any reduction the district would grant would not be 'as if' the Fair Sentencing Act had been in effect.").

Before *Terry*, cases like *Woodson* created an incoherence between the definition of a covered offense in § 404(b) and the commands of § 404(b). But *Terry* and the Eleventh Circuit's ruling in *Jones* produce harmonious results in their interpretation of § 404(a) and (b).

But even if Thomas were able to establish that he has a covered offense, no sentence reduction would be justified here. *Terry*'s focus on the text of § 404 is relevant here. Section 404(b) states, "A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220, 124 Stat. 2372) were in effect at the time the covered offense was committed." The

12

text of § 404(b) first identifies "a sentence for a covered offense," and a covered offense was just defined very specifically in *Terry* to cover a specific set of crack offenses.  Then, § 404 says that the court may impose "a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act" were in effect.  The phrase "reduced sentence" here must refer to "a sentence for a covered offense" and not some other sentence.  When courts construe the meaning of the word "sentence" when it appears twice in a single sentence of a statute, the word should have a consistent meaning.  The Supreme Court recently illustrated this point when construing the word "offense" in 18 U.S.C. § 924(c)(3) and concluded that the word carried the same meaning in § 924(c)(3)(A) and (B).  "[I]n all but the most unusual situations, a single use of a statutory phrase must have a fixed meaning."  *United States v. Davis*, 139 S. Ct. 2319, 2328 (2019) (quoting *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507, 1512 (2019)).

A second feature of the text of reinforces the first point above.  The text of § 404(b) provides that a district court may impose "a reduced sentence *as if* sections 2 and 3 of the Fair Sentencing Act" were in effect.  The "as if" clause restricts how the sentence reduction may be done—that is, as if the Fair Sentencing Act had applied.  It follows that if the Fair Sentencing Act would have no effect on a sentence for a noncovered offense, then the court should not impose a reduced sentence for that noncovered offense.

Third, § 404 must be read together with 18 U.S.C. § 3582(c)(1)(B).  *See, e.g., United States v. Lancaster*, 997 F.3d 171, 174 (4th Cir. 2021); *United States v. Venable*, 943 F.3d 187, 194 n.11 (4th Cir. 2019).  Section 3582(c)(1)(B) provides that "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so."  *United States v. Goodwyn*, 596 F.3d

233, 235 (4th Cir. 2010).  As just explained, § 404(b) never expressly authorizes a reduced

sentence for a noncovered offense where the sentence is unaffected by the Fair Sentencing Act.

Courts of appeals interpreting § 404 have agreed with the points above.  The Second

Circuit has reasoned in analyzing a case where a defendant was convicted under § 848(e)(1)(A)

that "the First Step Act provides courts with authority to reduce sentences only if they were

'imposed for violations of a 'covered offense,'" and "where an inmate is imprisoned upon

multiple sentences that are aggregated for administrative purposes, courts require specific

modification authorization … for *each* term of imprisonment contained in an otherwise final

judgment of conviction.'"  *Fletcher*, 997 F.3d at 97 (quoting *United States v. Martin*, 974 F.3d

124, 137, 138 (2d Cir. 2020)); *see also United States v. Young*, 998 F.3d 43, 55 (2d Cir. 2021).

The Eleventh Circuit has likewise concluded, in an opinion that the Supreme Court cited with

approval in *Terry*, that the statutory requirement to impose a reduced sentence "as if" the Fair

Sentencing Act were in effect precludes a sentence reduction when the Fair Sentencing Act

would not have lowered the sentence.  *United States v. Jones*, 962 F.3d 1290, 1303 (11th Cir.

2020) ("If the movant's sentence would have necessarily remained the same had the Fair

Sentencing Act been in effect, then the district court lacks authority to reduce the movant's

sentence.  Any reduction the district would grant would not be 'as if' the Fair Sentencing Act had

been in effect."); *see also United States v. Mannie*, 971 F.3d 1145, 1153 (10th Cir. 2020)

("Where, as here, an offender has been sentenced concurrently, the court can only redress the

ongoing incarceration to the extent that some portion of the incarceration is solely dependent on

the sentence of the crack cocaine offense that might be reduced under the 2018 FSA.").

The Fourth Circuit has adopted a more expansive approach to § 404 sentence reductions

than many other circuits' approaches.  *See Lancaster*, 997 F.3d at 176–81 (Wilkinson, J.,

14

concurring) (describing circuit split on when errors in original sentencing may be addressed in § 404 sentence reduction). But even under the Fourth Circuit's approach, when a defendant has a covered offense, a district court "is then given discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act, § 404(b), 132 Stat. at 5222. The stated policy governing the exercise of this discretion is to bring a sentence that is qualified for a reduction 'in line' with a sentence the court would have imposed under the Fair Sentencing Act had it been in effect." *Lancaster*, 997 F.3d at 175. Here, the Fair Sentencing Act would not have altered the defendant's sentence for the § 848(e)(1)(A) conviction, and no sentence reduction is warranted for the § 848(e)(1)(A) count or other counts.

Contrary to what Thomas suggests, the Fourth Circuit's decision in *United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020), does not support a sentence reduction for the § 848(e)(1)(A) conviction. Although the defendant in *Gravatt* was convicted of a single count— a drug conspiracy with two objects, a 50-gram crack conspiracy and a powder cocaine conspiracy—*Gravatt* made two points that might be thought relevant here. First, in keeping with *Gravatt*'s conclusion that the powder object of the conspiracy did not result in the conspiracy conviction failing to count as a covered offense, *Gravatt* added "we see nothing in the text of the Act requiring that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or 3 of the Fair Sentencing Act." *Gravatt*, 953 F.3d at 264. But that point is entirely consistent with the points above that a court may reduce the sentence for the covered offense. Convictions and sentences on noncovered offenses do not preclude the court from reducing the sentence on the count for the covered offense, but that implies nothing about the sentence for noncovered offenses. Second, *Gravatt* said, "If Congress intended for the Act not to apply if a covered offense was combined with an offense that is not

15

covered, it could have included that language. But it did not." *Id*. Again, this merely establishes that a court may reduce the sentence for the covered offense, even when there are other noncovered offenses, a result that the text of § 404(b) directly and expressly supports.

In a footnote, *Gravatt* added that a court may not avoid applicable mandatory minimums. 953 F.3d at 264 n.5. For example, if a defendant was convicted of conspiring to distribute 5 kilograms of powder cocaine and 50 grams of crack cocaine after a prior conviction for a felony drug offense and was sentenced to the statutory-minimum term of 20 years of imprisonment, the conspiracy would count as a covered offense under *Gravatt*, but no reduction would be permitted under § 404(b), because the powder-cocaine object would have triggered the same 20-year minimum term of imprisonment even if the Fair Sentencing Act had been in effect at the time of the offense. This point, however, is hardly an authorization to reduce sentences unaffected by the Fair Sentencing Act.

The Seventh Circuit has read *Gravatt* as authorizing a sentence reduction for noncovered offenses and failed to grapple with the textual points above. *See United States v. Hudson*, 967 F.3d 605, 610 (7th Cir 2010). But even *Hudson* grounded its conclusion about reducing sentences on noncovered offenses on the point that applying the Fair Sentencing Act would have reduced the sentences on the other counts. *Id*. at 611. Applying the Fair Sentencing Act "as if" it had been in effect in *Hudson* would have yielded a lower sentence on the other counts. Here, in contrast, nothing would change for the § 848(e)(1)(A) sentence.

It is true that, under *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), the sentence on count four must not exceed 40 years. The United States respectfully disagrees with *Collington*, for the plain language of § 404(c) provides that "[n]othing" in § 404 "require[s]" a court to "reduce *any* sentence." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020)

16

(quoting § 404(c)) (emphasis added).  But *Collington* has no relevance here, for Thomas continues to face a life maximum sentence regardless of *Collington*.

To the extent this Court disagrees with the analysis above on reducing a sentence for a noncovered offense, the Court still plainly retains discretion to decline to reduce the sentence for the § 848(e)(1)(A) convictions and other convictions.  Thomas's offenses are extremely serious and involved multiple homicides, as well as maimings that left the victims gravely injured.

Thomas's arguments for a sentence reduction are thin.  He was not a juvenile, and he cannot claim that a sentence reduction is compelled by the Eighth Amendment.  *See United States v. Chavez*, 894 F.3d 593, 609 (4th Cir. 2018).  He also cannot claim any sentencing disparity by pointing to defendants who pleaded guilty and who had very different roles in the criminal enterprise.  Defendants cannot compare themselves to defendants who chose to plead guilty or who cooperate with the government.  *United States v. Pepper*, 562 U.S. 476, 503 (2011) ("But *amicus* points to no evidence, nor are we aware of any, suggesting that Congress enacted § 3553(a)(6) out of a concern with disparities resulting from the normal trial and sentencing process") (citing *United States v. LaBonte*, 520 U.S. 751, 761--62 (1997) (disparity arising from prosecutorial discretion not unwarranted)).  Moreover, "Courts have repeatedly made clear that comparisons of sentences may be treacherous because each sentencing proceeding is inescapably individualized."  *United States v. Friend*, 2 F.4th 369, 382–83 (4th Cir. 2021) (quoting *United States v. Rivera-Santana*, 668 F.3d 95, 105–06 (4th Cir. 2012)). "[C]omparing the sentences of other defendants with dissimilar offenses, circumstances, and criminal histories is unavailing."  *United States v. Chandia*, 675 F.3d 329, 341–42 (4th Cir. 2012) (citing *United States v. Abu Ali*, 528 F.3d 210, 267 (4th Cir. 2008)).

Thomas's efforts at rehabilitation also neither adequately compensate for the harm that he caused nor are unusual for defendants.  His motion for a sentence reduction should be denied.


Respectfully submitted,

Raj Parekh
Acting United States Attorney


_____/s/_____
Richard D. Cooke
Assistant United States Attorney
Eastern District of Virginia
919 East Main Street, Suite 1900
Richmond, VA 23219
(804) 819-5400
richard.cooke@usdoj.gov

**Certificate of Service**

I certify that on September 8, 2021, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel.

                                      /s/

Richard D. Cooke
Assistant United States Attorney
Eastern District of Virginia
919 East Main Street, Suite 1900
Richmond, VA 23219
(804) 819-5400
richard.cooke@usdoj.gov

19