**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 3:92cr68-04** |
| | ) | **The Honorable David J. Novak** |
| **VERNON LANCE THOMAS,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT**

Defendant Vernon Thomas, by counsel, submits his Reply to the government's Response to his Motion for a reduced sentence under the First Step Act. In its Response, the government contests Mr. Thomas's eligibility for relief under the First Step Act, arguing that his conviction under 21 U.S.C. § 848(e) is not a covered offense. The government's position should be rejected by this Court, as its interpretation of *Terry v. United States*, ___ U.S. ___, 141 S. Ct. 1858 (2021) is in error. The defendant's conviction under 21 U.S.C. § 848(e)(1)(A) is actually a covered offense. Further, under the sentencing package doctrine, the Court may reduce Mr. Thomas's other convictions.[1]

Despite the seriousness of the offense conduct, relief under Section 404 of the First Step Act is not precluded. When considering the significant mitigating information presented on behalf of Mr. Thomas and the turnaround in his life, relief is appropriate. *See United States v. Martin*, 916 F.3d 389, 398 (4th Cir. 2019) (court is required to carefully consider "mitigation evidence" in a motion for post-conviction sentence reduction, especially in a case in which a defendant has

---

[1] Notwithstanding the fact that Mr. Thomas's 21 U.S.C. § 846 conspiracy conviction was overturned on appeal, and the conspiracy conviction was undoubtedly a covered offense, his § 848 conviction is also a covered offense.

1

placed himself "on a positive life trajectory, despite the challenges of a lengthy period of incarceration."). Mr. Thomas's mitigating evidence includes his youthfulness at the time of the offenses, his minimal criminal record, his intellectual deficits, and his excellent prison record. He has made a remarkable turnaround in his conduct and his approach to life.

Mr. Thomas asks that the Court look upon the many distinguishing attributes of Mr. Thomas's case, as Judge Payne did in reducing the sentence of the defendant under the First Step Act in *United States v. Scruggs*, 3:99cr200 (REP), ECF No. 241. Judge Payne considered the age of the defendant at the time of the offenses, the rehabilitation of the defendant since the offense, and the lack of significant criminal history at the time of the offenses. *Id*. at 2-3.

A. A Violation of 21 U.S.C. § 848(a) and (c) Is a Covered Offense Under § 404 of the First Step Act

In its Response, the government stated that Mr. Thomas "does not argue that his conviction under 21 U.S.C. § 848(a) and (c)" was not a covered offense. Govt Resp. at 3. Although Mr. Thomas did not present argument on that point,[2] he wants to make clear that he does not concede the point and that, as many courts have found, a CCE conviction is in fact a covered offense under Section 404 of the First Step Act. Mr. Thomas's CCE conviction exposed him to the penalty provision in 21 U.S.C. § 848(b), which is explicitly tied to the threshold drug weight in 21 U.S.C. § 841(b)(1)(A) modified by the Fair Sentencing Act, and is based upon the elements in his indictment.

Mr. Thomas's actual sentence, just like his actual offense conduct, does not determine whether his conviction in violation of 21 U.S.C. § 848 constitutes a "covered offense." *See United*

---

[2] Counsel did not realize Mr. Thomas's conviction under 21 U.S.C. § 846 had been reversed on appeal. In light of this finding by the Fourth Circuit that his § 846 conviction was subsumed by the 21 U.S.C. § 848 conviction, it should be even more apparent to the Court that the defendant's § 848 conviction is a covered offense.

*States v. Wirsing*, 943 F.3d 175, 182 (4th Cir. 2019) (adopting "statute-of-conviction theory of eligibility"); *see also United States v. Davis*, 961 F.3d 181, 190-91 (2d Cir. 2020) (holding that any violation of Sections 846, 841(a)(1), and 841(b)(1)(A)(iii) is a covered offense, regardless of whether the defendant's actual conduct would have triggered the same statutory penalties).

Determination of whether an offense constitutes a "covered offense" is a categorical inquiry based on statutory elements and penalties, not a defendant's actual conduct or sentence. In other words, what matters is whether the Fair Sentencing Act modified the statutory penalties that could be imposed upon "a person charged with the original elements" of the CCE offense at issue before 2010. *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021).  Because Mr. Thomas could have received the penalty set forth in 21 U.S.C. § 848(b), based upon the elements charged in his indictment, his offense constitutes a "covered offense."

To explain, the CCE violation alleged in Count 2 of the indictment stated that Mr. Thomas committed murder while engaged in a drug trafficking offense, which were alleged in Counts 11, 25 and 26.  Count 1, the § 846 conspiracy charge, alleged as its object the distribution of 50 grams or more of cocaine base. This conspiracy offense is set forth in Title 21 U.S.C. § 841(b)(1)(A). The sentencing provisions of Section 841(b)(1)(A) were modified by the Fair Sentencing Act, and thus the sentencing provisions of Section 848(b) were modified as well. Therefore, the CCE offense is a covered offense.

This Court should take note that the following courts have treated a CCE as a covered offense including courts from the Eastern and Western Districts of Virginia. *See United States v. Brown*, No. 3:08-CR-00011-1, 2020 WL 3106320 (W.D. Va. June 11, 2020) (the court found Mr. Brown eligible, and reduced his sentence to time served); *United States v. Walker*, 5:95-CR-101, DE 620 (N. D. NY October 25, 2019) (the court found Mr. Walker eligible, and reduced his

sentence to 340 months); *United States v. Hines*, 5:94-CR-150, DE 607 (N. D. NY November 18, 2019) (the court found Mr. Hines eligible, and reduced his sentence to time served); *United States v. Groves*, 5:94-CR-97, DE 690 (E.D. N.C. November 21, 2019) (on reconsideration, the court found Mr. Groves eligible, and reduced his sentence to a total of 350 months); *United States v. Dean*, No. CR 97-276 (3) (MJD), 2020 WL 2526476 (D. Minn. May 18, 2020) (the court found Ms. Dean eligible, and reduced her sentence to time served); *United States v. Jimenez*, No. 92-CR-550-01 (JSR), 2020 WL 2087748 (S.D.N.Y. Apr. 30, 2020) (the court found Mr. Jimenez eligible, and reduced his sentence to 360 months); *United States v. Davis*, No. 5:93-CR-30025-003, 2020 WL 1131147 (W.D. Va. Mar. 9, 2020) (the court found Mr. Davis eligible, but declined to reduce his sentence); *Wright v. United States*, 425 F. Supp. 3d 588 (E.D. Va. 2019) (the court found Mr. Wright eligible, and reduced his sentence to 360 months); *United States v. Robinson*, No. 98-CR-60, DE 606 (E.D. Wis. Sept. 27, 2019) (the court found Mr. Robinson eligible, and reduced sentence to time served (see DE 624)); and *United States v. Kelly*, Case No. 2:94-CR-163, DE 1133 (E.D. Va. June 5, 2020) (the court found Mr. Kelly eligible, and reduced sentence to time served, and reduced his sentence to 450 months);

As set forth in these cases, this Court should also find that a CCE is a covered offense.

B.      Section 404(b) of the First Step Act Authorizes District Courts to Impose a Reduced Aggregate Sentence on Both Covered and Non-Covered Counts

Once the Court finds that Mr. Thomas's conviction under 21 U.S.C. § 848 is a covered offense, then the Court may reduce the sentences on some of the remaining offenses under the sentencing package doctrine, excluding those that were sentenced at the lowest end of mandatory minimum sentences. Because the Fair Sentencing Act treats Mr. Thomas's conviction under 21 U.S.C. § 848 as a covered offense, this Court may grant the defendant's motion for a reduction in those remaining counts in his case. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020)

("[I]f Congress intended for the [First Step] Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language.  But it did not."); *see also United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020) (defendant convicted of crack offense and firearm offense eligible for First Step Act relief); *United States v. Spencer*, 998 F.3d 843, 845 n.1 (8th Cir. 2021) (because drug sentence constitutes a "sentencing package," "a modification of the crack-cocaine object could permit a sentence reduction on the powder-cocaine object."); *United States v. Winters*, 986 F.3d 942, 948-50 (5th Cir. 2021) (conspiracy to distribute crack and powder, each object of which resulted in the same statutory range, constituted a covered offense); *United States v. Taylor*, 982 F.3d 1295, 1300-01 (11th Cir. 2020) (holding that "the First Step Act's definition of a 'covered offense' covers a multidrug conspiracy offense that includes both a crack-cocaine element and another drug-quantity element"); *United States v. Mitchell*, 832 F. App'x 387, 390-91 (6th Cir. 2020) (Stranch, J., concurring) (stating agreement with holdings in *Hudson* and *Gravatt*).[3]

1.      In *United States v. Gravatt*, a defendant convicted of a crack and cocaine powder distribution conspiracy "faced the same statutory penalty range for having conspired to possess with intent to distribute and to distribute 5 or more kilograms of powder cocaine, the penalties for which were not modified by the Fair Sentencing Act and which independently supported his sentence."  953 F.3d at 261.  Nonetheless, this Court held that the defendant was eligible for consideration for a reduced sentence limited only by the "statutory mandatory minimum terms

---

[3] The fact that Mr. Thomas's sentencing guideline range has not changed since his original sentencing is immaterial because "the sentencing guidelines are irrelevant to th[e] threshold determination" of eligibility for a reduced sentence under the First Step Act.  *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020); *accord United States v. Trent*, 820 F. App'x 223, 224 (4th Cir. 2020) ("[T]he reduction of the applicable Guidelines range [is] irrelevant to the determination of eligibility."); *United States v. White*, 984 F.3d 76, 87-88 (D.C. Cir. 2020) (collecting cases).

[that] remain[ed] in effect." *Id.* at 264 n.5. Although the defendant remained bound by the statutory minimums, the district court could reduce the overall sentence even though the powder cocaine object of the conspiracy "independently supported [the defendant's] sentence." *Id.*

If this were not the case, *Gravatt* would have come out very differently.

2.      For the following reasons, the sentencing package doctrine is applicable to this case. First, § 3582(c)(1)(B) is not a limitation on a court's authority under the First Step Act. Pursuant to "§ 3582(c)(1)(B), courts must look to the applicable statute to determine 'the extent' to which modification is 'expressly permitted by [that] statute.'" *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019). Section 3582(c)(1)(B), by its own terms, imposes no limit on this Court's exercise of discretion other than to point to § 404 of the First Step Act. *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) (noting that courts "look to the underlying statute" to determine the extent of a modification under § 3582(c)(1)(B)); *accord United States v. Murphy*, 998 F.3d 549, 557-59 (3d Cir. 2021) ("§ 3582(c)(1)(B) does not provide any similar limitations [to those in § 3582(c)(2)]" and finding *Dillon v. United States*, 560 U.S. 817, 831 (2010) inapposite); *see also United States v. Triestman*, 178 F.3d 624, 628 (2d Cir. 1999) (Sotomayor, J.) (rejecting argument that § 3582(c)(1)(B) "mandat[es] the use of explicit terms" apart from an "express grant of remedial power … broad enough to permit the resentencing in question").

Second, § 404(b)'s "as if" provision does not limit a district court's remedial authority solely to sentences imposed for crack offenses. *See Chambers*, 956 F.3d at 671 (rejecting argument that the "'as if' clause limits the role of the sentencing court only to making statutory Fair Sentencing Act adjustments"). As the Fourth Circuit explained, the Act's "as if" clause is not a limitation, but rather has the "effect" of making the relevant sections of the Fair Sentencing Act retroactive. 956 F.3d at 671-72.

Moreover, *Chambers* noted the "resulting absurdity if [the Court] construe[d] the First Step Act to only allow a Fair Sentencing Act statutory modification and no more," and concluded that when " 'imposing' a new sentence [under the First Step Act], a court does not simply adjust the statutory minimum; it must also recalculate the Guideline range." *Id.* at 672-74. The advisory guideline range, of course, encompasses the range applicable to *all counts* of conviction. Indeed, "[s]entences for covered offenses are not imposed in a vacuum, hermetically sealed off from sentences imposed for non-covered offenses. Nor could they be. Multiple terms of imprisonment are treated under federal law as a single, aggregate term of imprisonment, and … the Guidelines require a court to group similar offenses." *Hudson*, 967 F.3d at 611.

The First Step Act's authorization "to resentence a defendant," *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019), thus encompasses authority to impose a reduced *aggregate* sentence on similar, grouped offenses. *See Pepper v. United States*, 562 U.S. 476, 507 (2011) ("A criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent."); *see also United States v. Smith*, 115 F.3d 241, 245 (4th Cir. 1997) ("[T]he term 'sentence' in § 2255 does not refer to a specific offense. Rather, 'sentence' must be viewed in the aggregate." (citation omitted)); *United States v. Damon*, 933 F.3d 269, 273 (3d Cir. 2019) ("The ordinary meaning of 'sentence' can only reasonably be read to include all forms of punishment or penalties imposed on a defendant."). Just as in any other context, therefore, if a district court decides to resentence a defendant under the First Step Act, "the end result of the resentencing or correction of the prisoner's sentence is an entirely new sentence." *United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007) (addressing resentencing under § 2255).

The government conceded in *Chambers* that "the § 3553(a) sentencing factors apply in the § 404(b) resentencing context." 956 F.3d at 674. Those factors apply to "[t]he imposition of a

7

sentence," not the imposition of a reduced term of imprisonment on a particular count of conviction. *Id.* That is why courts considering whether to impose a reduced sentence under the First Step Act are required to recalculate "the Sentencing Guidelines in light of 'intervening case law,' … reconsider[] [] the factors set forth in 18 U.S.C. § 3553(a)," and "can take into account a defendant's conduct after his initial sentencing." *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021). None of those steps would be required or permitted if the First Step Act simply allowed a recalibration of the individual penalties imposed solely for crack offenses.

In this case, Mr. Thomas was convicted of similar offenses that were grouped and imposed to run concurrently. Based on his conviction of a violation of 21 U.S.C. § 848 in Count 2, he was sentenced to life imprisonment. Due to the First Step Act, Mr. Thomas would face only a 20-year mandatory minimum on the CCE count, in addition to the sentences for the other convictions, which the Court has the discretion to reduce, with the exception of the convictions sentenced at the low end of mandatory minimum sentences.

3.      Moreover, Mr. Thomas's sentence would not necessarily remain the same, because under the First Step Act he no longer faces a mandatory minimum term of life imprisonment on any of the counts. For example, a defendant convicted of two drug counts, one involving crack and one involving powder, would thus receive the same concurrent sentence on each count *even if the sentence and guideline range are entirely driven by the amount of crack attributable to the defendant*. Having authorized courts to revisit harsh sentences for crack cocaine offenses imposed upon defendants prior to the enactment of the Fair Sentencing Act, Congress could not have meant to deny relief in cases in which the Sentencing Guidelines required those same harsh sentences to be applied across multiple counts of conviction, including those not involving crack cocaine.

In sum, "a court is not limited under the text of the First Step Act to reducing a sentence solely for a covered offense. Instead, a defendant's conviction for a covered offense is a threshold requirement of eligibility for resentencing on an aggregate penalty. Once past that threshold, a court may consider a defendant's request for a reduced sentence, including for non-covered offenses that are grouped with the covered offenses to produce the aggregate sentence." *Hudson*, 967 F.3d at 611. Accordingly, we respectfully request that this Court reduce Mr. Thomas's sentence on all qualifying counts.

C.    The Other Arguments Raised by Mr. Thomas are Valid Mitigating Factors for the Court to Consider in this Case

Mr. Thomas's position regarding mitigating circumstances in this case is in keeping with Congress's expanded view of post-conviction re-sentencings and opportunities for reduced sentences under Sections 404 of the First Step Act. It is also consistent with the Fourth Circuit's rejection of the government's arguments in the long line of Section 404 First Step Act cases, which include *Wirsing*, *Gravatt*, *Venable*, *Chambers*, *Martin*, and *Lancaster*, among others. The trend of the Court is to open up avenues of relief for petitioners subjected to the harsh punishments of the past, the disparate treatment of defendants of color, and the problem in this country with mass incarceration.

In its Response at 17, the government argued that Mr.Thomas's youthful offender arguments and disparity contentions are invalid. These are both factors that the Court can and should carefully consider in assessing Mr. Thomas's motion to reduce his sentence.

In another First Step Act case, Judge Payne considered the youthful offender argument, even though the defendant was not a juvenile at the time of the offenses; he also considered the unwarranted disparity argument involving co-conspirators in granting relief, even when those co-conspirators cooperated with the government, as articulated in the above-mentioned

9

compassionate release case of *United States v. Scruggs,* No. 3:99-cr-00200, ECF No. 241 at 8-11 (E.D. Va. July 1, 2021). The district court in *Scruggs* pointed out that the "fundamental facts that are pertinent to the sentence disparity argument" must be considered, notwithstanding the fact that a co-defendant or co-conspirator cooperated. *Id*. at 9. First Step Act petitioners' sentences, when compared with lower sentences of co-defendants, even when those co-defendants have received reductions for cooperation with the government, are eligible for reductions in those sentences under unwarranted disparity principles of 18 U.S.C. § 3553(a)(6). Comparing co-defendants who cooperated does not preclude review in First Step Act cases under § 3553(a)(6). The government points to no valid authority in support of this position.

In his Motion, Mr. Thomas compared himself with other defendants in the conspiracy who were guilty of violent offenses, cooperated with the government, and received far lower sentences than Mr. Thomas. ECF No. 137 at 15. Nothing precludes the Court from making comparisons in these cases, and relying on the fundamental facts of the cases, as Judge Payne did in *Scruggs*.

**Conclusion**

This motion is the first opportunity this Court has had to seriously consider reducing Mr. Thomas's life sentences and the first chance it has had to consider his mitigating circumstances. Mr. Thomas urges the Court to look closely at his youthfulness, his lack of a prior criminal record, the evidence of his intellectual impairments, and his significant post-sentencing rehabilitation which weigh in favor of a reduced sentence.

Mr. Thomas respectfully asks the Court to grant his previously filed Motion to Reduce his sentence pursuant to the First Step Act of 2018 and impose a sentence of time-served on all qualifying counts.

10

Respectfully submitted,
Vernon Lance Thomas

By:    _____/s/_____
Robert J. Wagner
Va. Bar No. 27493
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0808
Fax (804) 648-5033
robert_wagner@fd.org

11