AO 243 (Rev. 01/15)

# Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

## (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for a relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgement that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two (2) copies to the Clerk of the United States District Court for the Eastern District of Virginia at one of the following addresses:

    If you were sentenced in…
    …Alexandria, use this address: 401 Courthouse Square, Alexandria,  VA  22314
    …Richmond, use this address: 701 East Broad St., Suite 3000, Richmond,  VA  23219-3528
    …Norfolk/Newport News, use this address: 600 Granby St., Norfolk,  VA  23510

9. **CAUTION: You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 243 (Rev. 01/15)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Eastern District of Virginia | |
|---|---|---|
| Name (under which you were convicted): Richard Tipton, III | | Docket or Case No.: No. 92CR68 |
| Place of Confinement: Terre Haute, Indiana | Prisoner No.: 32922-083 | |
| UNITED STATES OF AMERICA                   V. | Movant (include name under which convicted) Richard Tipton, III | |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for the Eastern District of Virginia

   (b) Criminal docket or case number (if you know): No. 92CR68

2. (a) Date of the judgment of conviction (if you know): February 3, 1993.

   (b) Date of sentencing: June 1, 1993.

3. Length of sentence: Death

4. Nature of crime (all counts): Mr. Tipton was convicted of 33 counts, which are listed in the attached Section 2255 motion.

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑        (2) Guilty ☐        (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

AO 243 (Rev. 01/15)

6.   If you went to trial, what kind of trial did you have?  (Check one)        Jury ☑        Judge only ☐

7.   Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☐        No ☑

8.   Did you appeal from the judgment of conviction?        Yes ☑        No ☐

9.   If you did appeal, answer the following:

(a) Name of court:   Fourth Circuit Court of Appeals

(b) Docket or case number (if you know):   Nos. 93–4005 to 93–4007, 93–4009 and 93–4010.

(c) Result:   Vacated Count One (21 U.S.C. § 846 conspiracy); otherwise affirmed convictions and death sentences.

(d) Date of result (if you know):   July 8, 1996

(e) Citation to the case (if you know):   United States v. Tipton, 90 F.3d 861, 891 (4th Cir. 1996)

(f) Grounds raised:   Sufficiency of the Evidence at the Guilt Phase;  Prejudice as a result of
the court's admission of evidence of a New Jersey conspiracy;  Tipton was denied
due process when the court amended the jury instruction on "organization" after Tipton's closing argument;
The Government's improper closing argument at the sentencing hearing; The non-statutory
aggravator violated the Eighth Amendment; Principles of vicarious liability should not be used
to establish aggravating factors in a capital sentencing scheme; The information offered at the sentencing
hearing did not support the jury's special findings; Tipton did not receive individualized consideration.

(g) Did you file a petition for certiorari in the United States Supreme Court?        Yes ☑        No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know):   No. 96-7692.

(2) Result:   Denied.

(3) Date of result (if you know):   June 2, 1997.

(4) Citation to the case (if you know):   Tipton v. United States, 520 U.S. 1253 (1997).

(5) Grounds raised:   Mr. Tipton will supplement with the grounds in this petition and represent
that it raised grounds that do not bear on this Section 2255 motion.

10.   Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☑        No ☐   In addition to the initial Section 2255 motion and First Step Act motion detailed below, Mr. Tipton twice sought authorization from the Fourth Circuit to challenge his Section 924 convictions based on precursors to Davis, but was denied.  See attached motion.

11.   If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:   United States District Court for the Eastern District of Virginia

AO 243 (Rev. 01/15)

(2) Docket or case number (if you know):   Case No. 3:92CR68

(3) Date of filing (if you know):  May 29, 1998.

(4)  Nature of the proceeding:  Section 2255 motion.

(5)  Grounds raised:  Mr. Tipton raised grounds too numerous to list here, none of which bear upon this Section 2255 motion.

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☑        No ☐

(7)  Result:  Summary judgment granted and Section 2255 motion denied.

(8)  Date of result (if you know):  May 1, 2003.

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court:  United States District Court for the Eastern District of Virginia

(2)  Docket of case number (if you know):

(3)  Date of filing (if you know):  July 31, 2020.

(4)  Nature of the proceeding:  Motion in this Court pursuant to Section 404 of the First Step Act.

(5)  Grounds raised:  Mr. Tipton sought sentencing relief for the interrelated Section 841(a)(1) and 848 offenses charged in Counts 3, 24, 25, 32, and 33 of his superseding indictment, as the statutory penalty for each has been modified by the Fair Sentencing Act.

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☑

(7)  Result:  Motion denied.

(8)  Date of result (if you know):  November 19, 2020.

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:        Yes ☑        No ☐

AO 243 (Rev. 01/15)

(2)   Second petition:   Yes ☑         No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:**   See attached Section 2255 motion for detailed grounds and supporting facts.

Movant's convictions under 18 U.S.C. § 924(c) must be vacated in light of United States v. Davis, 139 S. Ct. 2309 (2019).

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See attached motion.

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground One:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐       No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:   This ground is premised upon a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable to Mr. Tipton.

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐       No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

AO 243 (Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?
      Yes ☐          No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?
      Yes ☐          No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐          No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:
      Name and location of the court where the appeal was filed:

      Docket or case number (if you know):
      Date of the court's decision:
      Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

AO 243 (Rev. 01/15)

(b) **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 243 (Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

AO 243 (Rev. 01/15)

(b) **Direct Appeal of Ground Four:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

       Yes ☐      No ☐

   (2)  If you did not raise this issue in your direct appeal, explain why:

 

(c) **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ☐      No ☐

   (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

   (3)  Did you receive a hearing on your motion, petition, or application?

       Yes ☐      No ☐

   (4)  Did you appeal from the denial of your motion, petition, or application?

       Yes ☐      No ☐

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

       Yes ☐      No ☐

   (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)

(7)    If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue: _____

_____

_____

_____

_____

13.    Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

As detailed in the attached Section 2255 motion, the grounds raised here are premised upon

the decision of the Supreme Court of the United States in United States v. Davis, __U.S.__,

139 S. Ct. 2309 (2019), which "(1) announced a new rule of constitutional law

(2) made retroactive to cases on collateral review (3) by the Supreme Court (4) that was previously

unavailable," and thus satisfies the gatekeeping requirements of 28 U.S.C. § 2255(h)(2).

See In re Thomas, 988 F.3d 783, 788 (2021).

_____

14.    Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment
you are challenging?         Yes ☑         No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

issues raised.    Mr. Tipton has appealed this Court's denial of his motion pursuant to Section 404

of the First Step Act to the Fourth Circuit. That appeal was docketed as In re: Tipton, No. 20-16.

It is currently held in abeyance.

_____

_____

_____

15.    Give the name and address, if known, of each attorney who represented you in the following stages of the
judgment you are challenging:

(a)    At the preliminary hearing:    Eric D. White and Robert P. Geary.

4100 East Parham Rd., Richmond, VA  23228/ 2025 East Main St., Richmond, VA  23223

(b)    At the arraignment and plea:    Same.

_____

(c)    At the trial:    Same.

_____

(d)    At sentencing:    Same.

_____

AO 243 (Rev. 01/15)

(e)  On appeal:        Same.  On certiorari, Mr. White and Donald R. Lee, Jr. (deceased).

(f)  In any post-conviction proceeding:  Donald R. Lee and Frederick R. Gerson

Bank of America Center, 1111 East Main Street, 16th Floor, Richmond, VA  23219.

(g)  On appeal from any ruling against you in a post-conviction proceeding:  Frederick R. Gerson and

Stephen A. Northup, Troutman Sanders LLP, P.O. Box 1122, Richmond, VA 23218-1122

16.    Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☑          No ☐

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)  Give the date the other sentence was imposed:

(c)  Give the length of the other sentence:

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

AO 243 (Rev. 01/15)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Where, as here, the motion is pursuant to a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3).  The Supreme Court decided Davis on June 24, 2019, and Mr. Tipton sought authorization to file this successive petition within one year of that date.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)    the date on which the judgment of conviction became final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)

Therefore, movant asks that the Court grant the following relief:   to vacate his convictions and sentences on Counts 20 and 26, the invalid charges under 18 U.S.C. § 924(c); to vacate his sentences on all of the remaining counts and order a new sentencing proceeding on those counts; and the relief specified in his attached motion; or any other relief to which movant may be entitled.

/s/ Frederick R. Gerson

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.

(month, date, year)

Executed (signed) on ____2 | 15 | 22_____ (date).

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.