## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| RICHARD TIPTON, III, | ) | |
| | ) | Criminal Case No. 92CR68 |
| Movant, | ) | Prior Civil Case No. 98CV361 |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MOVANT'S UNOPPOSED MOTION
### FOR AMENDMENT OF SECTION 2255 MOTION

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Movant Richard Tipton, III, respectfully moves this Court to accept and file his amended motion for relief pursuant to 28 U.S.C. § 2255, which he has attached to this motion.   In support of his motion, Mr. Tipton shows as follows.

This matter stems from the decision entered by the Supreme Court of the United States on June 24, 2019, in *United States v. Davis*, __U.S.__, 139 S. Ct. 2309 (2019), which held that § 924(c)(3)(b)'s "residual clause" is void for vagueness and violates the Due Process Clause.  On June 8, 2020, Mr. Tipton moved the Fourth Circuit for authorization to file a successive § 2255 motion challenging his § 924(c) convictions and sentences based upon *Davis*, which directly addressed and invalidated § 924(c)'s residual clause.  (Doc. 2-1, *In re*

1

*Tipton*, 20-10.)   For much of the next twenty months, the Fourth Circuit held his authorization motion in abeyance, awaiting decision in other cases pending before it and the Supreme Court, before ordering memorandum briefing on the applicability of new precedent to his motion.  See Doc. 19 (ordering abeyance), 24 (ordering abeyance), 33 (ordering memorandum briefing), *In re Tipton*, 20-10.

The Fourth Circuit ultimately granted Mr. Tipton's authorization motion on January 24, 2022.  Doc. 42-1, *In re Tipton*, 20-10.  In its accompanying Notice of Authorization, the Fourth Circuit transferred "[t]he post-conviction application attached to the motion for authorization…to the district court with the order granting authorization." Doc. 42-2, *In re Tipton*, 20-10.  The Notice further directed that "[a]ny proposed amendment to the post-conviction application should be filed in the district court rather than in the court of appeals." *Id.*

On January 31, 2022, this Court ordered Mr. Tipton "to submit within twenty (20) days of the date of entry hereof, a § 2255 motion complying with Rule 2" of the Rules Governing Section 2255 Proceedings.  D.149:2.

Contemporaneously with this pleading, Mr. Tipton has filed the proposed Motion to Vacate Conviction Under 28 U.S.C. § 2255 that he attached to his authorization motion in the Fourth Circuit.  As that motion was drafted more than twenty months ago, however, and as the Fourth Circuit anticipated its amendment, Mr. Tipton has prepared an amended motion that updates the authority and

2

arguments offered in its support.  The legal claims, substance and contentions of his amended motion remain the same as those authorized by the Fourth Circuit.

Pursuant to Rule 15(a)(1)(A), "[a] party may amend its pleading once as a matter of course within…21 days after serving it."  "In all other cases," Rule 15(a)(2) continues, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give…when justice so requires."  While Mr. Tipton believes that he may still submit his amended motion as a matter of course pursuant to Rule 15(a)(1)(A), his counsel have conferred with Respondent's counsel, Richard D. Cooke, and can represent that Respondent does not oppose amendment so long as doing so adds no new claims beyond the challenges premised on *Davis*.  Mr. Tipton further submits that justice requires amendment in these specific circumstances, given both the passage of time and the considerable developments in the relevant authority since he first sought authorization.

Accordingly, Mr. Tipton respectfully moves this Court to accept and file his attached, amended Section 2255 motion.

[Signatures on following page.]

Respectfully submitted on this, the 19th day of February, 2022.

/s/Frederick R. Gerson
Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

*Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Jeff_Ertel@fd.org

*Gerald W. King, Jr.
Chief, Fourth Circuit Capital Habeas
Unit
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Direct: (704) 688-6946
Gerald_King@fd.org

*Applications for admission *pro hac vice* pending.

Counsel for Richard Tipton, III.

4

## CERTIFICATE OF SERVICE

I certify that on this, the 19th day of February, 2022, the foregoing document was served on all parties or their counsel of record though the CM/ECF system and will be served electronically on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

This, the 19th day of February, 2022.

/s/Frederick R. Gerson
Frederick R. Gerson
VSB #39968
Durrette, Arkema, Gerson & Gill, PC
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

5