IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                                            Criminal No. 3:92cr68 (DJN)

VERNON LANCE THOMAS,
     Defendant.

## MEMORANDUM ORDER
### (Denying First Step Act Motion)

This matter comes before the Court on Defendant's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act (ECF No. 137), seeking to reduce his term of imprisonment on all of his life sentences. For the reasons stated herein, Defendant's Motion (ECF No. 137) is hereby DENIED.

Defendant operated as a principal in a drug trafficking ring in Richmond, Virginia in 1991 and 1992. *United States v. Reavis*, 48 F.3d 763, 766 (4th Cir. 1995). During that time, the group committed a total of ten murders related to their drug activities. *Id.* Defendant participated directly in several of these murders, including by ordering the murder of a potential witness while Defendant awaited trial in jail. *Id.* Following trial, the jury found Defendant guilty of the following charges:

- Count One: Conspiracy to distribute at least fifty (50) grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii);

- Count Two: Operating a Continuing Criminal Enterprise ("CCE"), in violation of 21 U.S.C. § 848(a);

- Counts Eleven, Twenty-Five, Twenty-Six: Murder in Furtherance of a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848(e);

- Counts Twelve, Twenty-Seven: Use of a Firearm In a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c);

- Counts Thirteen, Fourteen, Seventeen, Twenty-Eight through Thirty-One: Violent Crimes in Aid of Racketeering, in violation of 18 U.S.C. § 1959 and 2; and

- Count Thirty-Three: Possession With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

(Verdict (Dkt. No. 563).)

On July 8, 1993, the Court imposed concurrent life sentences on Counts Two, Eleven, Thirteen, Fourteen, Seventeen, Twenty-Five, Twenty-Six, Twenty-Eight and Twenty-Nine; concurrent thirty-year sentences on Counts Thirty and Thirty-One; a concurrent twenty-year sentence on Count Thirty-Three; a consecutive twenty-year sentence on Count Twenty-Seven; and a consecutive five-year sentence on Count Twelve. (Judgment (Dkt. No. 603).) The Court did not sentence him on Count One. Defendant appealed and only succeeded in having the Fourth Circuit order the vacatur of his conviction on Count One. *Reavis*, 48 F.3d at 773. The Fourth Circuit rejected all of Defendant's other challenges and affirmed his convictions and sentences. *Id.*

Defendant filed the instant Motion, asking the Court to reduce his sentence under the First Step Act. Defendant claims that Count One constitutes a covered offense under the First Step Act, giving the Court the authority to reduce his sentences. The Government opposed the Motion. (Govt.'s Resp. Opp. Section 404 Mot. ("Govt.'s Opp.") (ECF No. 142).). Defendant filed his Reply ("Def.'s Reply" (ECF No. 143)), rendering this matter now ripe for review.

The First Step Act of 2018 provides that a "court that imposed a sentence for a covered offense, may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (citations omitted) were in effect at the time the covered offense was committed." First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. The Act defines a "covered offense" to mean "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (citation

2

omitted), that was committed before August 3, 2010." *Id.* § 404(a).

"The existence of a covered offense is a threshold requirement under the [First Step] Act." *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020). Defendant fails to meet this threshold requirement. In his Motion, Defendant argues only that his conviction in Count One for Conspiracy to Distribute at Least 50 Grams of Cocaine Base, in violation of 21 U.S.C. 846 and 841 (b)(1)(A)(ii), renders him eligible for relief. (Def.'s Mot. at 2, 10.) Although this would constitute a covered offense, the Court did not sentence Defendant on Count One. (Judgment.) Moreover, the Court vacated Defendant's conviction on Count One following a remand from the Fourth Circuit. (Dkt. No. 639; *United States v. Reavis*, 48 F.3d 763, 772-73 (4th Cir. 1995)). Accordingly, Count One does not fall within the scope of the First Step Act, which allows a court to impose a reduced sentence if it previously "imposed a sentence for a covered offense." § 404(b), 132 Stat. at 5222. Therefore, Defendant cannot use Count One as the vehicle by which to obtain a new sentence.

In his Reply, Defendant argues for the first time that his conviction on Count Two constitutes a covered offense. (Def.'s Reply at 1-2.) Defendant posits that his CCE conviction for violating 21 U.S.C. § 848(a) and (c) finds its basis in his crack cocaine convictions, rendering it a covered offense under the First Step Act. Even if Defendant did not waive this argument by failing to include it in his original Motion, the Fourth Circuit has recently rejected this exact argument in *United States v. Thomas*, 32 F.4th 420 (4th Cir. 2022). There, the court held that a conviction under §§ 848(a) and (c) does not qualify as a "covered offense" under the FSA, even if the CCE is predicated on offenses for distributing crack cocaine. *Id.* at 429. Accordingly, the caselaw forecloses Defendant's argument that his CCE conviction in Count Two constitutes a covered offense.

3

Finally, Defendant apparently claims that his convictions under 21 U.SC. § 848(e)(1)(a) for CCE Murder (Counts Eleven, Twenty-Five and Twenty-Six) constitute covered offenses. (Def.'s Reply at 1.)  However, this Court previously determined that the CCE Murder convictions of Defendant's co-defendants did not constitute covered offenses under the First Step Act. *United States v. Roane*, 2020 WL 6370984 (E.D. Va. Oct. 29, 2020); (ECF Nos. 66-67, 75-76).  Defendant devotes only one passing sentence to his CCE Murder convictions and offers no analysis as to why the Court's previous reasoning should not apply to his same CCE Murder convictions.  Accordingly, to the extent that Defendant argues that the First Step Act covers his CCE Murder convictions, the Court will adopt its reasoning from the *Roane* Memorandum Opinion and reject Defendant's argument.  Therefore, Defendant's convictions under 21 U.S.C. § 848(e)(1)(a) do not qualify as covered offenses under the First Step Act.

Because Defendant has not identified a covered offense under the First Step Act for which the Court could impose a reduced sentence, his Motion to Reduce (ECF No. 137) is hereby DENIED.

Let the Clerk file a copy of this Memorandum Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 15, 2022

4