**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

UNITED STATES OF AMERICA,   )
      )
      )   Civil No. 3:98-CV-00361
      )
vs.      )   Crim. No. 3:92-CR-00068 (DJN)
      )
RICHARD TIPTON, III,   )   **CAPITAL CASE**
      )
Defendant.   )

**REPLY IN SUPPORT OF MOTION TO VACATE CONVICTION
AND SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Richard Tipton, III, by and through counsel, respectfully submits this reply in support of his amended motion to vacate his convictions pursuant to 18 U.S.C. § 924(c) as charged in Counts 20 and 26 of his superseding indictment and for resentencing in light of the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Borden*, 141 S. Ct. 1817 (2021).  The Government's response depends upon a misapplication of *Davis* and *Borden*. Mr. Tipton's 924(c) convictions must be vacated because all of the predicate crimes that the jury could have relied upon are void because they do not qualify categorically as crimes of violence after *Davis*. Moreover, even if some of the predicate crimes can be characterized as drug-trafficking offenses – which they cannot be, consistent with how they were prosecuted – there is no evidence in the record that Mr. Tipton used a gun during their commission.

## I.   Mr. Tipton Has Not Procedurally Defaulted His Challenge to His § 924(c) Convictions.

The Government argues that Mr. Tipton's motion is procedurally defaulted because he did not "lodg[e] a vagueness challenge to 18 U.S.C. § 924(c)" before his convictions became final. D.172:1. This is unavailing.

1

### A.  The Fourth Circuit has rejected the Government's defense.

28 U.S.C. § 2255(h) permits a successor motion when, *inter alia*, it is based on "a new rule of constitutional law…made retroactive to cases on collateral review…by the Supreme Court…that was previously unavailable." *In re Thomas*, 988 F.3d 783, 790 (4th Cir. 2021). The Fourth Circuit has held that: 1) *Davis* established such a rule; and 2) procedural default did not bar a successor motion based on *Davis* where the petitioner did not raise the issue on direct appeal. *See United States v. Jackson*, 32 F.4th 278, 283 n.3 (4th Cir. 2022). The Government concedes that "*Davis* is retroactive on collateral review," D.172:6, and admits that the Fourth Circuit "recently rejected a post-*Davis* procedural default argument" in *Jackson*, D.172.14, n.5.  But the Government suggests that the question is unsettled because "[n]ot 'everything said in a panel opinion binds future panels.'" D.172.14, n.5 (quoting *United States v. Buster*, 26 F.4th 627, 633 (4th Cir. 2022)).  This Court, however, is bound by *Jackson*.  Respondent's argument must fail.

### B.  Cause and prejudice exists to excuse any default.

If so required[1], Mr. Tipton also can establish cause and prejudice to excuse any default of his motion. Cause exists because, until *Davis*, this claim was not reasonably available to Mr. Tipton. The decision of the Fourth Circuit in *United States v. Bennerman*, 785 F. App'x 958 (4th Cir. 2019) (unpublished), is instructive. In *Bennerman*, the Fourth Circuit "reject[ed] the government's…argument" that the movant's challenge to his

---

[1]The Government faults Mr. Tipton for not "even attempt[ing] to" show cause and prejudice in his motion.  D.172:6. Procedural default is an affirmative defense. Mr. Tipton is under no obligation to address it prophylactically, particularly as it is not applicable to his motion.

convictions under the Armed Career Criminal Act (ACCA) "is subject to procedural default because he failed to raise it on direct appeal," holding that the movant's challenge "wasn't reasonably available before the change in law wrought by" *Johnson v. U.S.*, 576 U.S. 591 (2015), which expressly held the residual clause of that statute unconstitutional. *Id.* at 963; *see also Reed v. Ross*, 468 U.S. 1, 14, 16 (1984). Noting that its "sister circuits have entertained procedurally defaulted Johnson claims due to their previous unavailability," the Circuit "conclude[d] that this approach is applicable here." *Id.* (citing *Lassend v. United States*, 898 F.3d 115, 122-23 (1st Cir. 2018); *Cross v. United States*, 892 F.3d 288, 294-96 (7th Cir. 2018); *United States v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017)).  By this reasoning, Mr. Tipton's challenge to his Section 924(c) convictions was not reasonably available until *Davis* struck down the statute's residual clause.

Mr. Tipton notes, moreover, that he sought authorization to file a successive motion making this challenge following both *Johnson*'s invalidation of the ACCA's residual clause[2] and the decision of the Supreme Court in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), voiding the residual clause of the federal criminal code's definition of "crime of violence."[3]  It is difficult to argue that he has sat on this challenge.

Prejudice exists because the jury would not have convicted Mr. Tipton of his Section 924(c) offenses but for the statute's unconstitutional residual clause. The government devotes a number of pages to arguing that Mr. Tipton was guilty of the predicate offenses themselves.  But that argument does not establish his guilt of the *§ 924(c) offenses*.  For the reasons detailed in Mr. Tipton's motion, and discussed further *infra*, the § 1959(a) and § 848(e) offenses designated as its predicates do not qualify as

---

[2] See Doc. 3, *In re Tipton*, No. 16-7.

[3] See Doc. 2, *In re Tipton*, No. 19-2.

crimes of violence under § 924(c)'s force or elements clause. The record at trial does not support that the jury considered his § 848(e) offenses as drug trafficking charges. For that matter, the record at trial does not establish that the jury found—or was even asked to consider—that he committed any remaining, valid drug-trafficking offense *using a firearm*. Accordingly, a conviction for those offenses cannot support a conviction under § 924(c). Simply put, the conduct for which Mr. Tipton was convicted no longer amounts to a violation of § 924(c).

### C. Actual innocence would also excuse any default.

As Mr. Tipton has detailed in his motion, his conduct no longer supports his convictions for violations of § 924(c), such that he is actually innocent of those charges, which excuses any procedural default. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass" when the impediment is a procedural bar); *see also United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016) (petitioner actually innocent of felon-in-possession conviction because intervening circuit precedent rendered him no longer a felon); *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019); *United States v. Reece*, 938 F.3d 630 (5th Cir. 2019). The Government argues that Mr. Tipton must demonstrate his actual innocence by showing that "'it is more likely than not'"[4] that "'no reasonable juror would have concluded he possessed a firearm in furtherance of any of the valid predicate offenses.'"[5] As detailed in Mr. Tipton's motion and below, he could no longer be convicted of his § 924(c) charges, and thus can show that it is more likely than not that

---

[4] D.172:7 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

[5] D.172:7 (citing *Granda v. United States*, 990 F.3d 1272, 1292 (11th Cir. 2021), *cert.denied*, 142 S. Ct. 1233 (2022)).

he is actually innocent of those offenses.[6]

## II.   The Government Cannot Rebut that *Davis* Invalidated Mr. Tipton's § 924(C) Convictions.

Mr. Tipton's motion details why his convictions under § 1959(a) and § 848(e) no longer constitute valid predicate crimes for his § 924(c) convictions following Davis and Borden. He will not reprint those arguments here. He instead focuses in the main on the Government's mistaken assertion that no harm has come to him from these unconstitutional convictions.

### A.  Mr. Tipton's predicate convictions under § 1959(a) and § 848(e) are not crimes of violence following *Davis* and *Borden*.

#### 1.  The § 1959(a) convictions are not crimes of violence.

As Mr. Tipton explains in his motion, his § 1959(a) convictions cannot serve as predicates for his § 924(c) offenses because his jurors were permitted by its statutory language—and instructed by the trial court—to convict him if they found that he had conspired to commit any of the multiple offenses listed in the statute, and conspiracy cannot qualify as a "crime of violence." D.159:25-27. The Government makes no attempt to rebut this argument; it does not mention conspiracy at all.

As further noted in his Motion, Mr. Tipton's § 1959(a) convictions cannot be valid predicate crimes for his § 924(c) convictions because, under the categorical approach, this Court may only consider the least culpable conduct criminalized by the statute when determining whether it qualifies a crime of violence. Here, § 1959 includes conspiracy,

---

[6]As with cause and prejudice, the Government's criticism of Mr. Tipton for supposedly "not even attempt[ing] to make" a showing of actual innocence falters in two respects. D.172:7. An assertion of procedural default is an affirmative defense that Mr. Tipton is not required to anticipate and address prophylactically.  Second, because Mr. Tipton's motion details why he could no longer be convicted of his § 924(c) charges, he has indeed made that showing.

which is not a crime of violence. *See, e.g., United States v. Simmons*, 11 F.4th 239, 260 (4th Cir. 2021) (aggravated "RICO conspiracy is not categorically a crime of violence"); *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (conspiracy to commit Hobbs Act robbery is not a crime of violence).

Even if the Court applies the modified categorical approach, as the Government suggests, and instead considers whether murder or maiming under § 1959 constitutes a crime of violence, the result is the same. None of the documents that the Court may consult pursuant to that approach—his indictment, jury instructions, and special verdict form, collectively known as *Shepard* documents[7]—references a specific charge or statute for murder or maiming to which the categorical approach could be applied, making it impossible to determine whether the jury found the intent or elements necessary to satisfy § 924(c)'s surviving force clause. D.159:25-37.  The Government attempts to elide this point in several ways.

The Government first argues that "offenses like *those here* satisfy" the force clause, D.172:17. This flouts the categorical approach, which, again, requires this Court to determine whether "the most innocent conduct" criminalized by the statute, and not the facts of the particular case, "qualifies as a 'crime of violence.'" *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (under the categorical approach, "we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized" (quoting *Johnson*, 559 U.S. at 137)).  The Government also cites authority for the proposition that "premeditated first-degree murder under 18 U.S.C. § 1111," the federal murder stature, "satisfies § 924(c)(3)(A)." D.172:15.  Again, this argument ignores that Mr. Tipton was not

---

[7] See *Shepard v. United States*, 544 U.S. 13, 26 (2005).

charged with a § 1111 offense; indeed, there is no mention of § 1111 in Mr. Tipton's indictment, jury instructions, and verdict form.  Without knowing which murder statute or offense to examine through the lens of the categorical approach, it is impossible to know whether to compare the § 1959 conviction here to § 1111 premeditated murder, which the Fourth Circuit recently found constitutes a crime of violence, *see Jackson*, (petition for rehearing en banc pending), § 1111 felony murder, which is not a crime of violence, *see id.*, or any other federal murder offense. In rebuttal, the Government can only contravene the categorical approach once more, arguing that "[t]his was not a felony-murder case." D.172:16.  What supporting authority it musters either predates *Borden* or addresses VICAR offenses based on specific state or federal statutes. D.172:17-18.

### 2. Mr. Tipton's § 848(e) convictions were prosecuted as crimes of violence, not drug-trafficking crimes.

The Government contends that the § 846 "drug conspiracy" charged in Count One of Mr. Tipton's indictment and his § 848(e) convictions—or "drug-related murder[s]"— remain valid predicate offenses because they are "drug-trafficking crimes." D.172:14-15.  In the first place, Mr. Tipton's § 846 conviction was vacated on appeal and cannot serve as a valid predicate. Secondly, the Government ignores Fourth Circuit precedent that § 848(e) offenses are not crimes of violence.

### 3. The § 848(e) crimes do not require *Borden*'s *mens rea* of specific intent.

Like Mr. Tipton's § 1959(a) convictions, his § 848(e) convictions cannot satisfy *Borden*'s *mens rea* requirement because they allow for conviction when a killing is committed without specific intent and thus are not categorically crimes of violence. *See, e.g., United States v. Alvarez*, 266 F.3d 587, 594-95 (6th Cir. 2001) (permitting § 848(e) jury instruction that included *mens rea* of recklessness creating grave risk of death). The

7

Government offers a string cite for the proposition that "[t]he Fourth Circuit has repeatedly held that an offense that requires proof of a murder satisfies § 924(c)(3)." D.172:15 (citing *Jackson*, 32 F.4th 278; *United States v. Roof*, 10 F.4th 314 (4th Cir. 2021); *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019); and *In re Irby*, 858 F.3d 231 (4th Cir. 2017)). It suggests that these cases are analogous because they feature a "murder," but it does not engage with the statutes at issue in this case. Such an analysis is necessary because not all murders qualify as a crime of violence. See, *e.g.*, *Jackson*, 32 F.4th at 285 (felony murder is not a crime of violence). Instead, the Court must look to the statute of conviction to assess the most innocent conduct it criminalizes before determining whether the conviction satisfies 924(c)(3)'s surviving force clause.

None of the cases in the Government's string cite – not *Jackson, Roof, Mathis,* or *Irby* –addresses a killing defined by § 848(e).   And none of the offenses at issue in those cases can be committed with anything less than a *mens rea* of specific intent.[8]  By contrast, killings under § 848(e) can be committed recklessly with "grave risk" of harm. D.159:37-38. As *Borden* made clear, offenses that can be committed with a *mens rea* of recklessness simply do not qualify as crimes of violence under the force clause. And, as Mr. Tipton details in his motion, a defendant can also be found guilty under 848(E)(1)(a) if he "counsels, commands, induces, procures, or causes the intentional killing"— all of which

---

[8] *Jackson* focused on whether 18 U.S.C. § 1111 is a divisible statute before finding that premeditated first-degree murder satisfies the force clause, further acknowledging that felony murder under § 1111 does not satisfy the force clause because it does not require a *mens rea* greater than recklessness.  32 F.4th at 285-87. *Roof* involved "willfully caus[ing] bodily injury" resulting in death, pursuant to 18 U.S.C. § 249(a)(1). 10 F.4th at 400-02. *Mathis* involved commission of VICAR by committing first-degree murder under Virginia law, which requires the "willful, deliberate, and premeditated" killing of another. 932 F.3d at 265. *Irby* involved second-degree retaliatory murder under 18 U.S.C. § 1513(a)(1)(B), which requires "kill[ing] or attempt[ing] to kill another person with intent to retaliate." 858 F.3d at 234. *Irby* and *Mathis* also pre-date *Borden*.

could be committed without a defendant even being present for the actual killing, which precludes their qualifying as crimes of violence.

### B. The record contains no real evidence that Mr. Tipton used a firearm in the charged offenses.

The Government relies upon the Fourth Circuit's decision in *United States v. Said* to argue that "a defendant seeking to challenge a multi-predicate § 924(c) conviction on collateral review must show more than a reasonable possibility that the jury only found him guilty based on the invalid predicates." D.172:24 (citing 26 F.4th 653, 662 (4th Cir. 2022)). The Government further asserts that "the record in this case would make any attempt to do so futile." D.172:24. Hardly. As Mr. Tipton has detailed in his Motion, no valid predicates remain, either because they are not categorically crimes of violence (as discussed supra) *or* because there is no evidence that he used a firearm in their commission.

The Government's insistence that the jury, when convicting Mr. Tipton of his § 848(e) offenses, was treating them as "drug trafficking offenses," and not as crimes of violence, finds no support in the record. When instructing Mr. Tipton's jury, the trial court stated that "[t]he term 'drug trafficking crime' means an offense that is a felony and involves the *distribution, manufacture, or importation* of any controlled substances, or the conspiracy to *distribute, import, or manufacture* controlled substances"— language that does not invoke murder. T.3223 (emphases added). Nor did the instructions state that Mr. Tipton's 848(e) offenses were "drug trafficking crimes"; they instead lumped those counts, by number only, within a laundry list of *25 charges* they described collectively as "crimes of violence *or* drug trafficking crimes." *Id.* (emphasis added). For its part, the Government used the phrase "drug trafficking" a single time in closing argument, and only while discussing the murder of Douglas Moody, which was not cited as a predicate offense for Mr.

9

Tipton's 924(c) convictions.[9]  By contrast, the Government's discussion of Mr. Tipton's 848(e) predicates focuses on their "violence" and lurid details. See, e.g., T.3008 (characterizing the 848(e) predicates for Count 20 as "[t]he *violence* continu[ing]").  The Fourth Circuit's precedent prior to *Davis* and *Borden* that "§ 848(e) clearly sets forth a *separate* substantive violent offense" undermines any suggestion that it is necessarily a drug trafficking offense.  *United States v. NJB*, 104 F.3d 630, 635 (4th Cir. 1997) (emphasis added); *see also United States v. Turner*, 198 F.3d 425, 432 (4th Cir. 1999) (§ 848(e)(1)(A) is "a substantive crime of violence").  Nor does the Fourth Circuit's description, in its opinion, of the killings as "*in relation* to [the defendants'] drug trafficking operation" support the jury viewing these offenses as themselves "drug trafficking"; on the contrary, the use of "relation" recognizes that these offenses were, if connected, nonetheless separate. *United States v. Tipton*, 90 F.3d 861, 868 (4th Cir. 1996). The Fourth Circuit also found that murders were committed "because [the victims] had *personally* offended one of the partners", which would not, in fact, connect directly to the drug trafficking. *Tipton*, 90 F.3d at 868.

In sum, *Said* "d[id] not hold that a challenge such as Said's will *never* succeed," *id.* at 664 (emphasis added). In *Said*, the petitioner "pointed to nothing to eliminate the commonsense prospect that the jury relied on one or more of the valid predicates." *Id.* Here, by contrast, Mr. Tipton has pointed to many things.

The Government next asserts that "[n]o reasonable jury could have concluded that

---

[9]"Also charged, beginning with the Doug Moody murder which we will talk about next, is use of a firearm during a drug trafficking crime or a crime of violence. It couldn't be any more simply stated than that. If you find them guilty of murdering the people as the evidence and as the government has argued, through the use of a firearm, they are guilty of that." T.2994.

Tipton used a firearm in furtherance of the assumedly invalid predicate offenses, but not the valid drug-trafficking murder predicates charged in Counts 17, 18, 19, 24, and 25." D.172:26. But the evidence in the record does not demonstrate that Mr. Tipton himself used a firearm in the commission of *any* of the 848(e) offenses offered as predicates for his 924(c) convictions.

For the Section 924(c) offense charged in Count 20, the 848(e) predicates were that Mr. Tipton and defendants Cory Johnson and Jerry Gaiters "knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of" Bobby Long, Anthony Carter, and Dorothy Mae Armstrong in furtherance of a continuing criminal enterprise. Counts 17-19, Indictment at 13-15.  As the Fourth Circuit summarized on appeal, however, the evidence at trial showed that Mr. Tipton "waited in the car" while Mr. Johnson, accompanied by Mr. Gaiters went to the front door" of Mr. Long's house and, when Mr. Long opened the door, "opened fire, killing both Dorothy Armstrong and one Anthony Carter. Bobby Long fled out the front door, but was fatally shot by Cory Johnson in the front yard." *United States v. Tipton*, 90 F.3d 861, 869 (4th Cir. 1996).  The Government emphasized in closing argument that "[t]here was one shooter in that house, according to ballistics. The Glock was used to kill all three of those people. Cory Johnson had the Glock that night." T.3010.

For the Section 924(c) offense charged in Count 26, the 848(e) predicates were that Mr. Tipton and defendants Mr. Johnson and Lance Thomas "knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of" Curtis Thorne and Linwood Chiles. Counts 24-25, Indictment at 17-18. As the Fourth Circuit summarized on appeal, however, the offenses stemmed from Mr. Johnson shooting both men inside the station wagon in which they and he had been riding

together, while Mr. Tipton, who had arrived in another vehicle, was "alongside the station wagon....standing by." *Tipton*, 90 F.3d at 869. While the Government suggested that Mr. Tipton had also participated in the shooting, it acknowledged that Mr. Johnson's Glock was "the same Glock that ballistics have shown you unequivocally, unimpeachably, without a doubt, to be the gun that was used to kill Curt and Linwood[.]" T.3015.

The Government seems to recognize the lack of evidence, stating that both Counts 20 and 26 charged Mr. Tipton "with using, *or aiding and abetting the use*, of a firearm"—language that does not appear in the superseding indictment. D.172:3. And to the extent that Mr. Tipton's convictions under 848(a) could serve as predicates for his § 924(c) offenses, there is a similar paucity of evidence that he used firearms in the commission of the drug trafficking.

The Second and Fifth Circuits have vacated § 924(c) convictions that rested upon both valid and invalid predicates, holding that where there is a genuine question as to whether a firearm was used in the "valid" predicate in question, relief must issue. *See, e.g., United States v. Laurent*, ___F.4th___, 2022 WL 1217395, at *15 (2d Cir. 2022) (vacating § 924(c) conviction because "[w]e cannot be [] confident that a properly instructed jury would have convicted" the defendant where jury "may have based" its § 924(c) conviction on an invalid predicate); *United States v. Heyward*, 3 F.4th 75, 84 (2d Cir. 2021) (vacating § 924(c) convictions where valid and invalid predicates were not "inextricably intertwined"); *United States v. Capers*, 20 F.4th 105, 125 (2d Cir. 2021) (vacating § 924(c) conviction where invalid RICO conspiracy and valid narcotics conspiracy predicates were not "intertwined"); *United States v. McClaren*, 13 F.4th 386, 413-14 (5th Cir. 2021) (vacating § 924 convictions where invalid RICO conspiracy predicate "involved acts of violence going beyond the [valid] drug conspiracy"); *United States v. Jones*, 935 F.3d 266

12

(5th Cir. 2019) (vacating § 924(c) convictions where "the [invalid] RICO conspiracy offense encompassed conduct beyond the [valid] controlled-substance conspiracy"). That reasoning applies with equal force here.

## III.   CONCLUSION

For all the reasons set forth in his amended motion and above, Mr. Tipton respectfully asks this Court to vacate his convictions and sentences on Counts 20 and 26, the invalid charges under 18 U.S.C. § 924(c), and order a new sentencing proceeding.

Respectfully submitted on this, the 17th day of June, 2022.

<table>
<tr><td>

*/s/Frederick R. Gerson*
Frederick R. Gerson
VSB #39968
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, VA 23219
Tel:  (804) 775-6900
Fax:  (804) 775-6900
fgerson@dagglaw.com

</td><td>

*Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Jeff_Ertel@fd.org

</td></tr>
<tr><td>

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

</td><td>

Gerald W. King, Jr.
Chief, Fourth Circuit Capital Habeas
Unit
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Direct: (704) 688-6946
Gerald_King@fd.org

*Admitted *pro hac vice.*

</td></tr>
</table>

**Counsel for Richard Tipton, III**

13

## CERTIFICATE OF SERVICE

I certify that on this, the 17th day of June, 2022, the foregoing document was served on all parties or their counsel of record though the CM/ECF system and will be served electronically on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

This, the 17th day of June, 2022.

*/s/Frederick R. Gerson*
Frederick R. Gerson
VSB #39968
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, VA 23219
Tel:  (804) 775-6900
Fax:  (804) 775-6911
fgerson@dagglaw.com

14